# EXHIBIT A

eFiled Office
Tammie Mosley
Clerk of Superior Court
Chatham County
Date: 2/2/2022 10:22 AM
Reviewer: LS

## General Civil and Domestic Relations Case Filing Information Form

☒ **Superior** or ☐ **State Court of** Chatham _____ **County**

| For Clerk Use Only | |
|---|---|
| Date Filed ____2/2/2022____ <br> **MM-DD-YYYY** | Case Number **SPCV22-00098-KA** |

**Plaintiff(s)**
Jessica Hodges, as natural guardian of minor children,

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Landon Michael Creely and Dawson Lee Creely and | | | | |

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Estate of Lee Michael Creely by and through Warren Ratchford, Esq. | | | | |

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| its Administrator | | | | |

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**
Chatham County, Georgia

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| CorrectHealth LLC | | | | |

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| CorrectHealth Chatham, LLC | | | | |

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Musso | Carlo | MD | | |

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** William R. Claiborne    **Bar Number** 126363    **Self-Represented** ☐

### Check One Case Type in One Box

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☒ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____    _____
**Case Number**           **Case Number**

☐ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.
_____
_____

Version 1.1.18

e-Filed in Office
Tammie Mosley
Clerk of Superior Court
Chatham County
Date: 2/2/2022 10:22 AM
Reviewer: LS

## General Civil and Domestic Relations Case Filing Information Form

☒ Superior or ☐ State Court of __Chatham_____ County

| For Clerk Use Only | | |
|---|---|---|
| **Date Filed** ___2/2/2022_____ **MM-DD-YYYY** | **Case Number** | SPCV22-00098-KA |

**Plaintiff(s)**
Jessica Hodges, as natural guardian of minor children,

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Landon Michael Creely and Dawson Lee Creely and | | | | |

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Estate of Lee Michael Creely by and through Warren Ratchford, Esq. | | | | |

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| its Administrator | | | | |

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| | | | | |

**Defendant(s)**
Forchette    Karen

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Nevels | Alfred | | | |

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Cardona | Selena | | | |

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Frances-Henderson | Teanna | | | |

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| | | | | |

**Plaintiff's Attorney** __William R. Claiborne_____    **Bar Number** __126363_____    **Self-Represented** ☐

### Check One Case Type in One Box

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☒ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____    _____
**Case Number**               **Case Number**

☐ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.
_____
_____

Version 1.1.18

e-Filed in Office
Tammie Mosley
Clerk of Superior Court
Chatham County
Date: 2/2/2022 10:22 AM
Reviewer: LS

## General Civil and Domestic Relations Case Filing Information Form

☒ Superior or ☐ State Court of Chatham _____ County

| For Clerk Use Only | |
|---|---|
| **Date Filed** 2/2/2022 <br> MM-DD-YYYY | **Case Number** SPCV22-00098-KA |

### Plaintiff(s)
Jessica Hodges, as natural guardian of minor children,

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Landon Michael Creely and Dawson Lee Creely and | | | | |

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Estate of Lee Michael Creely by and through Warren Ratchford, Esq. | | | | |

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| its Administrator | | | | |

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| | | | | |

### Defendant(s)
Jackson    Terence

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| White | Don | | | |

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Manning | Karlos | | | |

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Bethel-Quinney | Yvette | | | |

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| | | | | |

**Plaintiff's Attorney** William R. Claiborne    **Bar Number** 126363    **Self-Represented** ☐

### Check One Case Type in One Box

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☒ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____    _____
**Case Number**       **Case Number**

☐ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.
_____
_____

Version 1.1.18

eFiled in Office
Tammie Mosley
Clerk of Superior Court
Chatham County
Date: 2/2/2022 10:22 AM
Reviewer: LS

## General Civil and Domestic Relations Case Filing Information Form

☒ **Superior** or ☐ **State Court of** Chatham _____ **County**

| For Clerk Use Only | |
|---|---|
| Date Filed ___2/2/2022___<br>**MM-DD-YYYY** | Case Number ___SPCV22-00098-KA___ |

**Plaintiff(s)**

Jessica Hodges, as natural guardian of minor children,

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Landon Michael Creely and Dawson Lee Creely and | | | | |
| Estate of Lee Michael Creely by and through Warren Ratchford, Esq. | | | | |
| its Administrator | | | | |

**Defendant(s)**

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Florence | Lowretta | | | |
| Anderson | Amber | | | |
| Harned | Jackie | | | |
| Rivera | Susan | | | |

**Plaintiff's Attorney** William R. Claiborne   **Bar Number** 126363   **Self-Represented** ☐

### Check One Case Type in One Box

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☒ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____   _____
**Case Number**            **Case Number**

☐ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____

_____

Version 1.1.18

e-Filed in Office
Tammie Mosley
Clerk of Superior Court
Chatham County
Date: 2/2/2022 10:22 AM
Reviewer: LS

**General Civil and Domestic Relations Case Filing Information Form**

☒ Superior or ☐ State Court of <u>Chatham</u>                    County

| For Clerk Use Only | | |
|---|---|---|
| Date Filed ___2/2/2022___ | Case Number | SPCV22-00098-KA |
| **MM-DD-YYYY** | | |

**Plaintiff(s)**
Jessica Hodges, as natural guardian of minor children,

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Landon Michael Creely and Dawson Lee Creely and | | | | |

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Estate of Lee Michael Creely by and through Warren Ratchford, Esq. | | | | |

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| its Administrator | | | | |

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| | | | | |

**Defendant(s)**
Roberts          Loukisha

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| | | | | |

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| | | | | |

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| | | | | |

**Plaintiff's Attorney** <u>William R. Claiborne</u>          **Bar Number** <u>126363</u>          **Self-Represented** ☐

**Check One Case Type in One Box**

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☒ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____                    _____
**Case Number**                                         **Case Number**

☐ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
                                                                                                      **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.
_____
_____

e-Filed in Office
Tammie Mosley
Clerk of Superior Court
Chatham County
Date: 2/2/2022 10:22 AM
Reviewer: LS

IN THE SUPERIOR COURT OF CHATHAM COUNTY
STATE OF GEORGIA

| | |
|---|---|
| JESSICA HODGES, as natural guardian of minor children, LANDON MICHAEL CREELY AND DAWSON LEE CREELY; and ESTATE OF LEE MICHAEL CREELY by and through Warren Ratchford, Esq. its Administrator, | ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| CHATHAM COUNTY, GEORGIA; CORRECTHEALTH LLC; CORRECTHEALTH CHATHAM, LLC; CARLO MUSSO, MD; KAREN FORCHETTE; ALFRED NEVELS; SELENA CARDONA; TEANNA FRANCES-HENDERSON; TERENCE JACKSON; DON WHITE; KARLOS MANNING; YVETTE BETHEL-QUINNEY; LOWRETTA FLORENCE; AMBER ANDERSON; JACKIE HARNED; SUSAN RIVERA; and LOUKISHA ROBERTS, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

Case Number: SPCV22-00098-KA

JURY TRIAL DEMANDED

---

**CERTIFICATION UNDER RULE 3.2**

---

Pursuant to Rules 3.2 and 3.4 of the Uniform Superior Court Rules and Local Rules of the

Eastern Judicial Circuit of Georgia, I hereby certify that there has not heretofore been filed in the

Superior Court of the Eastern Judicial Circuit of Georgia involving substantially the same parties

or substantially the same subject matter or substantially the same factual issues, which would

require the pleading to be specifically assigned to the judge whom the original action was or is

assigned.

Respectfully submitted, this 2nd day of February, 2022.

THE CLAIBORNE FIRM, P.C.

WILLIAM R. CLAIBORNE
Georgia Bar Number: 126363
DAVID J. UTTER
Georgia Bar Number: 723144
SCOTT C. ROBICHAUX
Georgia Bar Number: 806198

410 East Bay Street
Savannah, Georgia 31401
(912) 236-9559 Telephone
(912) 236-1884 Facsimile
will@claibornefirm.com
david@claibornefirm.com
scott@claibornefirm.com                              **ATTORNEYS FOR PLAINTIFFS**

e-Filed in Office
Tammie Mosley
Clerk of Superior Court
Chatham County
Date: 2/2/2022 10:22 AM
Reviewer: LS

IN THE SUPERIOR COURT OF CHATHAM COUNTY
STATE OF GEORGIA

JESSICA HODGES, as natural guardian of )
minor children, LANDON MICHAEL )
CREELY AND DAWSON LEE CREELY; )
and ESTATE OF LEE MICHAEL )
CREELY by and through )
Warren Ratchford, Esq. its Administrator, )
                           )
     Plaintiffs, )
                           )                   SPCV22-00098-KA
vs. )   Case Number:_____
                           )
CHATHAM COUNTY, GEORGIA; )   JURY TRIAL DEMANDED
CORRECTHEALTH LLC; )
CORRECTHEALTH CHATHAM, LLC; )
CARLO MUSSO, MD; )
KAREN FORCHETTE; )
ALFRED NEVELS; )
SELENA CARDONA; )
TEANNA FRANCES-HENDERSON; )
TERENCE JACKSON; )
DON WHITE; )
KARLOS MANNING; )
YVETTE BETHEL-QUINNEY; )
LOWRETTA FLORENCE; )
AMBER ANDERSON; )
JACKIE HARNED; )
SUSAN RIVERA; )
and LOUKISHA ROBERTS, )
                           )
     Defendants. )

---

## COMPLAINT

---

Jessica Hodges, on behalf of her and Lee Michael Creely's (hereinafter, "Mr. Creely") children, and Warren Ratchford, Esq., Administrator of Mr. Creely's estate (hereinafter, "Plaintiffs") file this Complaint based on the Defendants failure to protect Mr. Creely from harm and for deliberate indifference to his serious medical needs. Mr. Creely died as a result of both

explicit and *de facto* policies and practices by the Defendants with responsibility for the health care and security provided to people detained in the Chatham County Detention Center (hereinafter, "Jail").  The Jail and its health care system are managed and operated in an unconstitutionally dangerous manner, with the health care system prioritizing profit over the health and safety of detainees.  The Defendants are deliberately indifferent to the serious medical and mental health needs of people detained in the Jail, including individually towards Mr. Creely, which resulted in Mr. Creely's unnecessary suffering and ultimately his death.  The Defendants' explicit and *de facto* policies and practices and deliberate indifference violated Mr. Creely's right to be free from punishment without due process of law under the Fourteenth Amendment to the U.S. Constitution and right to be free from cruel and unusual punishment under the Eighth Amendment to the U.S. Constitution.

## I.   PARTIES

### 1.

**JESSICA HODGES** is a person of full age of majority and a resident of Georgia.  She is the mother of Landon and Dawson Creely who were Mr. Creely's children.  Both Landon and Dawson Creely are minors and Ms. Hodges brings this case on their behalf as their mother and natural guardian.

### 2.

**WARREN RATCHFORD, ESQ.** has been appointed the Administrator of the Mr. Creely's estate by the Probate Court of Effingham County, Georgia.

3.

**CHATHAM COUNTY, GEORGIA** (hereinafter, "County") is a political entity capable of suing and being sued.  The County is the entity responsible for funding operations and staffing, including for health care, at the Jail.

4.

**CORRECTHEALTH LLC,** is a private, for-profit company based in Atlanta, Georgia, and is owned and controlled by companies founded and owned by Carlo Musso, M.D. CorrectHealth LLC controls CorrectHealth Chatham, LLC.  At all pertinent times, CorrectHealth LLC and its staff were acting under color of law.

5.

**CORRECTHEALTH CHATHAM LLC,** is a private, for-profit company based in Atlanta, Georgia, (hereinafter, "CorrectHealth") and, as of August 1, 2016, is the entity with which Chatham County Georgia contracted to provide medical and mental health services to people detained in the Jail.  Since August 1, 2016, CorrectHealth Chatham has been responsible for the provision of all staffing, training, policies and procedures for medical and mental health personnel and all health care provided to people detained in the Jail, including Mr. Creely.  At all pertinent times, CorrectHealth Chatham and its staff were acting under color of law.

6.

**CARLO MUSSO, M.D.** (hereinafter, "Musso") is a person of the full age of majority and a resident of Georgia, and is the sole owner and beneficiary of CorrectHealth LLC and CorrectHealth Chatham.  At all times described herein, Musso was responsible for supervision, administration, policies, practices, customs, operations, training of staff, and provision of health care at the Jail.  Musso was and is a final policy maker who at times delegated policy making

authority to other Defendants named in this lawsuit.  At all pertinent times, Musso was acting
under color of law.  He is liable both directly for the unconstitutional actions and vicariously for
the state law actions complained of herein.

7.

**KAREN FORCHETTE** (hereinafter, "Forchette"), is a person of the full age of majority
and a resident of Georgia, and is sued in her personal capacity and in her official capacity as
CorrectHealth Chatham's Health Services Administrator (hereinafter, "HSA") at the Jail.  As HSA,
Forchette was responsible for or delegated responsibility for the supervision, administration,
policies, practices, customs, operations, training of staff, and operation of the infirmary and
provision of health care at the Jail in execution of the contract for services made with Chatham
County.  Forchette was and is a final policy maker who at times delegated policy making authority
to other Defendants named in this lawsuit.  Forchette is liable both directly for the unconstitutional
actions and vicariously for the state law actions complained of herein.  At all pertinent times,
Forchette was acting under color of law.

8.

**ALFRED NEVELS** (hereinafter, "Nevels"), is a person of the full age of majority and a
resident of Georgia, and is sued in his individual capacity as a supervising sheriff's deputy at the
Jail.  At all pertinent times, Nevels was employed by the Chatham County Sheriff's Office and
assigned as a supervisor to posts at the Jail in locations where Mr. Creely was housed.  He was
responsible for ensuring appropriate care, custody, and control occurred, including respecting the
rights of people detained in the Jail, including those of Mr. Creely, and for ensuring the living unit
to which Mr. Creely was assigned was properly monitored by the Jail's deputies.  In addition, he
was responsible for supervising deputies on their shifts to ensure that deputies under his

supervision carried out all duties in accordance with their obligations to respect the rights of people

detained in the Jail, including those of Mr. Creely. Nevels was acting at times and in particular

duties as a final policy maker, having been delegated the authority to do so by Sheriff John

Wilcher. Nevels is liable both directly for the unconstitutional actions and vicariously for the state

law actions complained of herein. When he was not acting as a final policy maker, Nevels acted

under the direction of Wilcher.    At all pertinent times, Nevels was acting under color of law.

9.

**SELENA CARDONA** (hereinafter, "Cardona"), is a person of the full age of majority and

a resident of Georgia, and is sued in her individual capacity as a sheriff's deputy at the Jail. At all

pertinent times, Cardona was employed by the Chatham County Sheriff's Office and assigned to

posts at the Jail in locations where Mr. Creely was housed. She was responsible for ensuring

appropriate care, custody, and control occurred, including respecting the rights of people detained

in the Jail, including those of Mr. Creely, and for ensuring the living unit to which Mr. Creely was

assigned was properly monitored. Cardona is liable both directly for the unconstitutional actions

and vicariously for the state law actions complained of herein. At all pertinent times, Cardona was

acting under color of law.

10.

**TEANNA FRANCES-HENDERSON** (hereinafter, "Frances-Henderson"), is a person of

the full age of majority and a resident of Georgia, and is sued in her individual capacity as a

sheriff's deputy at the Jail. At all pertinent times, Frances-Henderson was employed by the

Chatham County Sheriff's Office and assigned to posts at the Jail in locations where Mr. Creely

was housed. She was responsible for ensuring appropriate care, custody, and control occurred,

including respecting the rights of people detained in the Jail, including those of Mr. Creely, and

for ensuring the living unit to which Mr. Creely was assigned was properly monitored. Frances-Henderson is liable both directly for the unconstitutional actions and vicariously for the state law actions complained of herein. At all pertinent times, Frances-Henderson was acting under color of law.

11.

**TERENCE JACKSON** (hereinafter, "Jackson"), is a person of the full age of majority and a resident of Georgia, and is sued in his individual capacity as a sheriff's deputy at the Jail. At all pertinent times, Jackson was employed by the Chatham County Sheriff's Office and assigned to posts at the Jail in locations where Mr. Creely was housed. He was responsible for ensuring appropriate care, custody, and control occurred, including respecting the rights of people detained in the Jail, including those of Mr. Creely, and for ensuring the living unit to which Mr. Creely was assigned was properly monitored. Jackson is liable both directly for the unconstitutional actions and vicariously for the state law actions complained of herein. At all pertinent times, Jackson was acting under color of law.

12.

**DON WHITE** (hereinafter, "White"), is a person of the full age of majority and a resident of Georgia, and is sued in his individual capacity as a sheriff's deputy at the Jail. At all pertinent times, White was employed by the Chatham County Sheriff's Office and assigned to posts at the Jail in locations where Mr. Creely was housed. He was responsible for ensuring appropriate care, custody, and control occurred, including respecting the rights of people detained in the Jail, including those of Mr. Creely, and for ensuring the living unit to which Mr. Creely was assigned was properly monitored. White is liable both directly for the unconstitutional actions and

vicariously for the state law actions complained of herein.  At all pertinent times, White was acting under color of law.

13.

**KARLOS MANNING** (hereinafter, "Manning"), is a person of the full age of majority and a resident of Georgia, and is sued in his individual capacity as a sheriff's deputy at the Jail. At all pertinent times, Manning was employed by the Chatham County Sheriff's Office and assigned to posts at the Jail in locations where Mr. Creely was housed.  He was responsible for ensuring appropriate care, custody, and control occurred, including respecting the rights of people detained in the Jail, including those of Mr. Creely, and for ensuring the living unit to which Mr. Creely was assigned was properly monitored.  Manning is liable both directly for the unconstitutional actions and vicariously for the state law actions complained of herein.  At all pertinent times, Manning was acting under color of law.

14.

**YVETTE BETHEL-QUINNEY** (hereinafter, "Bethel-Quinney"), is a person of the full age of majority and a resident of Georgia, and is sued in her individual capacity as a sheriff's deputy at the Jail.  At all pertinent times, Bethel-Quinney was employed by the Chatham County Sheriff's Office and assigned to posts at the Jail in locations where Mr. Creely was housed.  She was responsible for ensuring appropriate care, custody, and control occurred, including respecting the rights of people detained in the Jail, including those of Mr. Creely, and for ensuring the living unit to which Mr. Creely was assigned was properly monitored.  Bethel-Quinney is liable both directly for the unconstitutional actions and vicariously for the state law actions complained of herein.  At all pertinent times, Bethel-Quinney was acting under color of law.

15.

**LOWRETTA FLORENCE** (hereinafter, "Florence"), is a person of the full age of majority and a resident of Georgia, and is sued in her individual capacity as a nurse at the Jail. At all pertinent times, Florence was employed by CorrectHealth and assigned to provide health care at the Jail in locations where Mr. Creely was housed. She was responsible for ensuring appropriate medical care to individuals detained in the Jail, including to Mr. Creely. At all pertinent times, Florence was acting under color of law.

16.

**AMBER ANDERSON** (hereinafter, "Anderson"), is a person of the full age of majority and a resident of Georgia, and is sued in her individual capacity as a nurse at the Jail. At all pertinent times, Anderson was employed by CorrectHealth and assigned to provide health care at the Jail in locations where Mr. Creely was booked and housed. She was responsible for ensuring appropriate medical care to individuals detained in the Jail, including to Mr. Creely. At all pertinent times, Anderson was acting under color of law.

17.

**JACKIE HARNED** (hereinafter, "Harned"), is a person of the full age of majority and a resident of Georgia, and is sued in her individual capacity as a nurse at the Jail. At all pertinent times, Harned was employed by CorrectHealth and assigned as a nurse to provide health care at the Jail in locations where Mr. Creely was housed. She was responsible for ensuring appropriate medical care to individuals detained in the Jail, including to Mr. Creely. At all pertinent times, Harned was acting under color of law.

18.

**SUSAN RIVERA** (hereinafter, "Rivera"), is a person of the full age of majority and a resident of Georgia, and is sued in her individual capacity as a nurse at the Jail. At all pertinent times, Rivera was employed by CorrectHealth and assigned as a nurse to provide health care at the Jail in locations where Mr. Creely was housed. She was responsible for ensuring appropriate medical care to individuals detained in the Jail, including to Mr. Creely. At all pertinent times, Rivera was acting under color of law.

19.

**LOUKISHA ROBERTS** (hereinafter, "Roberts"), is a person of the full age of majority and a resident of Georgia, and is sued in her individual capacity as a nurse at the Jail. At all pertinent times, Roberts was employed by CorrectHealth and assigned as a nurse to provide health care at the Jail in locations where Mr. Creely was housed. She was responsible for ensuring appropriate medical care to individuals detained in the Jail, including to Mr. Creely. At all pertinent times, Roberts was acting under color of law.

## II.     JURISDICTION AND VENUE

20.

Defendant Chatham Country, Georgia is granted home rule authority by the Georgia Constitution and subject to the jurisdiction of this Court. The remaining Defendants are residents of Chatham County, Georgia, or were doing business in Chatham County, Georgia and subject to the jurisdiction of this Court. Further, venue is proper in this court for an action against these Defendants.

### III.    FACTUAL ALLEGATIONS

21.

Mr. Creely was a thirty-four (34) year old man with two children when he was arrested for violating his probation.  The alleged violation was technical—failing to report his change of address—and the underlying conviction was for drugs and other non-violent crimes.

22.

On September 3, 2020, at approximately 12:54 a.m., Mr. Creely entered the Jail and was booked.

23.

Upon being booked into the Jail, Anderson, a registered nurse, performed the initial health screening on Mr. Creely.

24.

Anderson recorded that Mr. Creely had consumed one milligram of Xanax orally, twice a day for four years, for over twenty of the past thirty days, and date of last use was September 2, 2020.

25.

Anderson recorded that Mr. Creely had used half a gram of heroin once a day for a year, had done so for over twenty of the past thirty days, by IV injection, and the date of last use was September 2, 2020.

26.

In the September 3, 2020 initial health screening on Mr. Creely, Anderson made a routine referral to mental health for "detox protocols."

27.

Anderson completed forms to order the "detox protocols," including prescriptions for medications for Mr. Creely's withdrawal from Xanax and heroin, and the medications were prescribed by Phyllis Sackariasen, PA.  The medicine was prescribed to begin on September 3 and continue until at least September 6, 2020.

28.

On September 3, 2020, at 5:15 pm, Mr. Creely was moved into the Jail's unit 2-B, and placed in cell number three.

29.

Rather than receive his medicine twice daily for at least four days, CorrectHealth staff provided Mr. Creely's medicine as prescribed on one day only – September 4, 2020.

30.

Mr. Creely was seen twice on September 4, 2020, to administer his withdrawal medicine. CorrectHealth staff would only see Mr. Creely one other time before he was discovered dead on the floor of his cell.  On the morning of September 5, 2020, CorrectHealth's Florence checked Mr. Creely's purified protein derivative ("PPD") skin test for tuberculosis.  The results were negative for tuberculosis.

31.

Between September 3, 2020, and September 6, 2020, security and medical staff ignored Mr. Creely as he became sicker and sicker due to drug withdrawal. Security rounds were not performed and medication was not administered. Video surveillance and jail records show that security staff delivered meals to Mr. Creely's cell after he was deceased. Further, other inmates

shouted to security staff that Mr. Creely was dead when they finally open his cell door the morning of September 6, 2020.

32.

On September 6, 2020, at approximately 10:25 pm, CorrectHealth nurse Rivera arrived at Mr. Creely's cell, where he had been found by guards unresponsive on the floor minutes earlier.

33.

At 10:47 p.m. on September 6, 2020, Emergency Medical Services arrived to the cellblock that housed Mr. Creely and determined that Mr. Creely had been dead for so long that rigor mortis had set in.

34.

According to CorrectHealth's HSA Forchette, nurses are to check on the wellbeing of individuals on the detox protocol when the nurses do their pill calls on each living unit in the Jail. If individuals are vomiting or having medical issues, the individual on detox protocol is to be placed in the medical unit to be watched closer by CorrectHealth staff.

35.

Documents from the Jail indicate that, other than during the pill call wherein Mr. Creely was provided medication and checking on the results of his PPD test, no CorrectHealth nurse — including nurses Florence, Anderson, Harned, Rivera, and Roberts — ever checked on the wellbeing of Mr. Creely as part of the detox protocol.

36.

Jail deputies are required to conduct security checks every thirty minutes during each twelve hour shift.

37.

Of the twenty-four security checks required for her September 3, 2020 shift in Mr. Creely's living unit, Cardona did none.

38.

Of the twenty-four security checks required for her September 3-4, 2020 shift in Mr. Creely's living unit, Frances-Henderson did three.

39.

Of the twenty-four security checks required for his September 4-5, 2020 shift in Mr. Creely's living unit, Jackson did none. Jackson, however, falsely logged that he did ten security checks into the Jail's logbook.

40.

On August 1, 2016, CorrectHealth assumed responsibility for health care to people detained in the Jail.

41.

According to CorrectHealth's contract, in return for over $6.9 million in Chatham County tax dollars paid from August 1, 2016 to July 31, 2017, CorrectHealth promised to provide "high quality, cost-effective, comprehensive, healthcare inside the walls of" the Jail. A part of CorrectHealth's promise included screening whether a person entering the Jail is "under the influence of alcohol or drugs" and providing alcohol and drug "medical detoxification program for drug and/or alcohol addicted" people detained in the jail.

42.

According to CorrectHealth's contract, in return for over $7.1 million in Chatham County tax dollars paid from August 1, 2017 to July 31, 2018, CorrectHealth promised to provide "high

quality, cost-effective, comprehensive, healthcare inside the walls of" the Jail.   A part of CorrectHealth's promise included screening whether a person entering the Jail is "under the influence of alcohol or drugs" and providing alcohol and drug "medical detoxification program for drug and/or alcohol addicted" people detained in the jail.

43.

On July 1, 2018, Chatham County, the Chatham County Sheriff's Office, and CorrectHealth executed a new contract.   In return for over $7.2 million in Chatham County tax dollars paid from July 1, 2018 to June 30, 2019, CorrectHealth promised to provide the "detailed scope of services . . . outlined in RFP # 17-0109-1."   RFP # 17-0109-1 requires CorrectHealth to screen people booked into the Jail for "use of alcohol and other drugs (including last use), any history of associated withdrawal symptoms or detoxification needs."   CorrectHealth's promise included paying "[p]articular attention . . . to address current detoxification and withdrawal needs" of people being booked into the Jail.   In addition, CorrectHealth promised that, once a person is placed on a drug withdrawal protocol, they "shall be monitored closely to include the checking of vital signs at least once per shift until" the person is cleared from protocol.

44.

The July 1, 2018 contract provided for four (4) additional one-year renewal options, with an additional two (2) one-year renewal options.   In return for over $7.4 million in Chatham County tax dollars in payments from July 1, 2019 to June 30, 2020, CorrectHealth promised to provide the "detailed scope of services  . . . outlined in RFP # 17-0109-1."   RFP # 17-0109-1 requires CorrectHealth to screen people booked into the Jail for "use of alcohol and other drugs (including last use), any history of associated withdrawal symptoms or detoxification needs."   CorrectHealth's promise included paying "[p]articular attention  . . . to address current

detoxification and withdrawal needs" of people being booked into the Jail.   In addition, CorrectHealth promised that, once a person is placed on a drug withdrawal protocol, they "shall be monitored closely to include the checking of vital signs at least once per shift until" the person is cleared from protocol.

45.

In return for over $7.6 million in Chatham County tax dollars in payments from July 1, 2020 to June 30, 2021, CorrectHealth promised to provide the "detailed scope of services  . . . outlined in RFP # 17-0109-1."  RFP # 17-0109-1 requires CorrectHealth to screen people booked into the Jail for "use of alcohol and other drugs (including last use), any history of associated withdrawal symptoms or detoxification needs."   CorrectHealth's promise included paying "[p]articular attention . . . to address current detoxification and withdrawal needs" of people being booked into the Jail.  In addition, CorrectHealth promised that, once a person is placed on a drug withdrawal protocol, they "shall be monitored closely to include the checking of vital signs at least once per shift until" the person is cleared from protocol.

46.

As part of CorrectHealth's initial contract, the company agreed to cooperate with "contract compliance assessors and program performance assessments by outside qualified professionals."

47.

As part of CorrectHealth's agreement to cooperate with outside contract compliance assessors, CorrectHealth was to "release all requested information, documents, data, etc. as requested for this work."

48.

In 2016, the Chatham County Commission ("County") hired Community Oriented Correctional Health Services ("COCHS") to review the provision of health care and CorrectHealth's performance at the Jail.

49.

In all, COCHS performed twelve assessments of the Jail's healthcare system and issued eleven reports.   Among other findings, COCHS "described staff shortages, unclear health guidelines and failures to give" people in the Jail prescribed medications.  COCHS warned that the failings could trigger "loss of life."

50.

On August 28-30, 2016, COCHS interviewed CorrectHealth leadership, visited the Jail's intake area and infirmary, observed medication distribution ("med pass") and insulin med pass. They reported to CorrectHealth, Wilcher, and the County that CorrectHealth had inadequate staffing, and clear patient safety and nurse licensure issues with med pass such that it "may not meet constitutional standards."   COCHS noted that one of the units "was not meeting a constitutional standard of care and that the obvious needs of individuals that are not being met could be construed as being deliberately indifferent to the serious medical needs of individuals that are incarcerated."  COCHS concluded "that there are still many improvements that need to be made in order to reach a constitutionally adequate standard of care."

51.

On November 13-15, 2016, COCHS staff members conducted a site visit at the Jail, observed intake procedures, toured the infirmary, observed a medical code call, reviewed data, observed a med pass, and met with staff to discuss issues at the Jail, including CorrectHealth and

County employees.  They reported to CorrectHealth, Wilcher, and the County that CorrectHealth had inadequate staffing that "did not support quality, timely, and responsible care."  In addition, COCHS determined that, because of "incidents of County and CorrectHealth staff falsifying documents," there is a risk that "some of the information we receive might not be trustworthy." COCHS concluded that the "complete picture . . . represents a situation of serious increasing risk to the County in terms of potential inappropriate and or [sic] untimely care and potential loss of life."

52.

On December 4-6, 2016 COCHS staff members conducted a site visit at the Jail, observed intake procedures, toured the infirmary, observed a medical code call, reviewed data, observed a med pass, and met with staff to discuss issues at the Jail, including CorrectHealth and County employees.  They reported to CorrectHealth and County staff that "[s]taffing remains a primary challenge—delaying efforts to formalize policies and procedures and increasing risk to inmates and employees."  At the meeting, COCHS staff questioned Musso on CorrectHealth's providing only "0.5 FTE prescriber" for mental health medications for over 250 people at the Jail.  Rather than provide sufficient staff, Musso was "confident the number of people with serious mental health issues was overstated and he felt the true need was approximately 25-30."  In addition, COCHS staff documented that "issues continue to exist with" med pass, including "delays and abnormalities with the timing" of med pass "due to the shortage of nurses."

53.

On December 26-29, 2016 COCHS staff members conducted a site visit at the Jail, observed staffing and procedures at intake and discharge, segregation and the infirmary, and met CorrectHealth and County employees.  COCHS found:

- "CorrectHealth still does not appear to be adequately staffed."

- "Only about seventy percent of med passes on unit four appear to have been provided in a timely fashion."

- "Neither CorrectHealth staff nor correctional staff have been trained in CorrectHealth policies and procedures.  CorrectHealth staff are generally not familiar with them at all."

- "The policies and procedures provided by [CorrectHealth] still lack significant documentation, logs, and other similar material."

- "Substantial gaps in mental health staffing, responsiveness to the mental health needs of individuals, and organized policies and procedures for providing mental health staff all appear to continue to be lacking."

- Determining "whether individuals have received histories and physicals, been assessed for mental health needs, and whether sick call needs and grievances are being addressed in a timely manner" was not possible because of a lack of documentation.

- "Obtaining personnel records . . . and determining staff shortages was not possible."

54.

During the December 26-29, 2016 COCHS site visit, COCHS staff members were informed about a "female inmate repeatedly smearing feces throughout her cell."  In addition, "there was another female on this same [unit] that had received a telephone call earlier in the morning with news that her mother had passed."  Referrals for a licensed professional counsel submitted to CorrectHealth's mental health program at 10 a.m. on the date of the site visit had not been responded to by CorrectHealth at 4 pm that same day.  COCHS reported that the "two instances exemplify the serious deleterious impact staffing shortages have on demands for services" at the Jail, and both "instances were brought to the attention of Dr. Musso as serious and in need of attention."

55.

During the December 26-29, 2016 COCHS site visit, COCHS staff members "requested payroll records documentation of employees on duty for the month of November." Musso told COCHS staff "it would be difficult to obtain that information, but he would attempt to get it the following day, Wednesday." Musso never provided the documentation because "on the Tuesday evening upon our departure from the facility [COCHS staff] were informed that the Sheriff was not going to permit COCHS staff entry into the jail until further notice."

56.

On February 9, 2017, COCHS wrote a letter informing the County that CorrectHealth made it difficult for COCHS to collect data and other information and had failed to live up to a number of requirements in its contract, including:

- Failing to provide a full-time medical director on site at the Jail;

- Failing to maintain adequate staffing levels at the Jail;

- Failing to develop or implement policies and procedures that would meet accreditation standards. COCHS noted that "a lack of clear policy and procedure is increasing the likelihood of an adverse event" at the Jail.

COCHS recommended that the County levy more than $3 million in penalties to CorrectHealth.

57.

Rather than hold CorrectHealth accountable, Wilcher personally intervened to stop the County from hiring a new health care provider and imposing the fines on CorrectHealth.

58.

As a result of the County and CorrectHealth's *de facto* policy of providing inadequate health care at the Jail, staff shortages persisted, medicines continued to go missing, and at least seven people have died at the Jail since CorrectHealth took over healthcare at the Jail.

59.

A little over a month after COCHS warned of an "adverse event" due to CorrectHealth's failings, on March 12, 2017, Demilo Glover died by suicide. "On March 11, 2017, Demilo Glover, jailed a week earlier after an arrest on a drunk driving charge, told a nurse his medications had been changed and he hallucinated [...]. The CorrectHealth team moved him to a rear infirmary cell. Throughout the night, he screamed. Earlier, Glover, who described himself as bipolar, told medical staff he had not taken his antipsychotic and antidepressant prescriptions for one to two days before his arrest and made bad decisions when not medicated." "The next morning, March 12, two guards collected his breakfast tray and asked Glover if he was OK. After they left, Glover knotted his bed sheet around his neck and slung it from a pipe. Minutes later, the guards returned to the cell, finding his corpse."

60.

Less than a month later, on April 7, 2017, 36 year old Jerome Hill took his life by jumping off one of the jail wing's second floor walkway railings. This in spite of Hill telling jail officials on April 3 when he was arrested that he wanted to kill himself.

61.

On August 4, 2018, 24 year old Mosheh Underwood was able to commit suicide after a call with his lawyer left him distressed. "Underwood had asked for paper to cover his cell window so he could have privacy to use the bathroom. A guard provided it – despite previous warnings from" COCHS about letting inmates cover their windows. "An hour later, Underwood, who hanged himself, was found dead."

62.

Less than a year later, on June 7, 2019, 26 year old Michael McLemore, was able to commit suicide by hanging.

63.

Under Georgia law, CorrectHealth, LLC and Correcthealth are for-profit limited liability corporations.

64.

Musso founded CorrectHealth in 2000 and has built an operation that now holds 41 contracts at jails across Georgia and Louisiana, with operating revenue of nearly $45 million in 2017.

65.

As part of a strategy to procure and maintain contracts, Musso and his wife and companies donated $363,000 over a dozen years to Georgia politicians seeking state office, records show. Among the recipients of Musso's political donations is the Sheriff of Chatham County, John Wilcher.

66.

Musso and his companies receive 6-8% profit for every contract CorrectHealth, LLC controls, including CorrectHealth's contract with Chatham County, Georgia. Every dollar not spent on medicine, supplies, and staff for the contracts at jails across Georgia and Louisiana, including CorrectHealth's contract with Chatham County, Georgia, is profit to Musso.

67.

Musso and his companies receive 6-8% profit for every contract CorrectHealth, LLC controls, including CorrectHealth's contract with Chatham County, Georgia. Every dollar not

spent on medicine, supplies, and staff for the contracts at jails across Georgia and Louisiana, including CorrectHealth's contract with Chatham County, Georgia, is profit to Musso.

68.

The County and Musso established customs and practices establishing unconstitutional health care at the Jail, and these customs and practices were the moving force behind the violation of Mr. Creely's constitutional rights.

69.

The unconstitutional customs and practices established by the County and Musso were known since at least 2016, with information provided by COCHS and the deaths of four people at the jail from 2017 to June of 2019. By the time Mr. Creely's constitutional rights were violated by the customs and practices established by, the County and Musso, the customs and practices were longstanding and widespread.

70.

The County and Musso had knowledge of the Jail's health care program's failure to conduct intake and provide physicals to people detained in the Jail, and failure to provide medications and respond to medical emergencies experienced by people in the Jail, including Mr. Creely.

71.

The failure of Jail staff to intervene timely to protect people in the Jail from medical emergencies are the result of explicit policies to detain people, including Mr. Creely, in a dangerous and understaffed facility with *de facto* policies and practices that leave people, including Mr. Creely, unmonitored and unprotected. Both the explicit and *de facto* policies and practices

were developed by or resulted in unconstitutional conditions and treatment so extended and pervasive that the County and Musso knew or should have known of them.

72.

The County and Musso do not have a consistent monitoring or rating system to standardize the delivery of health care to people withdrawing from drugs in the Jail, including Mr. Creely.

73.

Jail deputies regularly falsify documents that Jail staff make regular monitoring rounds to supervise people in the Jail, including Mr. Creely.

74.

The County, Musso, CorrectHealth, and CorrectHealth Chatham failed to provide sufficient staff to monitor and protect people in the Jail, including Mr. Creely.

75.

The County, Musso, CorrectHealth, and CorrectHealth Chatham have a policy, practice, and custom of not monitoring the health care system at the Jail to ensure that basic medical and mental health care services are delivered to people in the Jail.  In addition, Musso purposefully understaffs health care at the Jail in order to increase the profit derived from CorrectHealth's contract with Chatham County, Georgia.  The County, Musso, CorrectHealth, and CorrectHealth Chatham have abdicated their responsibility to deliver constitutional health care to people in the Jail, including Mr. Creely.

76.

Forchette, Florence, Anderson, Harned, Rivera, Roberts, Cardona, Frances-Henderson, Jackson, White, Manning, and Bethel-Quinney, failed to perform security checks, monitor Mr. Creely's well-being, and/or to provide Mr. Creely sufficient access to qualified medical care.

77.

The County, Musso, Forchette, CorrectHealth, and CorrectHealth Chatham failed to adequately staff, train, and supervise employees and contractors responsible for providing constitutionally adequate medical care at the Jail. As the result of explicit and *de facto* policies and practices permitted by Defendants County. Musso, Forchette, CorrectHealth, and CorrectHealth Chatham, Jail staff are not trained and supervised to address people detained in the Jail's serious medical needs, including those exhibited by Mr. Creely, resulting in deliberate indifference to his serious medical needs.

78.

The County, Musso, Forchette, CorrectHealth, and CorrectHealth Chatham failed to adequately supervise employees and contractors to ensure the proper screening of people withdrawing from drugs, provide access to sick call, identify detoxicating people, keep track of the location of detained people and insure they had access to their medications and other health care, conduct mortality reviews, institute a quality improvement committee, measure, track and monitor healthcare quality metrics.

79.

Florence, Anderson, Harned, Rivera, Roberts, Cardona, Frances-Henderson, Jackson, White, Manning, and Bethel-Quinney, failed to provide access to sick call, identify detoxicating people, keep track of the location of detained people and insure they had access to their medications and other health care, and ensure the proper care and access to medical care for people withdrawing from drugs, including Mr. Creely.

80.

At all times relevant to this complaint, Defendants acted under color of state law.

81.

All Defendants are liable to Plaintiffs for compensatory damages, and Defendants CorrectHealth, CorrectHealth Chatham, Musso, Forchette, and those sued in their individual capacity are liable to Plaintiffs for punitive damages.

82.

All Defendants are liable jointly, severally, and in solido for Plaintiffs' injuries.

83.

Defendants' actions were reckless, willful, wanton, and malicious, and constituted deliberate indifference to the rights of Mr. Creely.  Defendants' actions were the proximate cause of the injuries and death of Mr. Creely and the damages of Plaintiffs.

**COUNT 1 – § 1983 Violation Based on Establishment of a System in which Individuals Detoxicating From Dangerous and Addictive Substances are Denied Access to Appropriate Medical Care — Defendants COUNTY, CORRECTHEALTH LLC, CORRECTHEALTH CHATHAM, MUSSO and FORCHETTE (Official Capacities)**

84.

Plaintiff repeats and re-alleges each and every allegation of the Complaint.

85.

Defendants named in this Count, to wit: Chatham County, CorrectHealth, CorrectHealth Chatham, Musso, and Forchette, acting individually and together, under color of law, violated Mr. Creely's right to be free from punishment without due process as protected by the Fourteenth Amendment to the United States Constitution and 42 USC § 1983.  They did so by establishing and maintaining policies, patterns or practices that provide inadequate and insufficient services for medical and mental health care that they knew would result in the deprivation of such services for people in the Jail with serious medical conditions, including detoxification from heroin and Xanax. Plaintiffs were harmed by the unconstitutionally inadequate and insufficient services for medical

and mental health care because they resulted in the death of Mr. Creely, who was deprived of appropriate medical treatment after he was booked into the Jail detoxifying from heroin and Xanax until his death four (4) days later.

86.

Defendants named in this Count, acting individually and together, under color of law, violated Mr. Creely's right to be free from cruel and unusual punishment protected by the Eighth Amendment to the United States Constitution and 42 USC § 1983. They did so by establishing and maintaining policies, patterns or practices that provide inadequate and insufficient services for medical and mental health care that they knew would result in the deprivation of such services for people in the Jail with serious medical conditions, including detoxification from heroin and Xanax. Plaintiffs were harmed by the unconstitutionally inadequate and insufficient services for medical and mental health care because they resulted in the death of Mr. Creely, who was deprived of appropriate medical treatment after he was booked into the Jail detoxifying from heroin and Xanax until his death four (4) days later.

87.

At all pertinent times, Defendants named in this Count, individually and collectively, acted unreasonably, recklessly, and with deliberate indifference and disregard for the safety, constitutional, and civil rights of Mr. Creely by failing to provide appropriate medical and mental health services.

**COUNT 2 – *Monell* Violation of § 1983 Based on Establishment of Policies, Patterns or Practices pursuant to which People in the Jail with Serious Medical Conditions are Denied Access to Appropriate Medical Care— Defendants CHATHAM COUNTY, CORRECTHEALTH LLC, CORRECTHEALTH CHATHAM, MUSSO and FORCHETTE (Official Capacities)**

88.

Plaintiff repeats and re-alleges each and every allegation of the Complaint.

89.

Defendants named in this Count, to wit: Chatham County, CorrectHealth, CorrectHealth Chatham, Musso, and Forchette, acting individually and together, under color of law, violated Mr. Creely's right to be free from punishment without due process as protected by the Fourteenth Amendment to the United States Constitution and 42 USC § 1983.  They did so by establishing and maintaining policies, patterns or practices that provide inadequate and insufficient services for medical and mental health care that they knew would result in the deprivation of such services for people in the Jail with serious medical conditions, including detoxification from heroin and Xanax. Plaintiffs were harmed by the unconstitutionally inadequate and insufficient services for medical and mental health care because they resulted in the death of Mr. Creely, who was deprived of appropriate medical treatment after he was booked into the Jail detoxifying from heroin and Xanax until his death four (4) days later.

90.

Defendants named in this Count, acting individually and together, under color of law, violated Mr. Creely's right to be free from cruel and unusual punishment protected by the Eighth Amendment to the United States Constitution and 42 USC § 1983.  They did so by establishing and maintaining policies, patterns or practices that provide inadequate and insufficient services for medical and mental health care that they knew would result in the deprivation of such services for

people in the Jail with serious medical conditions, including detoxification from heroin and Xanax. Plaintiffs were harmed by the unconstitutionally inadequate and insufficient services for medical and mental health care because they resulted in the death of Mr. Creely, who was deprived of appropriate medical treatment after he was booked into the Jail detoxifying from heroin and Xanax until his death four (4) days later.

91.

Plaintiffs were individually harmed by these policies, patterns, or practices because they resulted in the pain, suffering, and death of Mr. Creely, who was deprived of appropriate medical treatment after he was booked into the Jail, and did not receive adequate treatment for his acute and severe medical distress due to his detoxifying from heroin and Xanax until his death four (4) days later.

92.

At all pertinent times, Defendants named in this Count, individually and collectively, acted unreasonably, recklessly, and with deliberate indifference and disregard for the safety, constitutional, and civil rights of Mr. Creely by establishing the above-described policies, patterns, or practices.

93.

The above-named Defendants are therefore liable to Plaintiffs for the violation of constitutional rights described above pursuant to *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978).

**COUNT 3 – § 1983 Violation Based on Deliberate Indifference to Mr. Creely's Constitutional Right to Appropriate Medical Care—Defendants CARLO MUSSO, KAREN FORCHETTE, ALFRED NEVELS, SELENA CARDONA, TEANNA FRANCES-HENDERSON, TERENCE JACKSON, DON WHITE, KARLOS MANNING, YVETTE BETHEL-QUINNEY, LOWRETTA FLORENCE, AMBER ANDERSON, JACKIE HARNED, SUSAN RIVERA, and LOUKISHA ROBERTS (Individual Capacities)**

94.

Plaintiff repeats and re-alleges each and every allegation of the Complaint.

95.

The above-named Defendants, to wit: Carlo Musso, Karen Forchette, Alfred Nevels, Selena Cardona, Teanna Frances-Henderson, Terence Jackson, Don White, Karlos Manning, Yvette Bethel-Quinney, Lowretta Florence, Amber Anderson, Jackie Harned, Susan Rivera, and Loukisha Roberts, acting individually and together, and under color of law, engaged in a course of conduct and conspired to engage in a course of conduct that acted to deprive Mr. Creely of his constitutional rights and did deprive him of said rights, specifically, the right to reasonable and adequate medical care, the right to be free from punishment without due process as protected by the Fourteenth Amendment to the United States Constitution, the right to be free from cruel and unusual punishment as protected by the Eighth Amendment to the United States Constitution, and 42 U.S.C. § 1983.

96.

At all times pertinent herein, these Defendants, acting individually and collectively, acted unreasonably, recklessly, maliciously, and/or with deliberate indifference and disregard for the constitutional and civil rights and life and serious medical needs of the deceased, Mr. Creely.

97.

Furthermore, these Defendants, individually and collectively, had the duty and ability to intervene to prevent the violations of the rights of Mr. Creely, as described herein, but failed to do so.  All of these Defendants knew the Jail had inadequate medical staffing to address the medical needs of people in the Jail, including Mr. Creely, failed to adequately monitor Mr. Creely, and failed to provide him access to medical care as he detoxified from heroin and Xanax until his death four (4) days later.

### COUNT 4 — Wrongful Death— All Defendants

98.

Plaintiff repeats and re-alleges each and every allegation of the Complaint.

99.

As is more fully described above, Mr. Creely's death was preventable, yet each of the defendants herein failed or refused to fulfill their obligation to provide him with medical care.  Mr. Creely died as a result of the criminal, intentional, and negligent acts of each of the Defendants.

100.

As a direct and proximate result of the Defendants' wrongful acts, Lee Michael Creely died by homicide.

101.

Mr. Creely's death was a wrongful death within the meaning of the Georgia Wrongful Death Act, Ga. Code Ann. § 51-4-1, *et seq.* Section 51-4-2 provides a right of action for the wrongful death of a parent killed by homicide.

102.

Under Ga. Code Ann. § 51-4-2(a), Plaintiffs Landon and Dawson Creely are entitled to bring this action as the surviving children of Mr. Creely. Jessica Hodges is the mother and natural guardian of Landon and Dawson Creely, and, as such, she brings this action on their behalf.

## IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that after due proceedings there be judgment rendered herein in Plaintiffs' favor and against all Defendants individually and jointly, as follows:

1. Compensatory and punitive damages as prayed for herein;

2. Reasonable attorneys' fees, as provided in 42 U.S.C. § 1988, 42 U.S.C. § 12205, and 29 U.S.C. § 794(b) and all costs of these proceedings and legal interest;

3. Punitive damages pursuant to 42 U.S.C. § 1983 and any other applicable statute;

4. Damages for the full value of the life of Lee Michael Creely; and

5. All other relief as appears just and proper to this Honorable Court.

Respectfully submitted, this 2nd day of February, 2022.

THE CLAIBORNE FIRM, P.C.

WILLIAM R. CLAIBORNE
Georgia Bar Number: 126363
DAVID J. UTTER
Georgia Bar Number: 723144
SCOTT C. ROBICHAUX
Georgia Bar Number: 806198

410 East Bay Street
Savannah, Georgia 31401
(912) 236-9559 Telephone
(912) 236-1884 Facsimile
will@claibornefirm.com
david@claibornefirm.com
scott@claibornefirm.com

**ATTORNEYS FOR PLAINTIFFS**

e-Filed in Office
Tammie Mosley
Clerk of Superior Court
Chatham County
Date: 2/2/2022 10:22 AM
Reviewer: LS

IN THE SUPERIOR COURT OF CHATHAM COUNTY
STATE OF GEORGIA

JESSICA HODGES, as natural guardian of )
minor children, LANDON MICHAEL )
CREELY AND DAWSON LEE CREELY; )
and ESTATE OF LEE MICHAEL )
CREELY by and through )
Warren Ratchford, Esq. its Administrator, )
)
    Plaintiffs, )
)
     )
vs. )
)
CHATHAM COUNTY, GEORGIA; )
CORRECTHEALTH LLC; )
CORRECTHEALTH CHATHAM, LLC; )
CARLO MUSSO, MD; )
KAREN FORCHETTE; )
ALFRED NEVELS; )
SELENA CARDONA; )
TEANNA FRANCES-HENDERSON; )
TERENCE JACKSON; )
DON WHITE; )
KARLOS MANNING; )
YVETTE BETHEL-QUINNEY; )
LOWRETTA FLORENCE; )
AMBER ANDERSON; )
JACKIE HARNED; )
SUSAN RIVERA; )
and LOUKISHA ROBERTS, )
)
    Defendants. )

Case Number: SPCV22-00098-KA

JURY TRIAL DEMANDED

---

**SUMMONS**

---

TO THE ABOVE NAMED DEFENDANT:

               ALFRED NEVELS

    You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**WILLIAM R. CLAIBORNE**
**410 EAST BAY STREET**
**SAVANNAH, GA 31401**
**(912) 236-9559**

an answer to the complaint which is herewith served upon you, within 30 days after service of summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

    **This 2nd day of February, 2022.**

                             Clerk of Superior Court
                             CHATHAM COUNTY

                             By:
                             (Deputy) Clerk

Instructions: Attach addendum sheet for additional parties if needed. Make notation on this sheet if addendum sheet is used.
SC-1 Rev. 99

e-Filed in Office
Jannie Mosley
Clerk of Superior Court
Chatham County
Date: 2/2/2022 10:22 AM
Reviewer: LS

IN THE SUPERIOR COURT OF CHATHAM COUNTY
STATE OF GEORGIA

JESSICA HODGES, as natural guardian of )
minor children, LANDON MICHAEL )
CREELY AND DAWSON LEE CREELY; )
and ESTATE OF LEE MICHAEL )
CREELY by and through )
Warren Ratchford, Esq. its Administrator, )
)
    Plaintiffs, )
)
vs. )
)
CHATHAM COUNTY, GEORGIA; )
CORRECTHEALTH LLC; )
CORRECTHEALTH CHATHAM, LLC; )
CARLO MUSSO, MD; )
KAREN FORCHETTE; )
ALFRED NEVELS; )
SELENA CARDONA; )
TEANNA FRANCES-HENDERSON; )
TERENCE JACKSON; )
DON WHITE; )
KARLOS MANNING; )
YVETTE BETHEL-QUINNEY; )
LOWRETTA FLORENCE; )
AMBER ANDERSON; )
JACKIE HARNED; )
SUSAN RIVERA; )
and LOUKISHA ROBERTS, )
)
    Defendants. )

Case Number: SPCV22-00098-KA

JURY TRIAL DEMANDED

**SUMMONS**

TO THE ABOVE NAMED DEFENDANT:

ALFRED NEVELS

**ORIGINAL**

Filed in the Clerk's Office this 2nd day of February, 2022.

Jannine Mosley
Clerk, Dep. Clerk, S.C.*.C. GA

WILLIAM R. CLAIBORNE
PLAINTIFF'S ATTORNEYS

============================

e-Filed in Office
Tammie Mosley
Clerk of Superior Court
Chatham County
Date: 2/2/2022 10:22 AM
Reviewer: LS

IN THE SUPERIOR COURT OF CHATHAM COUNTY
STATE OF GEORGIA

JESSICA HODGES, as natural guardian of        )
minor children, LANDON MICHAEL                )
CREELY AND DAWSON LEE CREELY;                 )
and ESTATE OF LEE MICHAEL                      )
CREELY by and through                          )
Warren Ratchford, Esq. its Administrator,      )
                                               )
        Plaintiffs,                            )
                                               )
vs.                                            )        Case Number: _____ SPCV22-00098-KA
                                               )
CHATHAM COUNTY, GEORGIA;                       )        JURY TRIAL DEMANDED
CORRECTHEALTH LLC;                             )
CORRECTHEALTH CHATHAM, LLC;                    )
CARLO MUSSO, MD;                               )
KAREN FORCHETTE;                               )
ALFRED NEVELS;                                 )
SELENA CARDONA;                                )
TEANNA FRANCES-HENDERSON;                      )
TERENCE JACKSON;                               )
DON WHITE;                                     )
KARLOS MANNING;                                )
YVETTE BETHEL-QUINNEY;                         )
LOWRETTA FLORENCE;                             )
AMBER ANDERSON;                                )
JACKIE HARNED;                                 )
SUSAN RIVERA;                                  )
and LOUKISHA ROBERTS,                          )
                                               )
        Defendants.                            )
                                               )

---

**SUMMONS**

---

TO THE ABOVE NAMED DEFENDANT:

AMBER ANDERSON

        You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name
and address is:

**WILLIAM R. CLAIBORNE**
**410 EAST BAY STREET**
**SAVANNAH, GA 31401**
**(912) 236-9559**

an answer to the complaint which is herewith served upon you, within 30 days after service of summons upon you, exclusive of the day of
service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

        **This 2ⁿᵈ day of February, 2022.**

                                        Clerk of Superior Court
                                        CHATHAM COUNTY

                                        By _____
                                                (Deputy) Clerk

Instructions: Attach addendum sheet for additional parties if needed. Make notation on this sheet if addendum sheet is used.
SC-1 Rev. 99

Clerk's Office
Tammie Mosley
Clerk of Superior Court
Chatham County
Date: 2/2/2022 10:22 AM
Reviewer: LS

IN THE SUPERIOR COURT OF CHATHAM COUNTY
STATE OF GEORGIA

JESSICA HODGES, as natural guardian of )
minor children, LANDON MICHAEL )
CREELY AND DAWSON LEE CREELY; )
and ESTATE OF LEE MICHAEL )
CREELY by and through )
Warren Ratchford, Esq. its Administrator, )
)
    Plaintiffs, )
)
vs. )
)
CHATHAM COUNTY, GEORGIA; )
CORRECTHEALTH LLC; )
CORRECTHEALTH CHATHAM, LLC; )
CARLO MUSSO, MD; )
KAREN FORCHETTE; )
ALFRED NEVELS; )
SELENA CARDONA; )
TEANNA FRANCES-HENDERSON; )
TERENCE JACKSON; )
DON WHITE; )
KARLOS MANNING; )
YVETTE BETHEL-QUINNEY; )
LOWRETTA FLORENCE; )
AMBER ANDERSON; )
JACKIE HARNED; )
SUSAN RIVERA; )
and LOUKISHA ROBERTS, )
)
    Defendants. )

Case Number: _____SPCV22-00098-KA_____

JURY TRIAL DEMANDED

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

AMBER ANDERSON

**ORIGINAL**

Filed in the Clerk's Office this 2nd day of February, 2022.

_____
Clerk, Dep. Clerk, S.C.*C. GA

WILLIAM R. CLAIBORNE
PLAINTIFF'S ATTORNEYS

============================

e-Filed in Office
Tammie Mosley
Clerk of Superior Court
Chatham County
Date: 2/2/2022 10:22 AM
Reviewer: LS

IN THE SUPERIOR COURT OF CHATHAM COUNTY
STATE OF GEORGIA

JESSICA HODGES, as natural guardian of          )
minor children, LANDON MICHAEL                  )
CREELY AND DAWSON LEE CREELY;                   )
and ESTATE OF LEE MICHAEL                        )
CREELY by and through                            )
Warren Ratchford, Esq. its Administrator,        )
                                                 )
        Plaintiffs,                              )
                                                 )
                                                 )          SPCV22-00098-KA
vs.                                              )
                                                 )   Case Number:_____
CHATHAM COUNTY, GEORGIA;                         )
CORRECTHEALTH LLC;                               )   JURY TRIAL DEMANDED
CORRECTHEALTH CHATHAM, LLC;                      )
CARLO MUSSO, MD;                                 )
KAREN FORCHETTE;                                 )
ALFRED NEVELS;                                   )
SELENA CARDONA;                                  )
TEANNA FRANCES-HENDERSON;                        )
TERENCE JACKSON;                                 )
DON WHITE;                                       )
KARLOS MANNING;                                  )
YVETTE BETHEL-QUINNEY;                           )
LOWRETTA FLORENCE;                               )
AMBER ANDERSON;                                  )
JACKIE HARNED;                                   )
SUSAN RIVERA;                                    )
and LOUKISHA ROBERTS,                            )
                                                 )
        Defendants.                              )

---

## SUMMONS

---

TO THE ABOVE NAMED DEFENDANT:

        CHATHAM COUNTY, GEORGIA


        You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**WILLIAM R. CLAIBORNE**
**410 EAST BAY STREET**
**SAVANNAH, GA 31401**
**(912) 236-9559**

an answer to the complaint which is herewith served upon you, within 30 days after service of summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 2ⁿᵈ day of February, 2022.**

                                        Clerk of Superior Court
                                        CHATHAM COUNTY

                                        By _____
                                              (Deputy) Clerk

Instructions: Attach addendum sheet for additional parties if needed. Make notation on this sheet if addendum sheet is used.
SC–1 Rev. 99

Tammie Mosley
Clerk of Superior Court
Chatham County
Date: 2/2/2022 10:22 AM
Reviewer: LS

IN THE SUPERIOR COURT OF CHATHAM COUNTY
STATE OF GEORGIA

JESSICA HODGES, as natural guardian of )
minor children, LANDON MICHAEL )
CREELY AND DAWSON LEE CREELY; )
and ESTATE OF LEE MICHAEL )
CREELY by and through )
Warren Ratchford, Esq. its Administrator, )
)
    Plaintiffs, )
)            SPCV22-00098-KA
)
vs. )  Case Number:_____
)
CHATHAM COUNTY, GEORGIA; )  JURY TRIAL DEMANDED
CORRECTHEALTH LLC; )
CORRECTHEALTH CHATHAM, LLC; )
CARLO MUSSO, MD; )
KAREN FORCHETTE; )
ALFRED NEVELS; )
SELENA CARDONA; )
TEANNA FRANCES-HENDERSON; )
TERENCE JACKSON; )
DON WHITE; )
KARLOS MANNING; )
YVETTE BETHEL-QUINNEY; )
LOWRETTA FLORENCE; )
AMBER ANDERSON; )
JACKIE HARNED; )
SUSAN RIVERA; )
and LOUKISHA ROBERTS, )
)
    Defendants. )

**SUMMONS**

TO THE ABOVE NAMED DEFENDANT:
    CHATHAM COUNTY, GEORGIA

**ORIGINAL**

Filed in the Clerk's Office this 2nd day of February, 2022.

_____
Clerk, Dep. Clerk, S.C.*.C. GA

<u>WILLIAM R. CLAIBORNE</u>
PLAINTIFF'S ATTORNEYS

=============================

e-Filed in Office
Tammie Mosley
Clerk of Superior Court
Chatham County
Date: 2/2/2022 10:22 AM
Reviewer: LS

IN THE SUPERIOR COURT OF CHATHAM COUNTY
STATE OF GEORGIA

JESSICA HODGES, as natural guardian of      )
minor children, LANDON MICHAEL              )
CREELY AND DAWSON LEE CREELY;               )
and ESTATE OF LEE MICHAEL                    )
CREELY by and through                        )
Warren Ratchford, Esq. its Administrator,    )
                                             )
        Plaintiffs,                          )
                                             )        SPCV22-00098-KA
vs.                                          )
                                             )   Case Number:_____
CHATHAM COUNTY, GEORGIA;                     )
CORRECTHEALTH LLC;                           )   JURY TRIAL DEMANDED
CORRECTHEALTH CHATHAM, LLC;                  )
CARLO MUSSO, MD;                             )
KAREN FORCHETTE;                             )
ALFRED NEVELS;                               )
SELENA CARDONA;                              )
TEANNA FRANCES-HENDERSON;                    )
TERENCE JACKSON;                             )
DON WHITE;                                   )
KARLOS MANNING;                              )
YVETTE BETHEL-QUINNEY;                       )
LOWRETTA FLORENCE;                           )
AMBER ANDERSON;                              )
JACKIE HARNED;                               )
SUSAN RIVERA;                                )
and LOUKISHA ROBERTS,                        )
                                             )
        Defendants.                          )
                                             )

---

**SUMMONS**

---

TO THE ABOVE NAMED DEFENDANT:

### CORRECTHEALTH CHATHAM, LLC

        You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**WILLIAM R. CLAIBORNE**
**410 EAST BAY STREET**
**SAVANNAH, GA 31401**
**(912) 236-9559**

an answer to the complaint which is herewith served upon you, within 30 days after service of summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

        **This 2ʳᵈ day of February, 2022.**

                                        Clerk of Superior Court
                                        CHATHAM COUNTY

                                        By _____
                                             (Deputy) Clerk

Instructions: Attach addendum sheet for additional parties if needed. Make notation on this sheet if addendum sheet is used.
SC–1 Rev. 99

e-Filed in Office
Clerk of Superior Court
Chatham County
Date: 2/2/2022 10:22 AM
Reviewer: LS

IN THE SUPERIOR COURT OF CHATHAM COUNTY
STATE OF GEORGIA

JESSICA HODGES, as natural guardian of )
minor children, LANDON MICHAEL )
CREELY AND DAWSON LEE CREELY; )
and ESTATE OF LEE MICHAEL )
CREELY by and through )
Warren Ratchford, Esq. its Administrator, )
                                         )
        Plaintiffs, )
                                         )           SPCV22-00098-KA
                                         )
vs. )                      Case Number:_____
                                         )
CHATHAM COUNTY, GEORGIA; )                 JURY TRIAL DEMANDED
CORRECTHEALTH LLC; )
CORRECTHEALTH CHATHAM, LLC; )
CARLO MUSSO, MD; )
KAREN FORCHETTE; )
ALFRED NEVELS; )
SELENA CARDONA; )
TEANNA FRANCES-HENDERSON; )
TERENCE JACKSON; )
DON WHITE; )
KARLOS MANNING; )
YVETTE BETHEL-QUINNEY; )
LOWRETTA FLORENCE; )
AMBER ANDERSON; )
JACKIE HARNED; )
SUSAN RIVERA; )
and LOUKISHA ROBERTS, )
                                         )
        Defendants. )

---

**SUMMONS**

---

TO THE ABOVE NAMED DEFENDANT:

CORRECTHEALTH CHATHAM, LLC

**ORIGINAL**

Filed in the Clerk's Office this 2nd day of February, 2022.

Clerk, Dep. Clerk, S.C.*.C. GA

WILLIAM R. CLAIBORNE
PLAINTIFF'S ATTORNEYS

=============================

Page **2** of **2**

e-Filed in Office
Tammie Mosley
Clerk of Superior Court
Chatham County
Date: 2/2/2022 10:22 AM
Reviewer: LS

IN THE SUPERIOR COURT OF CHATHAM COUNTY
STATE OF GEORGIA

JESSICA HODGES, as natural guardian of )
minor children, LANDON MICHAEL )
CREELY AND DAWSON LEE CREELY; )
and ESTATE OF LEE MICHAEL )
CREELY by and through )
Warren Ratchford, Esq. its Administrator, )
)
    Plaintiffs, )
)
vs. )
)
CHATHAM COUNTY, GEORGIA; )
CORRECTHEALTH LLC; )
CORRECTHEALTH CHATHAM, LLC; )
CARLO MUSSO, MD; )
KAREN FORCHETTE; )
ALFRED NEVELS; )
SELENA CARDONA; )
TEANNA FRANCES-HENDERSON; )
TERENCE JACKSON; )
DON WHITE; )
KARLOS MANNING; )
YVETTE BETHEL-QUINNEY; )
LOWRETTA FLORENCE; )
AMBER ANDERSON; )
JACKIE HARNED; )
SUSAN RIVERA; )
and LOUKISHA ROBERTS, )
)
    Defendants. )

Case Number: SPCV22-00098-KA

JURY TRIAL DEMANDED

---

**SUMMONS**

---

TO THE ABOVE NAMED DEFENDANT:

CORRECTHEALTH LLC

    You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**WILLIAM R. CLAIBORNE**
**410 EAST BAY STREET**
**SAVANNAH, GA 31401**
**(912) 236-9559**

an answer to the complaint which is herewith served upon you, within 30 days after service of summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 2ⁿᵈ day of February, 2022.**

Clerk of Superior Court
CHATHAM COUNTY

By _____
    (Deputy) Clerk

Instructions: Attach addendum sheet for additional parties if needed. Make notation on this sheet if addendum sheet is used.
SC–1 Rev. 99

e-Filed in Office
Tammie Mosley
Clerk of Superior Court
Chatham County
Date: 2/2/2022 10:22 AM
Reviewer: LS

IN THE SUPERIOR COURT OF CHATHAM COUNTY
STATE OF GEORGIA

JESSICA HODGES, as natural guardian of )
minor children, LANDON MICHAEL )
CREELY AND DAWSON LEE CREELY; )
and ESTATE OF LEE MICHAEL )
CREELY by and through )
Warren Ratchford, Esq. its Administrator, )
      )
     Plaintiffs, )
      )
      )     Case Number: SPCV22-00098-KA
vs. )
      )
CHATHAM COUNTY, GEORGIA; )     JURY TRIAL DEMANDED
CORRECTHEALTH LLC; )
CORRECTHEALTH CHATHAM, LLC; )
CARLO MUSSO, MD; )
KAREN FORCHETTE; )
ALFRED NEVELS; )
SELENA CARDONA; )
TEANNA FRANCES-HENDERSON; )
TERENCE JACKSON; )
DON WHITE; )
KARLOS MANNING; )
YVETTE BETHEL-QUINNEY; )
LOWRETTA FLORENCE; )
AMBER ANDERSON; )
JACKIE HARNED; )
SUSAN RIVERA; )
and LOUKISHA ROBERTS, )
      )
     Defendants. )

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

### CORRECTHEALTH LLC

### ORIGINAL

Filed in the Clerk's Office this 2ⁿᵈ day of February, 2022.

Clerk, Dep. Clerk, S.C.*.C. GA

WILLIAM R. CLAIBORNE
PLAINTIFF'S ATTORNEYS

=============================

e-Filed in Office
Tammie Mosley
Clerk of Superior Court
Chatham County
Date: 2/2/2022 10:22 AM
Reviewer: LS

IN THE SUPERIOR COURT OF CHATHAM COUNTY
STATE OF GEORGIA

JESSICA HODGES, as natural guardian of    )
minor children, LANDON MICHAEL            )
CREELY AND DAWSON LEE CREELY;             )
and ESTATE OF LEE MICHAEL                 )
CREELY by and through                     )
Warren Ratchford, Esq. its Administrator, )
                                          )
          Plaintiffs,                     )
                                          )
vs.                                       )       Case Number: _____ SPCV22-00098-KA _____
                                          )
CHATHAM COUNTY, GEORGIA;                  )       JURY TRIAL DEMANDED
CORRECTHEALTH LLC;                        )
CORRECTHEALTH CHATHAM, LLC;               )
CARLO MUSSO, MD;                          )
KAREN FORCHETTE;                          )
ALFRED NEVELS;                            )
SELENA CARDONA;                           )
TEANNA FRANCES-HENDERSON;                 )
TERENCE JACKSON;                          )
DON WHITE;                                )
KARLOS MANNING;                           )
YVETTE BETHEL-QUINNEY;                    )
LOWRETTA FLORENCE;                        )
AMBER ANDERSON;                           )
JACKIE HARNED;                            )
SUSAN RIVERA;                             )
and LOUKISHA ROBERTS,                     )
                                          )
          Defendants.                     )

---

**SUMMONS**

---

TO THE ABOVE NAMED DEFENDANT:

DON WHITE

        You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**WILLIAM R. CLAIBORNE**
**410 EAST BAY STREET**
**SAVANNAH, GA 31401**
**(912) 236-9559**

an answer to the complaint which is herewith served upon you, within 30 days after service of summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

        **This 2ⁿᵈ day of February, 2022.**

                                                  Clerk of Superior Court
                                                  CHATHAM COUNTY

                                          By _____
                                                  (Deputy) Clerk

Instructions: Attach addendum sheet for additional parties if needed. Make notation on this sheet if addendum sheet is used.
SC–1 Rev. 99

E-Filed in Office
Jammie Mosley
Clerk of Superior Court
Chatham County
Date: 2/2/2022 10:22 AM
Reviewer: LS

IN THE SUPERIOR COURT OF CHATHAM COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| JESSICA HODGES, as natural guardian of minor children, LANDON MICHAEL CREELY AND DAWSON LEE CREELY; and ESTATE OF LEE MICHAEL CREELY by and through Warren Ratchford, Esq. its Administrator, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) ) | Case Number: ___SPCV22-00098-KA___ |
| CHATHAM COUNTY, GEORGIA; CORRECTHEALTH LLC; CORRECTHEALTH CHATHAM, LLC; CARLO MUSSO, MD; KAREN FORCHETTE; ALFRED NEVELS; SELENA CARDONA; TEANNA FRANCES-HENDERSON; TERENCE JACKSON; DON WHITE; KARLOS MANNING; YVETTE BETHEL-QUINNEY; LOWRETTA FLORENCE; AMBER ANDERSON; JACKIE HARNED; SUSAN RIVERA; and LOUKISHA ROBERTS, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) ) | |

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

DON WHITE

**ORIGINAL**

Filed in the Clerk's Office this 2nd day of February, 2022.

_____
Clerk, ~~Dep. Clerk~~, S.C.*.C. GA

WILLIAM R. CLAIBORNE
PLAINTIFF'S ATTORNEYS

=============================

Page **2** of **2**

e-Filed in Office
Tammie Mosley
Clerk of Superior Court
Chatham County
Date: 2/2/2022 10:22 AM
Reviewer: LS

IN THE SUPERIOR COURT OF CHATHAM COUNTY
STATE OF GEORGIA

JESSICA HODGES, as natural guardian of          )
minor children, LANDON MICHAEL                  )
CREELY AND DAWSON LEE CREELY;                   )
and ESTATE OF LEE MICHAEL                       )
CREELY by and through                           )
Warren Ratchford, Esq. its Administrator,       )
                                                )
          Plaintiffs,                           )
                                                )
                                                )          SPCV22-00098-KA
vs.                                             )   Case Number:_____
                                                )
CHATHAM COUNTY, GEORGIA;                        )   JURY TRIAL DEMANDED
CORRECTHEALTH LLC;                              )
CORRECTHEALTH CHATHAM, LLC;                     )
CARLO MUSSO, MD;                                )
KAREN FORCHETTE;                                )
ALFRED NEVELS;                                  )
SELENA CARDONA;                                 )
TEANNA FRANCES-HENDERSON;                       )
TERENCE JACKSON;                                )
DON WHITE;                                      )
KARLOS MANNING;                                 )
YVETTE BETHEL-QUINNEY;                          )
LOWRETTA FLORENCE;                              )
AMBER ANDERSON;                                 )
JACKIE HARNED;                                  )
SUSAN RIVERA;                                   )
and LOUKISHA ROBERTS,                           )
                                                )
          Defendants.                           )

---

**SUMMONS**

---

TO THE ABOVE NAMED DEFENDANT:

JACKIE HARNED

        You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name
and address is:

**WILLIAM R. CLAIBORNE**
**410 EAST BAY STREET**
**SAVANNAH, GA 31401**
**(912) 236-9559**

an answer to the complaint which is herewith served upon you, within 30 days after service of summons upon you, exclusive of the day of
service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

        **This 2ⁿᵈ day of February, 2022.**

                                        Clerk of Superior Court
                                        CHATHAM COUNTY

                                        By _____
                                                        (Deputy) Clerk

Instructions: Attach addendum sheet for additional parties if needed. Make notation on this sheet if addendum sheet is used.
SC-1 Rev. 99

Clerk's Office
Tammie Mosley
Clerk of Superior Court
Chatham County
Date: 2/2/2022 10:22 AM
Reviewer: LS

IN THE SUPERIOR COURT OF CHATHAM COUNTY
STATE OF GEORGIA

JESSICA HODGES, as natural guardian of )
minor children, LANDON MICHAEL )
CREELY AND DAWSON LEE CREELY; )
and ESTATE OF LEE MICHAEL )
CREELY by and through )
Warren Ratchford, Esq. its Administrator, )
  )
    Plaintiffs, )
  )
vs. )
  )
CHATHAM COUNTY, GEORGIA; )
CORRECTHEALTH LLC; )
CORRECTHEALTH CHATHAM, LLC; )
CARLO MUSSO, MD; )
KAREN FORCHETTE; )
ALFRED NEVELS; )
SELENA CARDONA; )
TEANNA FRANCES-HENDERSON; )
TERENCE JACKSON; )
DON WHITE; )
KARLOS MANNING; )
YVETTE BETHEL-QUINNEY; )
LOWRETTA FLORENCE; )
AMBER ANDERSON; )
JACKIE HARNED; )
SUSAN RIVERA; )
and LOUKISHA ROBERTS, )
  )
    Defendants. )

Case Number: SPCV22-00098-KA

JURY TRIAL DEMANDED

---

## SUMMONS

---

TO THE ABOVE NAMED DEFENDANT:

JACKIE HARNED

**ORIGINAL**

Filed in the Clerk's Office this 2ᴺᴰ day of February, 2022.

Clerk, Dep. Clerk, S.C.*.C. GA

WILLIAM R. CLAIBORNE
PLAINTIFF'S ATTORNEYS

============================

e-Filed in Office
Tammie Mosley
Clerk of Superior Court
Chatham County
Date: 2/2/2022 10:22 AM
Reviewer: LS

IN THE SUPERIOR COURT OF CHATHAM COUNTY
STATE OF GEORGIA

JESSICA HODGES, as natural guardian of )
minor children, LANDON MICHAEL )
CREELY AND DAWSON LEE CREELY; )
and ESTATE OF LEE MICHAEL )
CREELY by and through )
Warren Ratchford, Esq. its Administrator, )
                   )
         Plaintiffs, )
                   )
vs. )
                   )
CHATHAM COUNTY, GEORGIA; )
CORRECTHEALTH LLC; )
CORRECTHEALTH CHATHAM, LLC; )
CARLO MUSSO, MD; )
KAREN FORCHETTE; )
ALFRED NEVELS; )
SELENA CARDONA; )
TEANNA FRANCES-HENDERSON; )
TERENCE JACKSON; )
DON WHITE; )
KARLOS MANNING; )
YVETTE BETHEL-QUINNEY; )
LOWRETTA FLORENCE; )
AMBER ANDERSON; )
JACKIE HARNED; )
SUSAN RIVERA; )
and LOUKISHA ROBERTS, )
                   )
        Defendants. )

Case Number: SPCV22-00098-KA

JURY TRIAL DEMANDED

---

### SUMMONS

---

TO THE ABOVE NAMED DEFENDANT:

KAREN FORCHETTE

       You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**WILLIAM R. CLAIBORNE**
**410 EAST BAY STREET**
**SAVANNAH, GA 31401**
**(912) 236-9559**

an answer to the complaint which is herewith served upon you, within 30 days after service of summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

       **This 2nd day of February, 2022.**

                      Clerk of Superior Court
                      CHATHAM COUNTY

                      By
                                  (Deputy) Clerk

Instructions: Attach addendum sheet for additional parties if needed. Make notation on this sheet if addendum sheet is used.
SC-1 Rev. 99

Tammie Mosley
Clerk of Superior Court
Chatham County
Date: 2/2/2022 10:22 AM
Reviewer: LS

IN THE SUPERIOR COURT OF CHATHAM COUNTY
STATE OF GEORGIA

| | |
|---|---|
| JESSICA HODGES, as natural guardian of minor children, LANDON MICHAEL CREELY AND DAWSON LEE CREELY; and ESTATE OF LEE MICHAEL CREELY by and through Warren Ratchford, Esq. its Administrator, | ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) ) |
| CHATHAM COUNTY, GEORGIA; CORRECTHEALTH LLC; CORRECTHEALTH CHATHAM, LLC; CARLO MUSSO, MD; KAREN FORCHETTE; ALFRED NEVELS; SELENA CARDONA; TEANNA FRANCES-HENDERSON; TERENCE JACKSON; DON WHITE; KARLOS MANNING; YVETTE BETHEL-QUINNEY; LOWRETTA FLORENCE; AMBER ANDERSON; JACKIE HARNED; SUSAN RIVERA; and LOUKISHA ROBERTS, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

Case Number: SPCV22-00098-KA

JURY TRIAL DEMANDED

---

**SUMMONS**

---

TO THE ABOVE NAMED DEFENDANT:

KAREN FORCHETTE

**ORIGINAL**

Filed in the Clerk's Office this 2ⁿᵈ day of February, 2022.

Clerk, Dep. Clerk, S.C.*.C. GA

WILLIAM R. CLAIBORNE
PLAINTIFF'S ATTORNEYS

============================

e-Filed in Office
Tammie Mosley
Clerk of Superior Court
Chatham County
Date: 2/2/2022 10:22 AM
Reviewer: LS

IN THE SUPERIOR COURT OF CHATHAM COUNTY
STATE OF GEORGIA

JESSICA HODGES, as natural guardian of    )
minor children, LANDON MICHAEL            )
CREELY AND DAWSON LEE CREELY;             )
and ESTATE OF LEE MICHAEL                 )
CREELY by and through                     )
Warren Ratchford, Esq. its Administrator, )
                                          )
    Plaintiffs,                       )
                                          )
                                          )          SPCV22-00098-KA
vs.                                       )
                                          )   Case Number:_____
CHATHAM COUNTY, GEORGIA;                  )
CORRECTHEALTH LLC;                        )   JURY TRIAL DEMANDED
CORRECTHEALTH CHATHAM, LLC;               )
CARLO MUSSO, MD;                          )
KAREN FORCHETTE;                          )
ALFRED NEVELS;                            )
SELENA CARDONA;                           )
TEANNA FRANCES-HENDERSON;                 )
TERENCE JACKSON;                          )
DON WHITE;                                )
KARLOS MANNING;                           )
YVETTE BETHEL-QUINNEY;                    )
LOWRETTA FLORENCE;                        )
AMBER ANDERSON;                           )
JACKIE HARNED;                            )
SUSAN RIVERA;                             )
and LOUKISHA ROBERTS,                     )
                                          )
    Defendants.                       )

---

### SUMMONS

---

TO THE ABOVE NAMED DEFENDANT:

### KARLOS MANNING

    You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**WILLIAM R. CLAIBORNE**
**410 EAST BAY STREET**
**SAVANNAH, GA 31401**
**(912) 236-9559**

an answer to the complaint which is herewith served upon you, within 30 days after service of summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 2ⁿᵈ day of February, 2022.**

                Clerk of Superior Court
                CHATHAM COUNTY

                By_____
                    -(Deputy) Clerk

Instructions: Attach addendum sheet for additional parties if needed. Make notation on this sheet if addendum sheet is used.
SC-1 Rev. 99

e-Filed in Office
Clerk of Superior Court
Chatham County
Date: 2/2/2022 10:22 AM
Reviewer: LS

IN THE SUPERIOR COURT OF CHATHAM COUNTY
STATE OF GEORGIA

| | |
|---|---|
| JESSICA HODGES, as natural guardian of minor children, LANDON MICHAEL CREELY AND DAWSON LEE CREELY; and ESTATE OF LEE MICHAEL CREELY by and through Warren Ratchford, Esq. its Administrator, | ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) ) |
| CHATHAM COUNTY, GEORGIA; CORRECTHEALTH LLC; CORRECTHEALTH CHATHAM, LLC; CARLO MUSSO, MD; KAREN FORCHETTE; ALFRED NEVELS; SELENA CARDONA; TEANNA FRANCES-HENDERSON; TERENCE JACKSON; DON WHITE; KARLOS MANNING; YVETTE BETHEL-QUINNEY; LOWRETTA FLORENCE; AMBER ANDERSON; JACKIE HARNED; SUSAN RIVERA; and LOUKISHA ROBERTS, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

Case Number: _____SPCV22-00098-KA_____

JURY TRIAL DEMANDED

---

**SUMMONS**

---

TO THE ABOVE NAMED DEFENDANT:

### KARLOS MANNING

**ORIGINAL**

Filed in the Clerk's Office this 2nd day of February, 2022.

_____
Clerk, Dep. Clerk, S.C.*.C. GA

WILLIAM R. CLAIBORNE
PLAINTIFF'S ATTORNEYS

==============================

e-Filed in Office
Tammie Mosley
Clerk of Superior Court
Chatham County
Date: 2/2/2022 10:22 AM
Reviewer: LS

IN THE SUPERIOR COURT OF CHATHAM COUNTY
STATE OF GEORGIA

JESSICA HODGES, as natural guardian of          )
minor children, LANDON MICHAEL                  )
CREELY AND DAWSON LEE CREELY;                   )
and ESTATE OF LEE MICHAEL                        )
CREELY by and through                            )
Warren Ratchford, Esq. its Administrator,        )
                                                 )
            Plaintiffs,                           )
                                                 )
                                                 )     Case Number: SPCV22-00098-KA
vs.                                              )
                                                 )
CHATHAM COUNTY, GEORGIA;                          )     JURY TRIAL DEMANDED
CORRECTHEALTH LLC;                                )
CORRECTHEALTH CHATHAM, LLC;                       )
CARLO MUSSO, MD;                                  )
KAREN FORCHETTE;                                  )
ALFRED NEVELS;                                    )
SELENA CARDONA;                                   )
TEANNA FRANCES-HENDERSON;                         )
TERENCE JACKSON;                                  )
DON WHITE;                                        )
KARLOS MANNING;                                   )
YVETTE BETHEL-QUINNEY;                            )
LOWRETTA FLORENCE;                                )
AMBER ANDERSON;                                   )
JACKIE HARNED;                                    )
SUSAN RIVERA;                                     )
and LOUKISHA ROBERTS,                             )
                                                 )
            Defendants.                           )

---

**SUMMONS**

---

TO THE ABOVE NAMED DEFENDANT:

LOUKISHA ROBERTS

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**WILLIAM R. CLAIBORNE**
**410 EAST BAY STREET**
**SAVANNAH, GA 31401**
**(912) 236-9559**

an answer to the complaint which is herewith served upon you, within 30 days after service of summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 2nd day of February, 2022.**

Clerk of Superior Court
CHATHAM COUNTY

By _____
     (Deputy) Clerk

Instructions: Attach addendum sheet for additional parties if needed. Make notation on this sheet if addendum sheet is used.
SC-1 Rev. 99

Tammie Mosley
Clerk of Superior Court
Chatham County
Date: 2/2/2022 10:22 AM
Reviewer: LS

IN THE SUPERIOR COURT OF CHATHAM COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| JESSICA HODGES, as natural guardian of minor children, LANDON MICHAEL CREELY AND DAWSON LEE CREELY; and ESTATE OF LEE MICHAEL CREELY by and through Warren Ratchford, Esq. its Administrator, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) ) | Case Number: SPCV22-00098-KA |
| CHATHAM COUNTY, GEORGIA; CORRECTHEALTH LLC; CORRECTHEALTH CHATHAM, LLC; CARLO MUSSO, MD; KAREN FORCHETTE; ALFRED NEVELS; SELENA CARDONA; TEANNA FRANCES-HENDERSON; TERENCE JACKSON; DON WHITE; KARLOS MANNING; YVETTE BETHEL-QUINNEY; LOWRETTA FLORENCE; AMBER ANDERSON; JACKIE HARNED; SUSAN RIVERA; and LOUKISHA ROBERTS, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) ) | |

**SUMMONS**

TO THE ABOVE NAMED DEFENDANT:

LOUKISHA ROBERTS

**ORIGINAL**

Filed in the Clerk's Office this 2nd day of February, 2022.

Clerk, ~~Dep. Clerk~~, S.C.*.C. GA

WILLIAM R. CLAIBORNE
PLAINTIFF'S ATTORNEYS

=============================

e-Filed in Office
Tammie Mosley
Clerk of Superior Court
Chatham County
Date: 2/2/2022 10:22 AM
Reviewer: LS

IN THE SUPERIOR COURT OF CHATHAM COUNTY
STATE OF GEORGIA

JESSICA HODGES, as natural guardian of )
minor children, LANDON MICHAEL )
CREELY AND DAWSON LEE CREELY; )
and ESTATE OF LEE MICHAEL )
CREELY by and through )
Warren Ratchford, Esq. its Administrator, )
)
    Plaintiffs, )
)
vs. )
)
CHATHAM COUNTY, GEORGIA; )
CORRECTHEALTH LLC; )
CORRECTHEALTH CHATHAM, LLC; )
CARLO MUSSO, MD; )
KAREN FORCHETTE; )
ALFRED NEVELS; )
SELENA CARDONA; )
TEANNA FRANCES-HENDERSON; )
TERENCE JACKSON; )
DON WHITE; )
KARLOS MANNING; )
YVETTE BETHEL-QUINNEY; )
LOWRETTA FLORENCE; )
AMBER ANDERSON; )
JACKIE HARNED; )
SUSAN RIVERA; )
and LOUKISHA ROBERTS, )
)
    Defendants. )

Case Number: SPCV22-00098-KA

JURY TRIAL DEMANDED

---

**SUMMONS**

---

TO THE ABOVE NAMED DEFENDANT:

        LOWRETTA FLORENCE

    You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**WILLIAM R. CLAIBORNE**
**410 EAST BAY STREET**
**SAVANNAH, GA 31401**
**(912) 236-9559**

an answer to the complaint which is herewith served upon you, within 30 days after service of summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

    **This 2ʳᵈ day of February, 2022.**

        Clerk of Superior Court
        CHATHAM COUNTY

        By _____
        (Deputy) Clerk

Instructions: Attach addendum sheet for additional parties if needed. Make notation on this sheet if addendum sheet is used.
SC-1 Rev. 99

e-Filed in Office
Tammie Mosley
Clerk of Superior Court
Chatham County
Date: 2/2/2022 10:22 AM
Reviewer: LS

IN THE SUPERIOR COURT OF CHATHAM COUNTY
STATE OF GEORGIA

JESSICA HODGES, as natural guardian of )
minor children, LANDON MICHAEL )
CREELY AND DAWSON LEE CREELY; )
and ESTATE OF LEE MICHAEL )
CREELY by and through )
Warren Ratchford, Esq. its Administrator, )
)
    Plaintiffs, )
)
vs. )
)
CHATHAM COUNTY, GEORGIA; )
CORRECTHEALTH LLC; )
CORRECTHEALTH CHATHAM, LLC; )
CARLO MUSSO, MD; )
KAREN FORCHETTE; )
ALFRED NEVELS; )
SELENA CARDONA; )
TEANNA FRANCES-HENDERSON; )
TERENCE JACKSON; )
DON WHITE; )
KARLOS MANNING; )
YVETTE BETHEL-QUINNEY; )
LOWRETTA FLORENCE; )
AMBER ANDERSON; )
JACKIE HARNED; )
SUSAN RIVERA; )
and LOUKISHA ROBERTS, )
)
    Defendants. )

Case Number: SPCV22-00098-KA

JURY TRIAL DEMANDED

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

                LOWRETTA FLORENCE

            **ORIGINAL**

Filed in the Clerk's Office this 2nd day of February, 2022.

Clerk, Dep. Clerk, S.C.*.C. OA

WILLIAM R. CLAIBORNE
PLAINTIFF'S ATTORNEYS

============================

e-Filed in Office
Tammie Mosley
Clerk of Superior Court
Chatham County
Date: 2/2/2022 10:22 AM
Reviewer: LS

IN THE SUPERIOR COURT OF CHATHAM COUNTY
STATE OF GEORGIA

JESSICA HODGES, as natural guardian of )
minor children, LANDON MICHAEL )
CREELY AND DAWSON LEE CREELY; )
and ESTATE OF LEE MICHAEL )
CREELY by and through )
Warren Ratchford, Esq. its Administrator, )
                                          )
        Plaintiffs,                       )
                                          )
vs.                                       )   Case Number: SPCV22-00098-KA
                                          )
CHATHAM COUNTY, GEORGIA;                  )   JURY TRIAL DEMANDED
CORRECTHEALTH LLC;                        )
CORRECTHEALTH CHATHAM, LLC;               )
CARLO MUSSO, MD;                          )
KAREN FORCHETTE;                          )
ALFRED NEVELS;                            )
SELENA CARDONA;                           )
TEANNA FRANCES-HENDERSON;                 )
TERENCE JACKSON;                          )
DON WHITE;                                )
KARLOS MANNING;                           )
YVETTE BETHEL-QUINNEY;                    )
LOWRETTA FLORENCE;                        )
AMBER ANDERSON;                           )
JACKIE HARNED;                            )
SUSAN RIVERA;                             )
and LOUKISHA ROBERTS,                     )
                                          )
        Defendants.                       )

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

CARLO MUSSO, MD

        You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**WILLIAM R. CLAIBORNE**
**410 EAST BAY STREET**
**SAVANNAH, GA 31401**
**(912) 236-9559**

an answer to the complaint which is herewith served upon you, within 30 days after service of summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

        **This 2nd day of February, 2022.**

                                    Clerk of Superior Court
                                    CHATHAM COUNTY

                                    By
                                       (Deputy) Clerk

Instructions: Attach addendum sheet for additional parties if needed. Make notation on this sheet if addendum sheet is used.
SC-1 Rev. 99

e-Filed in Office
Tammie Mosley
Clerk of Superior Court
Chatham County
Date: 2/2/2022 10:22 AM
Reviewer: LS

IN THE SUPERIOR COURT OF CHATHAM COUNTY
STATE OF GEORGIA

JESSICA HODGES, as natural guardian of )
minor children, LANDON MICHAEL )
CREELY AND DAWSON LEE CREELY; )
and ESTATE OF LEE MICHAEL )
CREELY by and through )
Warren Ratchford, Esq. its Administrator, )
)
    Plaintiffs, )
)
vs. )
)
CHATHAM COUNTY, GEORGIA; )
CORRECTHEALTH LLC; )
CORRECTHEALTH CHATHAM, LLC; )
CARLO MUSSO, MD; )
KAREN FORCHETTE; )
ALFRED NEVELS; )
SELENA CARDONA; )
TEANNA FRANCES-HENDERSON; )
TERENCE JACKSON; )
DON WHITE; )
KARLOS MANNING; )
YVETTE BETHEL-QUINNEY; )
LOWRETTA FLORENCE; )
AMBER ANDERSON; )
JACKIE HARNED; )
SUSAN RIVERA; )
and LOUKISHA ROBERTS, )
)
    Defendants. )

Case Number: SPCV22-00098-KA

JURY TRIAL DEMANDED

**SUMMONS**

TO THE ABOVE NAMED DEFENDANT:

CARLO MUSSO, MD

**ORIGINAL**

Filed in the Clerk's Office this 2nd day of February, 2022.

Clerk, Dep. Clerk, S.C.*.C. GA

WILLIAM R. CLAIBORNE
PLAINTIFF'S ATTORNEYS

============================

Page 2 of 2

e-Filed in Office
Tammie Mosley
Clerk of Superior Court
Chatham County
Date: 2/2/2022 10:22 AM
Reviewer: LS

IN THE SUPERIOR COURT OF CHATHAM COUNTY
STATE OF GEORGIA

JESSICA HODGES, as natural guardian of )
minor children, LANDON MICHAEL )
CREELY AND DAWSON LEE CREELY; )
and ESTATE OF LEE MICHAEL )
CREELY by and through )
Warren Ratchford, Esq. its Administrator, )
)
    Plaintiffs, )
)
vs. )
)
CHATHAM COUNTY, GEORGIA; )
CORRECTHEALTH LLC; )
CORRECTHEALTH CHATHAM, LLC; )
CARLO MUSSO, MD; )
KAREN FORCHETTE; )
ALFRED NEVELS; )
SELENA CARDONA; )
TEANNA FRANCES-HENDERSON; )
TERENCE JACKSON; )
DON WHITE; )
KARLOS MANNING; )
YVETTE BETHEL-QUINNEY; )
LOWRETTA FLORENCE; )
AMBER ANDERSON; )
JACKIE HARNED; )
SUSAN RIVERA; )
and LOUKISHA ROBERTS, )
)
    Defendants. )

Case Number: SPCV22-00098-KA

JURY TRIAL DEMANDED

---

## SUMMONS

---

TO THE ABOVE NAMED DEFENDANT:

SELENA CARDONA

    You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**WILLIAM R. CLAIBORNE**
**410 EAST BAY STREET**
**SAVANNAH, GA 31401**
**(912) 236-9559**

an answer to the complaint which is herewith served upon you, within 30 days after service of summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

    **This 2ʳᵈ day of February, 2022.**

Clerk of Superior Court
CHATHAM COUNTY

By _____
    (Deputy) Clerk

Instructions: Attach addendum sheet for additional parties if needed. Make notation on this sheet if addendum sheet is used.
SC–1 Rev. 99

e-Filed in Office
Tammie Mosley
Clerk of Superior Court
Chatham County
Date: 2/2/2022 10:22 AM
Reviewer: LS

IN THE SUPERIOR COURT OF CHATHAM COUNTY
STATE OF GEORGIA

JESSICA HODGES, as natural guardian of          )
minor children, LANDON MICHAEL                   )
CREELY AND DAWSON LEE CREELY;              )
and ESTATE OF LEE MICHAEL                        )
CREELY by and through                                   )
Warren Ratchford, Esq. its Administrator,          )
                                                                          )
        Plaintiffs,                                                  )
                                                                          )
                                                                          )        Case Number: ___SPCV22-00098-KA___
vs.                                                                      )
                                                                          )
CHATHAM COUNTY, GEORGIA;                    )        JURY TRIAL DEMANDED
CORRECTHEALTH LLC;                               )
CORRECTHEALTH CHATHAM, LLC;            )
CARLO MUSSO, MD;                                     )
KAREN FORCHETTE;                                   )
ALFRED NEVELS;                                        )
SELENA CARDONA;                                    )
TEANNA FRANCES-HENDERSON;             )
TERENCE JACKSON;                                   )
DON WHITE;                                               )
KARLOS MANNING;                                    )
YVETTE BETHEL-QUINNEY;                     )
LOWRETTA FLORENCE;                            )
AMBER ANDERSON;                                  )
JACKIE HARNED;                                       )
SUSAN RIVERA;                                         )
and LOUKISHA ROBERTS,                          )
                                                                  )
        Defendants.                                         )

---

**SUMMONS**

---

TO THE ABOVE NAMED DEFENDANT:

SELENA CARDONA

**ORIGINAL**

Filed in the Clerk's Office this 2ⁿᵈ day of February, 2022.

Clerk, Dep. Clerk, S.C.*.C. GA

<u>WILLIAM R. CLAIBORNE</u>
PLAINTIFF'S ATTORNEYS

============================

e-Filed in Office
Tammie Mosley
Clerk of Superior Court
Chatham County
Date: 2/2/2022 10:22 AM
Reviewer: LS

IN THE SUPERIOR COURT OF CHATHAM COUNTY
STATE OF GEORGIA

| | |
|---|---|
| JESSICA HODGES, as natural guardian of minor children, LANDON MICHAEL CREELY AND DAWSON LEE CREELY; and ESTATE OF LEE MICHAEL CREELY by and through Warren Ratchford, Esq. its Administrator, | ) ) ) ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) Case Number: _SPCV22-00098-KA_ ) |
| CHATHAM COUNTY, GEORGIA; CORRECTHEALTH LLC; CORRECTHEALTH CHATHAM, LLC; CARLO MUSSO, MD; KAREN FORCHETTE; ALFRED NEVELS; SELENA CARDONA; TEANNA FRANCES-HENDERSON; TERENCE JACKSON; DON WHITE; KARLOS MANNING; YVETTE BETHEL-QUINNEY; LOWRETTA FLORENCE; AMBER ANDERSON; JACKIE HARNED; SUSAN RIVERA; and LOUKISHA ROBERTS, | ) JURY TRIAL DEMANDED ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

**SUMMONS**

TO THE ABOVE NAMED DEFENDANT:

SUSAN RIVERA

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**WILLIAM R. CLAIBORNE**
**410 EAST BAY STREET**
**SAVANNAH, GA 31401**
**(912) 236-9559**

an answer to the complaint which is herewith served upon you, within 30 days after service of summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 2nd day of February, 2022.**

Clerk of Superior Court
CHATHAM COUNTY

By _____
(Deputy) Clerk

Instructions: Attach addendum sheet for additional parties if needed. Make notation on this sheet if addendum sheet is used.
SC-1 Rev. 99

E-Filed in Office
Tammie Mosley
Clerk of Superior Court
Chatham County
Date: 2/2/2022 10:22 AM
Reviewer: LS

IN THE SUPERIOR COURT OF CHATHAM COUNTY
STATE OF GEORGIA

JESSICA HODGES, as natural guardian of )
minor children, LANDON MICHAEL )
CREELY AND DAWSON LEE CREELY; )
and ESTATE OF LEE MICHAEL )
CREELY by and through )
Warren Ratchford, Esq. its Administrator, )
 )
     Plaintiffs, )
 )
 ) Case Number: SPCV22-00098-KA
vs. )
 )
CHATHAM COUNTY, GEORGIA; ) JURY TRIAL DEMANDED
CORRECTHEALTH LLC; )
CORRECTHEALTH CHATHAM, LLC; )
CARLO MUSSO, MD; )
KAREN FORCHETTE; )
ALFRED NEVELS; )
SELENA CARDONA; )
TEANNA FRANCES-HENDERSON; )
TERENCE JACKSON; )
DON WHITE; )
KARLOS MANNING; )
YVETTE BETHEL-QUINNEY; )
LOWRETTA FLORENCE; )
AMBER ANDERSON; )
JACKIE HARNED; )
SUSAN RIVERA; )
and LOUKISHA ROBERTS, )
 )
     Defendants. )

---

## SUMMONS

---

TO THE ABOVE NAMED DEFENDANT:

SUSAN RIVERA

**ORIGINAL**

Filed in the Clerk's Office this 2nd day of February, 2022.

Clerk, Dep. Clerk, S.C.*.C. GA

WILLIAM R. CLAIBORNE
PLAINTIFF'S ATTORNEYS

============================

e-Filed in Office
Tammie Mosley
Clerk of Superior Court
Chatham County
Date: 2/2/2022 10:22 AM
Reviewer: LS

IN THE SUPERIOR COURT OF CHATHAM COUNTY
STATE OF GEORGIA

JESSICA HODGES, as natural guardian of )
minor children, LANDON MICHAEL )
CREELY AND DAWSON LEE CREELY; )
and ESTATE OF LEE MICHAEL )
CREELY by and through )
Warren Ratchford, Esq. its Administrator, )
)
    Plaintiffs, )
)
                            )    Case Number: SPCV22-00098-KA
vs. )
)
CHATHAM COUNTY, GEORGIA; )    JURY TRIAL DEMANDED
CORRECTHEALTH LLC; )
CORRECTHEALTH CHATHAM, LLC; )
CARLO MUSSO, MD; )
KAREN FORCHETTE; )
ALFRED NEVELS; )
SELENA CARDONA; )
TEANNA FRANCES-HENDERSON; )
TERENCE JACKSON; )
DON WHITE; )
KARLOS MANNING; )
YVETTE BETHEL-QUINNEY; )
LOWRETTA FLORENCE; )
AMBER ANDERSON; )
JACKIE HARNED; )
SUSAN RIVERA; )
and LOUKISHA ROBERTS, )
)
    Defendants. )

---

**SUMMONS**

---

TO THE ABOVE NAMED DEFENDANT:

              TEANNA FRANCES-HENDERSON

       You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

            **WILLIAM R. CLAIBORNE**
            **410 EAST BAY STREET**
            **SAVANNAH, GA 31401**
            **(912) 236-9559**

an answer to the complaint which is herewith served upon you, within 30 days after service of summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

       **This 2ⁿᵈ day of February, 2022.**

                      Clerk of Superior Court
                      CHATHAM COUNTY

                      By
                             (Deputy) Clerk

Instructions: Attach addendum sheet for additional parties if needed. Make notation on this sheet if addendum sheet is used.
SC–1 Rev. 99

e-Filed in Office
Tammie Mosley
Clerk of Superior Court
Chatham County
Date: 2/2/2022 10:22 AM
Reviewer: LS

IN THE SUPERIOR COURT OF CHATHAM COUNTY
STATE OF GEORGIA

JESSICA HODGES, as natural guardian of      )
minor children, LANDON MICHAEL              )
CREELY AND DAWSON LEE CREELY;               )
and ESTATE OF LEE MICHAEL                    )
CREELY by and through                        )
Warren Ratchford, Esq. its Administrator,    )
                                             )
    Plaintiffs,                    )
                                             )        SPCV22-00098-KA
vs.                                          )   Case Number:_____
                                             )
CHATHAM COUNTY, GEORGIA;                     )   JURY TRIAL DEMANDED
CORRECTHEALTH LLC;                           )
CORRECTHEALTH CHATHAM, LLC;                  )
CARLO MUSSO, MD;                             )
KAREN FORCHETTE;                             )
ALFRED NEVELS;                               )
SELENA CARDONA;                              )
TEANNA FRANCES-HENDERSON;                    )
TERENCE JACKSON;                             )
DON WHITE;                                   )
KARLOS MANNING;                              )
YVETTE BETHEL-QUINNEY;                       )
LOWRETTA FLORENCE;                           )
AMBER ANDERSON;                              )
JACKIE HARNED;                               )
SUSAN RIVERA;                                )
and LOUKISHA ROBERTS,                        )
                                             )
    Defendants.                    )

---

**SUMMONS**

---

TO THE ABOVE NAMED DEFENDANT:

        TEANNA FRANCES-HENDERSON

**ORIGINAL**

Filed in the Clerk's Office this 2nd day of February, 2022.

Clerk, Dep. Clerk, S.C.*.C. GA

WILLIAM R. CLAIBORNE
PLAINTIFF'S ATTORNEYS

============================

e-Filed in Office
Tammie Mosley
Clerk of Superior Court
Chatham County
Date: 2/2/2022 10:22 AM
Reviewer: LS

IN THE SUPERIOR COURT OF CHATHAM COUNTY
STATE OF GEORGIA

JESSICA HODGES, as natural guardian of )
minor children, LANDON MICHAEL )
CREELY AND DAWSON LEE CREELY; )
and ESTATE OF LEE MICHAEL )
CREELY by and through )
Warren Ratchford, Esq. its Administrator, )
)
    Plaintiffs, )
)
     ) Case Number: SPCV22-00098-KA
vs. )
) JURY TRIAL DEMANDED
CHATHAM COUNTY, GEORGIA; )
CORRECTHEALTH LLC; )
CORRECTHEALTH CHATHAM, LLC; )
CARLO MUSSO, MD; )
KAREN FORCHETTE; )
ALFRED NEVELS; )
SELENA CARDONA; )
TEANNA FRANCES-HENDERSON; )
TERENCE JACKSON; )
DON WHITE; )
KARLOS MANNING; )
YVETTE BETHEL-QUINNEY; )
LOWRETTA FLORENCE; )
AMBER ANDERSON; )
JACKIE HARNED; )
SUSAN RIVERA; )
and LOUKISHA ROBERTS, )
)
    Defendants. )

---

**SUMMONS**

---

TO THE ABOVE NAMED DEFENDANT:

### TERENCE JACKSON

    You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**WILLIAM R. CLAIBORNE**
**410 EAST BAY STREET**
**SAVANNAH, GA 31401**
**(912) 236-9559**

an answer to the complaint which is herewith served upon you, within 30 days after service of summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

    **This 2nd day of February, 2022.**

Clerk of Superior Court
CHATHAM COUNTY

By

(Deputy) Clerk

Instructions: Attach addendum sheet for additional parties if needed. Make notation on this sheet if addendum sheet is used.
SC–1 Rev. 99

Tammie Mosley
Clerk of Superior Court
Chatham County
Date: 2/2/2022 10:22 AM
Reviewer: LS

IN THE SUPERIOR COURT OF CHATHAM COUNTY
STATE OF GEORGIA

JESSICA HODGES, as natural guardian of        )
minor children, LANDON MICHAEL                )
CREELY AND DAWSON LEE CREELY;                 )
and ESTATE OF LEE MICHAEL                      )
CREELY by and through                          )
Warren Ratchford, Esq. its Administrator,      )
                                               )
        Plaintiffs,                            )
                                               )
                                               )            SPCV22-00098-KA
vs.                                            )
                                               )     Case Number:_____
                                               )
CHATHAM COUNTY, GEORGIA;                       )     JURY TRIAL DEMANDED
CORRECTHEALTH LLC;                             )
CORRECTHEALTH CHATHAM, LLC;                    )
CARLO MUSSO, MD;                               )
KAREN FORCHETTE;                               )
ALFRED NEVELS;                                 )
SELENA CARDONA;                                )
TEANNA FRANCES-HENDERSON;                      )
TERENCE JACKSON;                               )
DON WHITE;                                     )
KARLOS MANNING;                                )
YVETTE BETHEL-QUINNEY;                         )
LOWRETTA FLORENCE;                             )
AMBER ANDERSON;                                )
JACKIE HARNED;                                 )
SUSAN RIVERA;                                  )
and LOUKISHA ROBERTS,                          )
                                               )
        Defendants.                            )

**SUMMONS**

TO THE ABOVE NAMED DEFENDANT:

TERENCE JACKSON

**ORIGINAL**

Filed in the Clerk's Office this 2nd day of February, 2022.

_____
Clerk, Dep. Clerk, S.C.*.C. GA

WILLIAM R. CLAIBORNE
PLAINTIFF'S ATTORNEYS

============================

e-Filed in Office
Tammie Mosley
Clerk of Superior Court
Chatham County
Date: 2/2/2022 10:22 AM
Reviewer: LS

IN THE SUPERIOR COURT OF CHATHAM COUNTY
STATE OF GEORGIA

JESSICA HODGES, as natural guardian of      )
minor children, LANDON MICHAEL              )
CREELY AND DAWSON LEE CREELY;               )
and ESTATE OF LEE MICHAEL                    )
CREELY by and through                        )
Warren Ratchford, Esq. its Administrator,    )
                                             )
       Plaintiffs,                           )
                                             )
                                             )       SPCV22-00098-KA
vs.                                          )
                                             )   Case Number:_____
CHATHAM COUNTY, GEORGIA;                     )
CORRECTHEALTH LLC;                           )   JURY TRIAL DEMANDED
CORRECTHEALTH CHATHAM, LLC;                  )
CARLO MUSSO, MD;                             )
KAREN FORCHETTE;                             )
ALFRED NEVELS;                               )
SELENA CARDONA;                              )
TEANNA FRANCES-HENDERSON;                    )
TERENCE JACKSON;                             )
DON WHITE;                                   )
KARLOS MANNING;                              )
YVETTE BETHEL-QUINNEY;                       )
LOWRETTA FLORENCE;                           )
AMBER ANDERSON;                              )
JACKIE HARNED;                               )
SUSAN RIVERA;                                )
and LOUKISHA ROBERTS,                        )
                                             )
       Defendants.                           )
                                             )

---

**SUMMONS**

---

TO THE ABOVE NAMED DEFENDANT:    YVETTE BETHEL-QUINNEY

       You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**WILLIAM R. CLAIBORNE**
**410 EAST BAY STREET**
**SAVANNAH, GA 31401**
**(912) 236-9559**

an answer to the complaint which is herewith served upon you, within 30 days after service of summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

       **This 2ⁿᵈ day of February, 2022.**

                                        Clerk of Superior Court
                                        CHATHAM COUNTY

                                        By_____
                                              (Deputy) Clerk

Instructions: Attach addendum sheet for additional parties if needed. Make notation on this sheet if addendum sheet is used.
SC−1 Rev. 99

e-Filed in Office
Clerk of Superior Court
Chatham County
Date: 2/2/2022 10:22 AM
Reviewer: LS

IN THE SUPERIOR COURT OF CHATHAM COUNTY
STATE OF GEORGIA

JESSICA HODGES, as natural guardian of    )
minor children, LANDON MICHAEL            )
CREELY AND DAWSON LEE CREELY;             )
and ESTATE OF LEE MICHAEL                 )
CREELY by and through                     )
Warren Ratchford, Esq. its Administrator, )
                                          )
    Plaintiffs,                          )
                                          )
                                          )    SPCV22-00098-KA
vs.                                       )
                                          )    Case Number:_____
                                          )
CHATHAM COUNTY, GEORGIA;                  )    JURY TRIAL DEMANDED
CORRECTHEALTH LLC;                        )
CORRECTHEALTH CHATHAM, LLC;               )
CARLO MUSSO, MD;                          )
KAREN FORCHETTE;                          )
ALFRED NEVELS;                            )
SELENA CARDONA;                           )
TEANNA FRANCES-HENDERSON;                 )
TERENCE JACKSON;                          )
DON WHITE;                                )
KARLOS MANNING;                           )
YVETTE BETHEL-QUINNEY;                    )
LOWRETTA FLORENCE;                        )
AMBER ANDERSON;                           )
JACKIE HARNED;                            )
SUSAN RIVERA;                             )
and LOUKISHA ROBERTS,                     )
                                          )
    Defendants.                          )

---

**SUMMONS**

---

TO THE ABOVE NAMED DEFENDANT:

YVETTE BETHEL-QUINNEY

**ORIGINAL**

Filed in the Clerk's Office this 2nd day of February, 2022.

Clerk, Dep. Clerk, S.C.*.C. GA

WILLIAM R. CLAIBORNE
PLAINTIFF'S ATTORNEYS

================================

Page **2** of 2

e-Filed in Office
Tammie Mosley
Clerk of Superior Court
Chatham County
Date: 2/22/2022 12:24 PM
Reviewer: MS

IN THE SUPERIOR COURT OF CHATHAM COUNTY

STATE OF GEORGIA

| | |
|---|---|
| JESSICA HODGES, as natural guardian of ) | |
| minor children, LANDON MICHAEL ) | |
| CREELY AND DAWSON LEE CREELY; ) | |
| and ESTATE OF LEE MICHAEL ) | |
| CREELY by and through ) | |
| Warren Ratchford, Esq. its Administrator, ) | Civil Action File No. |
| ) | SPCV22-00098-KA |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| CHATHAM COUNTY, GEORGIA; ) | |
| CORRECT HEALTH LLC; ) | |
| CORRECTHEALTH CHATHAM, LLC; ) | |
| CARLO MUSSO, MD; KAREN FORCHETTE; ) | |
| ALFRED NEVELS; SELENA CARDONA; ) | |
| TEANNA FRANCES-HENDERSON; ) | |
| TERENCE JACKSON; DON WHITE; ) | |
| KARLOS MANNING; ) | |
| YVETTE BETHEL-QUINNEY; ) | |
| LOWRETTA FLORENCE; AMBER ANDERSON;) | |
| JACKIE HARNED; SUSAN RIVERA; ) | |
| and LOUKISHA ROBERTS, ) | |
| ) | |
| Defendants. ) | |

**WAIVER OF SERVICE OF SUMMONS**
**PURSUANT TO O.C.G.A. § 9-11-4**

COMES NOW Loukisha Roberts, named as Defendant in the above-styled matter, and hereby acknowledges and waives service of process of the Complaint which was filed with the Court on February 2, 2022. Defendant agrees to save the cost of service of a summons and an additional copy of the Complaint in this lawsuit by not requiring that Defendant be served with judicial process in the manner provided by the Georgia Rules of Civil Procedure.

Defendant retains all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

Pursuant to O.C.G.A. § 9-11-4(d)(5), Defendant shall have up to 60 days from the date on which the request for waiver of service was made to serve her Answer and affirmative defenses or otherwise respond to Plaintiffs' Complaint.

This the 22nd day of February, 2022.

/s/ Mary Ellen Lighthiser
Michael D. Flint
Georgia Bar No. 264725
Mary Ellen A. Lighthiser
Georgia Bar No. 105407
*Attorney for Defendant Loukisha Roberts*

Schreeder, Wheeler & Flint, LLP
1100 Peachtree Street N.E., Suite 800
Atlanta, Georgia 30309-4516
Telephone:    (404) 681-3450
Facsimile:    (404) 681-1046
E-Mail:    mflint@swfllp.com
E-Mail:    mlighthiser@swfllp.com

## CERTIFICATE OF SERVICE

This certifies that I have this day served the foregoing *Waiver of Service of Summons* upon

the following counsel of record by statutory electronic service:

> William R. Claiborne
> THE CLAIBORNE FIRM, P.C.
> 410 East Bay Street
> Savannah, Georgia 31401

> Carlton E. Joyce
> BOUHAN FALLIGANT, LLP
> One West Park Avenue
> Savannah, Georgia 31401

This the 22nd day of February, 2022

*/s/ Mary Ellen Lighthiser*
Michael D. Flint
Georgia Bar No. 264725
Mary Ellen A. Lighthiser
Georgia Bar No. 105407
*Attorney for Defendant Loukisha Roberts*

Schreeder, Wheeler & Flint, LLP
1100 Peachtree Street N.E., Suite 800
Atlanta, Georgia 30309-4516
Telephone:    (404) 681-3450
Facsimile:    (404) 681-1046
E-Mail:    mflint@swfllp.com
E-Mail:    mlighthiser@swfllp.com

e-Filed in Office
Tammie Mosley
Clerk of Superior Court
Chatham County
Date: 2/24/2022 1:59 PM
Reviewer: MS

IN THE SUPERIOR COURT OF CHATHAM COUNTY
STATE OF GEORGIA

JESSICA HODGES, as natural guardian of )
minor children, LANDON MICHAEL        )
CREELY AND DAWSON LEE CREELY;         )
and ESTATE OF LEE MICHAEL             )
CREELY by and through                 )
Warren Ratchford, Esq. its Administrator,  )
                                      )
        Plaintiffs,                   )
                                      )
vs.                                   )   Case Number: SPCV22-00098-KA
                                      )
CHATHAM COUNTY, GEORGIA;              )   JURY TRIAL DEMANDED
CORRECTHEALTH LLC;                    )
CORRECTHEALTH CHATHAM, LLC;           )
CARLO MUSSO, MD;                      )
KAREN FORCHETTE;                      )
ALFRED NEVELS;                        )
SELENA CARDONA;                       )
TEANNA FRANCES-HENDERSON;             )
TERENCE JACKSON;                      )
DON WHITE;                            )
KARLOS MANNING;                       )
YVETTE BETHEL-QUINNEY;                )
LOWRETTA FLORENCE;                    )
AMBER ANDERSON;                       )
JACKIE HARNED;                        )
SUSAN RIVERA;                         )
and LOUKISHA ROBERTS,                 )
                                      )
        Defendants.                   )

## WAIVER OF SERVICE OF SUMMONS
## PURSUANT TO O.C.G.A. § 9-11-4

COMES NOW Defendants CorrectHealth LLC, CorrectHealth Chatham LLC, Carlo

Musso, M.D., Karen Forchette, Lowretta Florence, Amber Anderson, Jackie Harned, and Susan

Rivera, in the above-styled matter, and hereby acknowledges and waives service of process of the

Complaint which was filed with the Court on February 2, 2022. Defendants agree to save the cost

of service of a summons and an additional copy of the Complaint in this lawsuit by not requiring

that Defendants be served with judicial process in the manner provided by the Georgia Rules of Civil Procedure.

Defendants retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons. Pursuant to O.C.G.A. § 9-11-4(d)(5), Defendants shall have up to 60 days from the date on which the request for waiver of service was made (to wit, February 22, 2022) to serve their Answer and affirmative defenses or otherwise respond to Plaintiffs' Complaint.

This **24ᵗʰ** day of February, 2022.

Carlton Joyce
Bar Number: 405515
*Attorney for Defendants CorrectHealth LLC, CorrectHealth Chatham LLC, Carlo Musso, M.D., Karen Forchette, Lowretta Florence, Amber Anderson, Jackie Harned, and Susan Rivera*

BOUHAN FALLIGANT LLP
Post Office Box 2139
Savannah, Georgia 31402
(912) 232-7000 Telephone
(912) 233-0811 Facsimile
cejoyce@bouhan.com

## CERTIFICATE OF SERVICE

This certifies that I have this day served the foregoing *Waiver of Service of Summons* upon

the following counsel of record by statutory electronic service:

> William R. Claiborne
> THE CLAIBORNE FIRM, P.C.
> 410 East Bay Street
> Savannah, Georgia 31401

> Michael D. Flint
> Mary Ellen A. Lighthiser
> SCHREEDER, WHEELER & FLINT, LLP
> 1100 Peachtree Street N.E., Suite 800
> Atlanta, Georgia 30309-4516

> R. Jonathan Hart
> Chatham County Attorney
> 124 Bull Street, Room 230
> Savannah, Georgia 31401

This the 24ᵗ day of February, 2022

Carlton Joyce
Bar Number: 405515
*Attorney for Defendants CorrectHealth LLC,*
*CorrectHealth Chatham LLC, Carlo Musso,*
*M.D., Karen Forchette, Lowretta Florence,*
*Amber Anderson, Jackie Harned, and Susan*
*Rivera*

BOUHAN FALLIGANT LLP
Post Office Box 2139
Savannah, Georgia 31402
(912) 232-7000 Telephone
(912) 233-0811 Facsimile
cejoyce@bouhan.com

e-Filed in Office
Tammie Mosley
Clerk of Superior Court
Chatham County
Date: 2/24/2022 12:29 PM
Reviewer: AB

IN THE SUPERIOR COURT OF CHATHAM COUNTY
STATE OF GEORGIA

JESSICA HODGES, as natural guardian of )
minor children, LANDON MICHAEL )
CREELY AND DAWSON LEE CREELY; )
and ESTATE OF LEE MICHAEL )
CREELY by and through )
Warren Ratchford, Esq. its Administrator, )
                                        )
        Plaintiffs, )
                                          )
vs.                                )     Case Number: SPCV22-00098-KA
                                          )
CHATHAM COUNTY, GEORGIA; )     JURY TRIAL DEMANDED
CORRECTHEALTH LLC; )
CORRECTHEALTH CHATHAM, LLC; )
CARLO MUSSO, MD; )
KAREN FORCHETTE; )
ALFRED NEVELS; )
SELENA CARDONA; )
TEANNA FRANCES-HENDERSON; )
TERENCE JACKSON; )
DON WHITE; )
KARLOS MANNING; )
YVETTE BETHEL-QUINNEY; )
LOWRETTA FLORENCE; )
AMBER ANDERSON; )
JACKIE HARNED; )
SUSAN RIVERA; )
and LOUKISHA ROBERTS, )
                                          )
        Defendants. )

## ACKNOWLEDGMENT AND WAIVER OF SERVICE

The undersigned attorney for the Defendants Chatham County, Georgia, Alfred Nevels,

Selena Cardona, Teanna U. Frances-Henderson, Terence Jackson, Don White, Karlos Manning,

and Yvette Bethel-Quinney, hereby consents and acknowledges due and legal service of the

Complaint filed by Jessica Hodges, as natural guardian of minor children, Landon Michael Creely

and Dawson Lee Creely and Estate of Lee Michael Greely by and through Warren Ratchford, Esq. its Administrator, in the above-styled case on behalf of the Defendants Chatham County, Georgia, Alfred Nevels, Selena Cardona, Teanna U. Frances-Henderson, Terence Jackson, Don White, Karlos Manning, and Yvette Bethel-Quinney.  I hereby waive any further service, including any service of process, in this action.  The undersigned further represents to the Court that he fully understands the terms and effect of this Acknowledgment and Waiver of Service, that he has been authorized by his clients to execute the same, and he makes the acknowledgments set forth herein.

This _21_ day of _February_ _____, 2022.

 

 

 

_____
R. Jonathan Hart
County Attorney
Bar Number: 333692
*Attorney for Defendants Chatham County,*
*Georgia, Alfred Nevels, Selena Cardona,*
*Teanna U. Frances-Henderson, Terence*
*Jackson, Don White, Karlos Manning, and*
*Yvette Bethel-Quinney*

Andre Pretorius, Asst. Co. Attorney
for

124 Bull Street
Room 230
Savannah, Georgia 31401
912-652-7881 Telephone
912-652-7887 Facsimile
rjhart@chathamcounty.org

e-Filed in Office
Tammie Mosley
Clerk of Superior Court
Chatham County
Date: 3/24/2022 9:36 AM
Reviewer: AJ

## IN THE SUPERIOR COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| JESSICA HODGES, as natural guardian of minor children, LANDON MICHAEL CREELY AND DAWSON LEE CREELY; and ESTATE OF LEE MICHAEL CREELY by and through Warren Ratchford, Esq. its Administrator, | ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case Number: SPCV22-00098-KA ) |
| CHATHAM COUNTY, GEORGIA; CORRECTHEALTH LLC; CORRECTHEALTH CHATHAM, LLC; CARLO MUSSO, MD; KAREN FORCHETTE; ALFRED NEVELS; SELENA CARDONA; TEANNA FRANCES-HENDERSON; TERENCE JACKSON; DON WHITE; KARLOS MANNING; YVETTE BETHEL-QUINNEY; LOWRETTA FLORENCE; AMBER ANDERSON; JACKIE HARNED; SUSAN RIVERA; and LOUKISHA ROBERTS | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

### ANSWER TO COMPLAINT

NOW COME Defendants, Chatham County, Georgia; Alfred Nevels, Selena Cardona, Teanna U. Frances-Henderson, Terence Jackson, Don White, Karlos Manning and Yvette Bethel-Quinney (collectively" County Defendants") and answers Plaintiffs first amended complaint as follows:

### FIRST DEFENSE

Plaintiffs' complaint fails to state a claim upon which relief can be granted.

1

## SECOND DEFENSE

County Defendants are entitled to official and qualified immunity.

## THIRD DEFENSE

The County is entitled to sovereign immunity from liability for the allegations recited in Plaintiffs' complaint.

## FOURTH DEFENSE

The operation of a sheriff's department is a governmental function for which the County benefits from sovereign immunity from liability.

## FIFTH DEFENSE

The defendant identified in the caption of this complaint as "Chatham County, Georgia" is not a legal entity subject to suit in the courts of this state and any action purported to be brought against it is a nullity

## SIXTH DEFENSE

County Defendants at all times acted in good faith without malice and without an intent to cause injury.

## SEVENTH DEFENSE

Any injuries or damages suffered by Plaintiffs, is the result of actions or inactions of Lee Michael Creely or others and therefore Plaintiffs cannot recover from County Defendants.

## EIGHTH DEFENSE

County Defendants deny that they have violated any of Plaintiffs' rights under 42 U.S.C §1983.

## NINTH DEFENSE

County Defendants deny that they denied Lee Michael Creely access to medical services as proscribed by O.C.G.A. §§42-4-4(a)(2) and 42-5-2.

## TENTH DEFENSE

Any injuries to Lee Michael Creely were not the result of any action or inaction on the part of County Defendants, as they were not the proximate cause of Creely's death.

## ELEVENTH DEFENSE

There is no basis for any award of attorney's fees for the prosecution of this action against County Defendants.

## TWELFTH DEFENSE

There is no basis in law for the award of punitive damages against Sheriff Department deputies, as the Sheriff is an arm of the state against which an award of punitive damages cannot be sustained.

## THIRTEENTH DEFENSE

The doctrine of *respondeat superior* does not apply to the causes of action and therefore any claims against defendants based upon such theories should be dismissed.

## FOURTEENTH DEFENSE

As discovery has not yet begun, the Defendants specifically reserve the right to raise any additional claims or affirmative defenses which may be discovered. Defenses asserted herein are based upon initial theories of defense counsel.  Defendants further specifically reserve the right to withdraw or add any defenses to conform to the evidence presented at the time of trial. The Defendants raise all those affirmative defenses set forth in O.C.G.A. §9-11-18(c) and none of which are waived.

**FIFTEENTH DEFENSE**

The Defendants show that its responses contained within this Answer are based upon all information currently available to Defendants and are interposed in a good faith attempt to address and respond to all allegations within Plaintiff's Complaint.  Accordingly, Defendants reserve all rights to amend, supplement, and explain the responses herein above as this case progresses.

Subject to and without waiving the above stated general defenses, Defendants respond to the individually enumerated paragraphs of Plaintiff's Complaint by showing:

**I. PARTIES:**

1.      County Defendants are without knowledge sufficient to either admit or deny the allegations contained in Paragraph 1 of Plaintiffs' complaint. To the extent that Plaintiffs seek to impose liability upon County Defendants, the allegations are denied.

2.      County Defendants are without knowledge sufficient to either admit or deny the allegations contained in Paragraph 2 of Plaintiffs' complaint. To the extent that Plaintiffs seek to impose liability upon County Defendants, the allegations are denied.

3.      County Defendants deny the allegations contained in paragraph 3 of Plaintiffs' complaint, as pled.

4.      The allegations contained in paragraph  4 of Plaintiffs' complaint  do not address County Defendants,  and does not require a response.  To the extent that Plaintiffs seek to impose liability upon County Defendants, the allegations are denied.

5.      County Defendants admit the allegations contained in paragraph 5 of Plaintiffs' complaint.

6.      County Defendants deny that Musso delegated policy making authority to County Defendants named in this lawsuit. County Defendants are without knowledge sufficient to either admit or deny the remaining allegations contained in Paragraph 6 of Plaintiffs' complaint. To the extent that Plaintiffs seek to impose liability upon County Defendants, the allegations are denied.

7.      County Defendants deny that Forchette delegated policy making authority to County Defendants named in this lawsuit. County Defendants are without knowledge sufficient to either admit or deny the remaining allegations contained in Paragraph 7 of Plaintiffs' complaint. To the extent that Plaintiffs seek to impose liability upon County Defendants, the allegations are denied.

8.      County Defendants admit that Alfred Nevels is a person of full age of majority and was at the pertinent times, employed by Chatham County Sheriff's Office and assigned as a supervisor to posts, but deny the remaining allegations contained in paragraph 8 of Plaintiffs' complaint, as pled.

9.      County Defendants admit that Selena Cardona was employed by the Chatham County Sheriff's Office, but deny the remaining allegations contained in paragraph 9 of Plaintiffs' complaint, as pled.

10.      County Defendants admit that Teanna France-Henderson was employed by the Chatham County Sheriff's Office, but deny the remaining allegations contained in paragraph 10 of Plaintiffs' complaint, as pled.

11.      County Defendants admit that Terrence Jackson was employed by the Chatham County Sheriff's Office, but deny the remaining allegations contained in paragraph 11 of Plaintiffs' complaint, as pled.

12.     County Defendants admit that Don White was employed by the Chatham County Sheriff's Office, but deny the remaining allegations contained in paragraph 12 of Plaintiffs' complaint, as pled.

13.     County Defendants admit that Karlos Manning was employed by the Chatham County Sheriff's Office, but deny the remaining allegations contained in paragraph 13 of Plaintiffs' complaint, as pled.

14.     County Defendants admit that Yvette Bethel-Quinney was employed by the Chatham County Sheriff's Office, but deny the remaining allegations contained in paragraph 14 of Plaintiffs' complaint, as pled.

15.     The allegations contained in paragraph 15 of Plaintiffs' complaint do not address County Defendants, and does not require a response.  To the extent that Plaintiffs seek to impose liability upon County Defendants, the allegations are denied.

16.     The allegations contained in paragraph 16 of Plaintiffs' complaint do not address County Defendants, and does not require a response.  To the extent that Plaintiffs seek to impose liability upon County Defendants, the allegations are denied.

17.     The allegations contained in paragraph 17 of Plaintiffs' complaint do not address County Defendants, and does not require a response.  To the extent that Plaintiffs seek to impose liability upon County Defendants, the allegations are denied.

18.     The allegations contained in paragraph 18 of Plaintiffs' complaint do not address County Defendants, and does not require a response.  To the extent that Plaintiffs seek to impose liability upon County Defendants, the allegations are denied.

19.     The allegations contained in paragraph 19 of Plaintiffs' complaint do not address County Defendants, and does not require a response. To the extent that Plaintiffs seek to impose liability upon County Defendants, the allegations are denied.

## II. JURISDICTION AND VENUE

20.     County Defendants admit that venue is proper in this Court but is without knowledge sufficient to either admit or deny the remaining allegations contained in Paragraph 20 of Plaintiffs' complaint. To the extent that Plaintiffs seek to impose liability upon County Defendants, the allegations are denied.

## III. FACTUAL ALLEGATIONS

21.     County Defendants are without knowledge sufficient to either admit or deny the allegations contained in Paragraph 21 of Plaintiffs' complaint. To the extent that Plaintiffs seek to impose liability upon County Defendants, the allegations are denied.

22.     County Defendants admit that Mr. Creely entered the jail and booked on September 3, 2020.

23.     County Defendants are without knowledge sufficient to either admit or deny the allegations contained in Paragraph 23 of Plaintiffs' complaint. To the extent that Plaintiffs seek to impose liability upon County Defendants, the allegations are denied.

24.     County Defendants are without knowledge sufficient to either admit or deny the allegations contained in Paragraph 24 of Plaintiffs' complaint. To the extent that Plaintiffs seek to impose liability upon County Defendants, the allegations are denied.

25.     County Defendants are without knowledge sufficient to either admit or deny the allegations contained in Paragraph 25 of Plaintiffs' complaint. To the extent that Plaintiffs seek to impose liability upon County Defendants, the allegations are denied.

26.     County Defendants are without knowledge sufficient to either admit or deny the allegations contained in Paragraph 26 of Plaintiffs' complaint. To the extent that Plaintiffs seek to impose liability upon County Defendants, the allegations are denied.

27.     County Defendants are without knowledge sufficient to either admit or deny the allegations contained in Paragraph 27 of Plaintiffs' complaint. To the extent that Plaintiffs seek to impose liability upon County Defendants, the allegations are denied.

28.     Upon information and belief, County Defendants admit the allegations contained in paragraph 28 of Plaintiffs' complaint.

29.     The allegations contained in paragraph 29 of Plaintiffs' complaint do not address County Defendants, and does not require a response. To the extent that a response is required, County Defendants are without knowledge sufficient to either admit or deny the allegations contained in Paragraph 29 of Plaintiffs' complaint.

30.     The allegations contained in paragraph 30 of Plaintiffs' complaint do not address County Defendants, and does not require a response. To the extent that a response is required, County Defendants are without knowledge sufficient to either admit or deny the allegations contained in Paragraph 29 of Plaintiffs' complaint.

31.     County Defendants deny the allegations contained in paragraph 31 of Plaintiff's complaint, as pled.

32.     County Defendants are without knowledge sufficient to either admit or deny the allegations contained in Paragraph 32 of Plaintiffs' complaint. To the extent that Plaintiffs seek to impose liability upon County Defendants, the allegations are denied.

33.     County Defendants are without knowledge sufficient to either admit or deny the allegations contained in Paragraph 33 of Plaintiffs' complaint. To the extent that Plaintiffs seek to impose liability upon County Defendants, the allegations are denied.

34.     County Defendants are without knowledge sufficient to either admit or deny the allegations contained in Paragraph 34 of Plaintiffs' complaint. To the extent that Plaintiffs seek to impose liability upon County Defendants, the allegations are denied.

35.     County Defendants are without knowledge sufficient to either admit or deny the allegations contained in Paragraph 35 of Plaintiffs' complaint. To the extent that Plaintiffs seek to impose liability upon County Defendants, the allegations are denied.

36.     County Defendants deny the allegations contained in paragraph 36 of Plaintiff's complaint, as pled. By way of further response, County Defendants admit that a security check is to be conducted by the officer assigned to the wing every 30 minutes during a 12-hour shift.

37.     Upon information and belief, County Defendants admit the allegations contained in paragraph 37 of Plaintiffs' complaint.

38.     County Defendants admit that Officer Henderson completed three security checks within the 12 hours worked on September 03, 2020, but are without knowledge sufficient to either admit or deny the allegations contained in Paragraph 38 of Plaintiffs' complaint. To the extent that Plaintiffs seek to impose liability upon County Defendants, the allegations are denied.

39.     County Defendants admit the allegations contained in paragraph 39 of Plaintiffs' complaint.

40.     County Defendants admit the allegations contained in paragraph 40 of Plaintiffs' complaint.

41.     County Defendants are without knowledge sufficient to either admit or deny the allegations contained in Paragraph 41 of Plaintiffs' complaint. To the extent that Plaintiffs seek to impose liability upon County Defendants, the allegations are denied.

42.     County Defendants are without knowledge sufficient to either admit or deny the allegations contained in Paragraph 42 of Plaintiffs' complaint. To the extent that Plaintiffs seek to impose liability upon County Defendants, the allegations are denied.

43.     County Defendants admit that on July 1, 2018, Chatham County, the Chatham County Sheriff's Office, and CorrectHealth executed a new contract. County Defendants are without knowledge sufficient to either admit or deny the remaining allegations contained in Paragraph 43 of Plaintiffs' complaint. To the extent that Plaintiffs seek to impose liability upon County Defendants, the allegations are denied

44.     County Defendants admit that the July 1, 2018 contract provided for four (4) additional one-year renewal options, with an additional two (2) one-year renewal options. County Defendants are without knowledge sufficient to either admit or deny the remaining allegations contained in Paragraph 44 of Plaintiffs' complaint. To the extent that Plaintiffs seek to impose liability upon County Defendants, the allegations are denied

45.     County Defendants are without knowledge sufficient to either admit or deny the allegations contained in Paragraph 45 of Plaintiffs' complaint. To the extent that Plaintiffs seek to impose liability upon County Defendants, the allegations are denied.

46.     Upon information and belief, County Defendants admit the allegations contained in paragraph 46 of Plaintiffs' complaint.

47.     Upon information and belief, County Defendants admit the allegations contained in paragraph 47 of Plaintiffs' complaint.

48.     County Defendants admit the allegations contained in paragraph 48 of Plaintiffs' complaint.

49.     County Defendants are without knowledge sufficient to either admit or deny the allegations contained in Paragraph 49 of Plaintiffs' complaint. To the extent that Plaintiffs seek to impose liability upon County Defendants, the allegations are denied

50.     County Defendants are without knowledge sufficient to either admit or deny the allegations contained in Paragraph 50 of Plaintiffs' complaint. To the extent that Plaintiffs seek to impose liability upon County Defendants, the allegations are denied.

51.     County Defendants are without knowledge sufficient to either admit or deny the allegations contained in Paragraph 51 of Plaintiffs' complaint. To the extent that Plaintiffs seek to impose liability upon County Defendants, the allegations are denied.

52.     County Defendants are without knowledge sufficient to either admit or deny the allegations contained in Paragraph 52 of Plaintiffs' complaint. To the extent that Plaintiffs seek to impose liability upon County Defendants, the allegations are denied.

53.     County Defendants are without knowledge sufficient to either admit or deny the allegations contained in Paragraph 53 of Plaintiffs' complaint. To the extent that Plaintiffs seek to impose liability upon County Defendants, the allegations are denied.

54.     County Defendants are without knowledge sufficient to either admit or deny the allegations contained in Paragraph 54 of Plaintiffs' complaint. To the extent that Plaintiffs seek to impose liability upon County Defendants, the allegations are denied.

55.     County Defendants are without knowledge sufficient to either admit or deny the allegations contained in Paragraph 55 of Plaintiffs' complaint. To the extent that Plaintiffs seek to impose liability upon County Defendants, the allegations are denied.

56.     County Defendants are without knowledge sufficient to either admit or deny the allegations contained in Paragraph 56 of Plaintiffs' complaint. To the extent that Plaintiffs seek to impose liability upon County Defendants, the allegations are denied.

57.     County Defendants deny the allegations contained in paragraph 57 of Plaintiffs' complaint.

58.     County Defendants deny the allegations contained in paragraph 57 of Plaintiffs' complaint to the extent they pertain to County Defendants and is without sufficient knowledge or information upon which to admit or deny the allegations to the extent they pertain to the other defendants.

59.     County Defendants are without knowledge sufficient to either admit or deny the allegations contained in Paragraph 59 of Plaintiffs' complaint. To the extent that Plaintiffs seek to impose liability upon County Defendants, the allegations are denied.

60.     County Defendants admit that on April 7, 2017, Jerome Hill died after jumping off of the jail wing's second floor. County Defendants are without knowledge sufficient to either admit or deny the remaining allegations contained in Paragraph 60 of Plaintiffs' complaint. To the extent that Plaintiffs seek to impose liability upon County Defendants, the allegations are denied.

61.     County Defendants admit that on Mosheh Underwood committed suicide. County Defendants are without knowledge sufficient to either admit or deny the remaining allegations contained in Paragraph 61 of Plaintiffs' complaint. To the extent that Plaintiffs seek to impose liability upon County Defendants, the allegations are denied.

62.     County Defendants admit that Michael McLemore committed suicide.

63.     County Defendants admit the allegations contained in paragraph 63 of Plaintiffs' complaint.

64.     County Defendants are without knowledge sufficient to either admit or deny the allegations contained in Paragraph 64 of Plaintiffs' complaint. To the extent that Plaintiffs seek to impose liability upon County Defendants, the allegations are denied.

65.     County Defendants are without knowledge sufficient to either admit or deny the allegations contained in Paragraph 65 of Plaintiffs' complaint. To the extent that Plaintiffs seek to impose liability upon County Defendants, the allegations are denied.

66.     County Defendants are without knowledge sufficient to either admit or deny the allegations contained in the first sentence of paragraph 66 of Plaintiffs' complaint. To the extent that Plaintiffs seek to impose liability upon County Defendants, the allegations are denied. County Defendants deny the remaining allegations, as pled.

67.     County Defendants are without knowledge sufficient to either admit or deny the allegations contained in the first sentence of paragraph 67 of Plaintiffs' complaint. To the extent that Plaintiffs seek to impose liability upon County Defendants, the allegations are denied. County Defendants deny the remaining allegations, as pled.

68.     County Defendants deny the allegations contained in paragraph 68 of Plaintiffs' complaint.

69.     County Defendants deny the allegations contained in paragraph 69 of Plaintiffs' complaint.

70.     County Defendants deny the allegations contained in paragraph 70 of Plaintiffs' complaint.

71.     County Defendants deny the allegations contained in paragraph 71 of Plaintiffs' complaint.

72.     County Defendants deny the allegations contained in paragraph 72 of Plaintiffs' complaint.

73.     County Defendants deny the allegations contained in paragraph 73 of Plaintiffs' complaint.

74.     County Defendants deny the allegations contained in paragraph 74 of Plaintiffs' complaint.

75.     County Defendants deny the allegations contained in paragraph 75 of Plaintiffs' complaint.

76.     County Defendants deny the allegations contained in paragraph 76 of Plaintiffs' complaint to the extent they pertain to County Defendants and is without sufficient knowledge or information upon which to admit or deny the allegations to the extent they pertain to the other defendants.

77.     County Defendants deny the allegations contained in paragraph 77 of Plaintiffs' complaint to the extent they pertain to County Defendants and is without sufficient knowledge or information upon which to admit or deny the allegations to the extent they pertain to the other defendants.

78.     County Defendants deny the allegations contained in paragraph 78 of Plaintiffs' complaint to the extent they pertain to County Defendants and is without sufficient knowledge or information upon which to admit or deny the allegations to the extent they pertain to the other defendants.

79.     County Defendants deny the allegations contained in paragraph 79 of Plaintiffs' complaint to the extent they pertain to County Defendants and is without sufficient knowledge or information upon which to admit or deny the allegations to the extent they pertain to the other defendants.

80.     County Defendants deny the allegations contained in paragraph 80 of Plaintiffs' complaint to the extent they pertain to County Defendants and is without sufficient knowledge or information upon which to admit or deny the allegations to the extent they pertain to the other defendants.

81.     County Defendants deny the allegations contained in paragraph 81 of Plaintiffs' complaint to the extent they pertain to County Defendants and is without sufficient knowledge or information upon which to admit or deny the allegations to the extent they pertain to the other defendants.

82.     County Defendants deny the allegations contained in paragraph 82 of Plaintiffs' complaint to the extent they pertain to County Defendants and is without sufficient knowledge or information upon which to admit or deny the allegations to the extent they pertain to the other defendants.

83.     County Defendants deny the allegations contained in paragraph 83 of Plaintiffs' complaint to the extent they pertain to County Defendants and is without sufficient knowledge or information upon which to admit or deny the allegations to the extent they pertain to the other defendants.

**COUNT 1 - §1983 Violation Based on Establishment of a System in which Individuals Detoxicating from Dangerous and Addictive Substances Are Denied Access to Appropriate Medical Care – Defendants COUNTY, CORRECTHEALTH LLC, CORRECTHEALTH CHATHAM, MUSSO and FORCHETTE (Official Capacities)**

84.     County Defendants restate and incorporate by reference their answers to paragraphs 1 through 83, as if fully set forth herein.

85.     County Defendants deny the allegations contained in paragraph 85 of Plaintiffs' complaint to the extent they pertain to County Defendants and is without sufficient knowledge or information upon which to admit or deny the allegations to the extent they pertain to the other defendants.

86.     County Defendants deny the allegations contained in paragraph 86 of Plaintiffs' complaint to the extent they pertain to County Defendants and is without sufficient knowledge or information upon which to admit or deny the allegations to the extent they pertain to the other defendants.

87.     County Defendants deny the allegations contained in paragraph 87 of Plaintiffs' complaint to the extent they pertain to County Defendants and is without sufficient knowledge or information upon which to admit or deny the allegations to the extent they pertain to the other defendants.

**COUNT 2 – *Monell* Violation of §1983 Based on Establishment of Policies, Patterns or Practices pursuant to which People in the Jail with Serious Medical Conditions Are Denied Access to Appropriate Medical Care – Defendants COUNTY, CORRECTHEALTH LLC, CORRECTHEALTH CHATHAM, MUSSO and FORCHETTE (Official Capacities)**

88.     County Defendants restate and incorporate by reference their answers to paragraphs 1 through 87, as if fully set forth herein.

89.     County Defendants deny the allegations contained in paragraph 89 of Plaintiffs' complaint to the extent they pertain to County Defendants and is without sufficient knowledge or information upon which to admit or deny the allegations to the extent they pertain to the other defendants.

90.     County Defendants deny the allegations contained in paragraph 90 of Plaintiffs' complaint to the extent they pertain to County Defendants and is without sufficient knowledge or information upon which to admit or deny the allegations to the extent they pertain to the other defendants.

91.     County Defendants deny the allegations contained in paragraph 91 of Plaintiffs' complaint to the extent they pertain to County Defendants and is without sufficient knowledge or information upon which to admit or deny the allegations to the extent they pertain to the other defendants.

92.     County Defendants deny the allegations contained in paragraph 92 of Plaintiffs' complaint to the extent they pertain to County Defendants and is without sufficient knowledge or information upon which to admit or deny the allegations to the extent they pertain to the other defendants.

93.     County Defendants deny the allegations contained in paragraph 93 of Plaintiffs' complaint to the extent they pertain to County Defendants and is without sufficient knowledge or information upon which to admit or deny the allegations to the extent they pertain to the other defendants.

**COUNT 3 - §1983 Violation Based on Deliberate Indifference to Mr. Creely's Constitutional right to Appropriate Medical Care – Defendants CARLO MUSSO, KARENFORCHETTE, ALFRED NEVELS, SELENA CARDONA, TEANNA FRANCES-HENDERSON, TERRENCE JACKSON, DON WHITE, KARLOS MANNING, YVETTE BETHEL-QUINNEY, LOWRETTA FLORENCE, AMBER ANDERSON, JACKIE HARNED, SUSAN RIVERA, and LOUKISHA ROBERTS (Individual Capacities)**

94.     County Defendants restate and incorporate by reference their answers to paragraphs 1 through 93, as if fully set forth herein.

95.     County Defendants deny the allegations contained in paragraph 95 of Plaintiffs' complaint to the extent they pertain to County Defendants and is without sufficient knowledge or

17

information upon which to admit or deny the allegations to the extent they pertain to the other defendants.

96.      County Defendants deny the allegations contained in paragraph 96 of Plaintiffs' complaint to the extent they pertain to County Defendants and is without sufficient knowledge or information upon which to admit or deny the allegations to the extent they pertain to the other defendants.

97.      County Defendants deny the allegations contained in paragraph 97 of Plaintiffs' complaint to the extent they pertain to County Defendants and is without sufficient knowledge or information upon which to admit or deny the allegations to the extent they pertain to the other defendants.

**COUNT 4 – Wrongful Death – All Defendants**

98.      County Defendants restate and incorporate by reference their answers to paragraphs 1 through 97, as if fully set forth herein.

99.      County Defendants deny the allegations contained in paragraph 99 of Plaintiffs' complaint to the extent they pertain to County Defendants and is without sufficient knowledge or information upon which to admit or deny the allegations to the extent they pertain to the other defendants.

100.      County Defendants deny the allegations contained in paragraph 100 of Plaintiffs' Complaint. Mr. Creely's cause of death was accidental fentanyl overdose from fentanyl brought in by Mr. Creely in his anal cavity. By way of further response, it was determined that there is a high probability that inmate Creely entered into Effingham County Sheriff's Office with the Fentanyl already in his anal cavity.

101.   County Defendants deny the allegations contained in paragraph 101 of Plaintiffs' Complaint. By way of further response, Mr. Creely's cause of death was fentanyl intoxication.

102.   County Defendants admit that Plaintiffs Landon and Dawson Creely are entitled to bring this action as the surviving children of Mr. Creely but to the extent that Plaintiffs seek to impose liability upon County Defendants, the allegations are denied.

WHEREFORE, County Defendants further deny each and every allegation not specifically admitted herein.

Wherefore, having answered the complaint and stated their defenses, Defendants request that judgment be entered in their favor against the Plaintiff, that Plaintiff take nothing of Defendants, that Defendants be awarded and Plaintiff be assessed all costs incurred, including attorney's fees, that all costs of this action be taxed against the Plaintiff, and for such other relief as this Court may deem just and proper.

This 24th day of March, 2022.

Chatham County Attorney

/s/ R. Jonathan Hart
R. Jonathan Hart
County Attorney
State Bar No. 333692
/s/ Andre Pretorius
Andre Pretorius
Assistant County Attorney
State Bar No. 298154

Chatham County Attorney's Office
P.O. Box 8161
Savannah, GA 31412
T: (912) 652-7881
F: (912) 652-7887
rjhart@chathamcounty.org
anpretorius@chathamcounty.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 24, 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to opposing counsel.

s/Andre Pretorius
Andre Pretorius
State Bar No. 298154

Chatham County Attorney's Office
P.O. Box 8161
Savannah, GA 31412
T: (912) 652-7881
anpretorius@chathamcounty.org

e-Filed in Office
Tammie Mosley
Clerk of Superior Court
Chatham County
Date: 3/24/2022 9:09 AM
Reviewer: LS

IN THE SUPERIOR COURT OF CHATHAM COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| JESSICA HODGES, as natural guardian of | ) | |
| minor children, LANDON MICHAEL | ) | |
| CREELY AND DAWSON LEE CREELY; | ) | |
| and ESTATE OF LEE MICHAEL | ) | |
| CREELY by and through Warren Ratchford, | ) | |
| Esq., its Administrator, | ) | Civil Action File No. |
| | ) | SPCV22-00098-KA |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CHATHAM COUNTY, GEORGIA; | ) | |
| CORRECT HEALTH LLC; | ) | |
| CORRECTHEALTH CHATHAM, LLC; | ) | |
| CARLO MUSSO, MD; KAREN FORCHETTE; | ) | |
| ALFRED NEVELS; SELENA CARDONA; | ) | |
| TEANNA FRANCES-HENDERSON; | ) | |
| TERENCE JACKSON; DON WHITE; | ) | |
| KARLOS MANNING; | ) | |
| YVETTE BETHEL-QUINNEY; | ) | |
| LOWRETTA FLORENCE; AMBER | ) | |
| ANDERSON; JACKIE HARNED; SUSAN | ) | |
| RIVERA; and LOUKISHA ROBERTS, | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER AND AFFIRMATIVE DEFENSES OF
DEFENDANT LOUKISHA ROBERTS**

Defendant Loukisha Roberts ("Defendant") hereby submits the following Answer

and Affirmative Defenses to the Plaintiffs' Complaint, showing the Court as follows:

**FIRST DEFENSE**

Defendant was acting under color of state law and performing discretionary

functions and, as such, is entitled to qualified immunity.

## SECOND DEFENSE

There is no causal connection between any alleged act or omission on the part of this Defendant and any injuries or damages allegedly suffered by the Plaintiffs or their decedent.

## THIRD DEFENSE

Plaintiffs' Complaint fails to state a claim against Defendant upon which relief may be granted.

## FOURTH DEFENSE

At all times relevant hereto, the care and treatment rendered to Plaintiffs' decedent by Defendant met or exceeded the standard of care practiced by medical professionals generally under similar circumstances and like-surrounding conditions. Accordingly, there is no basis upon which Plaintiff may recover from Defendant.

## FIFTH DEFENSE

The injuries and damages alleged in the Complaint may have been caused, in whole or in part, by the negligence of persons and/or entities other than this Defendant.

## SIXTH DEFENSE

Defendant did not deprive Plaintiffs or their decedent of any federally protected right under 42 U.S.C. § 1983 or otherwise, and this action should be dismissed.

## SEVENTH DEFENSE

Defendant now responds to the separately numbered allegations contained in Plaintiffs' Complaint as follows:

## I.      PARTIES

### 1.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 1 of the Complaint, such that they should stand denied.

### 2.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2 of the Complaint, such that they should stand denied.

### 3.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 3 of the Complaint, such that they should stand denied.

### 4.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 4 of the Complaint, such that they should stand denied.

### 5.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 5 of the Complaint, such that they should stand denied.

6.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 6 of the Complaint, such that they should stand denied.

7.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 7 of the Complaint, such that they should stand denied.

8.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 8 of the Complaint, such that they should stand denied.

9.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 9 of the Complaint, such that they should stand denied.

10.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 10 of the Complaint, such that they should stand denied.

11.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 11 of the Complaint, such that they should stand denied.

12.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 12 of the Complaint, such that they should stand denied.

13.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 13 of the Complaint, such that they should stand denied.

14.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 14 of the Complaint, such that they should stand denied.

15.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 15 of the Complaint, such that they should stand denied.

16.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 16 of the Complaint, such that they should stand denied.

17.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 17 of the Complaint, such that they should stand denied.

18.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 18 of the Complaint, such that they should stand denied.

19.

Defendant admits that she is a person of the full age of majority, that she is a Georgia resident, and that at all times pertinent to this lawsuit she was working as a nurse at the Jail, acting under color of law. Defendant denies the remaining allegations contained in Paragraph 19 of the Complaint.

## II. JURISDICTION AND VENUE

20.

Defendant admits that venue and personal jurisdiction are proper as to her in this Court. As to all remaining allegations of Paragraph 20 of the Complaint, Defendant is

without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, such that they should stand denied.

### III. FACTUAL ALLEGATIONS

21.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 21 of the Complaint, such that they should stand denied.

22.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 22 of the Complaint, such that they should stand denied.

23.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 23 of the Complaint, such that they should stand denied.

24.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 24 of the Complaint, such that they should stand denied.

25.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 25 of the Complaint, such that they should stand denied.

26.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 26 of the Complaint, such that they should stand denied.

27.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 27 of the Complaint, such that they should stand denied.

28.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 28 of the Complaint, such that they should stand denied.

29.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 29 of the Complaint, such that they should stand denied.

30.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 30 of the Complaint, such that they should stand denied.

31.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 31 of the Complaint, such that they should stand denied.

32.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 32 of the Complaint, such that they should stand denied.

33.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 33 of the Complaint, such that they should stand denied.

34.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 34 of the Complaint, such that they should stand denied.

35.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 35 of the Complaint, such that they should stand denied.

36.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 36 of the Complaint, such that they should stand denied.

37.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 37 of the Complaint, such that they should stand denied.

38.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 38 of the Complaint, such that they should stand denied.

39.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 39 of the Complaint, such that they should stand denied.

40.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 40 of the Complaint, such that they should stand denied.

41.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 41 of the Complaint, such that they should stand denied.

42.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 42 of the Complaint, such that they should stand denied.

43.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 43 of the Complaint, such that they should stand denied.

44.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 44 of the Complaint, such that they should stand denied.

45.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 45 of the Complaint, such that they should stand denied.

46.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 46 of the Complaint, such that they should stand denied.

47.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 47 of the Complaint, such that they should stand denied.

48.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 48 of the Complaint, such that they should stand denied.

49.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 49 of the Complaint, such that they should stand denied.

50.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 50 of the Complaint, such that they should stand denied.

51.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 51 of the Complaint, such that they should stand denied.

52.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 52 of the Complaint, such that they should stand denied.

53.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 53 of the Complaint, such that they should stand denied.

54.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 54 of the Complaint, such that they should stand denied.

55.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 55 of the Complaint, such that they should stand denied.

56.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 56 of the Complaint, such that they should stand denied.

57.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 57 of the Complaint, such that they should stand denied.

58.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 58 of the Complaint, such that they should stand denied.

59.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 59 of the Complaint, such that they should stand denied.

60.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 60 of the Complaint, such that they should stand denied.

61.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 61 of the Complaint, such that they should stand denied.

62.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 62 of the Complaint, such that they should stand denied.

63.

Defendant admits the allegations contained in Paragraph 63 of the Complaint upon information and belief.

64.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 64 of the Complaint, such that they should stand denied.

65.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 65 of the Complaint, such that they should stand denied.

66.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 66 of the Complaint, such that they should stand denied.

67.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 67 of the Complaint, such that they should stand denied.

68.

Defendant denies the allegations contained in Paragraph 68 of the Complaint.

69.

Defendant denies the allegations contained in Paragraph 69 of the Complaint.

70.

Defendant denies the allegations contained in Paragraph 70 of the Complaint.

71.

Defendant denies the allegations contained in Paragraph 71 of the Complaint.

72.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 72 of the Complaint, such that they should stand denied.

73.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 73 of the Complaint, such that they should stand denied.

74.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 74 of the Complaint, such that they should stand denied.

75.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 75 of the Complaint, such that they should stand denied.

76.

Defendant denies the allegations contained in Paragraph 76 of the Complaint, as they relate to her. To the extent the allegations contained in Paragraph 76 of the Complaint relate to other defendants, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, such that they should stand denied.

77.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 77 of the Complaint, such that they should stand denied.

78.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 78 of the Complaint, such that they should stand denied.

79.

Defendant denies the allegations contained in Paragraph 79 of the Complaint, as they relate to her. To the extent the allegations contained in Paragraph 79 of the Complaint relate to other defendants, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, such that they should stand denied.

80.

Defendant admits the allegations contained in Paragraph 80 of the Complaint, as they relate to her. To the extent the allegations contained in Paragraph 80 of the Complaint relate to other defendants, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, such that they should stand denied.

81.

Defendant denies the allegations contained in Paragraph 81 of the Complaint.

18

82.

Defendant denies the allegations contained in Paragraph 82 of the Complaint.

83.

Defendant denies the allegations contained in Paragraph 83 of the Complaint.

**COUNT 1 – § 1983 Violation Based on Establishment of a System in which Individuals Detoxicating From Dangerous and Addictive Substances are Denied Access to Appropriate Medical Care — Defendants COUNTY, CORRECTHEALTH LLC, CORRECTHEALTH CHATHAM, MUSSO and FORCHETTE (Official Capacities)**

84.

Defendant reasserts her answers and defenses to the allegations of the Complaint as if fully set forth herein.

85.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 85 of the Complaint, such that they should stand denied.

86.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 86 of the Complaint, such that they should stand denied.

87.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 87 of the Complaint, such that they should stand denied.

**COUNT 2 – Monell Violation of § 1983 Based on Establishment of Policies, Patterns or Practices pursuant to which People in the Jail with Serious Medical Conditions are Denied Access to Appropriate Medical Care— Defendants CHATHAM COUNTY, CORRECTHEALTH LLC, CORRECTHEALTH CHATHAM, MUSSO and FORCHETTE (Official Capacities)**

88.

Defendant reasserts her answers and defenses to the allegations of the Complaint as if fully set forth herein.

89.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 89 of the Complaint, such that they should stand denied.

90.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 90 of the Complaint, such that they should stand denied.

91.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 91 of the Complaint, such that they should stand denied.

92.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 92 of the Complaint, such that they should stand denied.

93.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 93 of the Complaint, such that they should stand denied.

**COUNT 3 – § 1983 Violation Based on Deliberate Indifference to Mr. Creely's Constitutional Right to Appropriate Medical Care—Defendants CARLO MUSSO, KAREN FORCHETTE, ALFRED NEVELS, SELENA CARDONA, TEANNA FRANCES-HENDERSON, TERENCE JACKSON, DON WHITE, KARLOS MANNING, YVETTE BETHEL-QUINNEY, LOWRETTA FLORENCE, AMBER ANDERSON, JACKIE HARNED, SUSAN RIVERA, and LOUKISHA ROBERTS (Individual Capacities)**

94.

Defendant reasserts her answers and defenses to the allegations of the Complaint as if fully set forth herein.

95.

Defendant denies the allegations contained in Paragraph 95 of the Complaint.

96.

Defendant denies the allegations contained in Paragraph 96 of the Complaint.

97.

Defendant denies the allegations contained in Paragraph 97 of the Complaint.

**COUNT 4 — Wrongful Death— All Defendants**

98.

Defendant reasserts her answers and defenses to the allegations of the Complaint as if fully set forth herein.

99.

Defendant denies the allegations contained in Paragraph 99 of the Complaint.

100.

Defendant denies the allegations contained in Paragraph 100 of the Complaint.

101.

Defendant denies the allegations contained in Paragraph 101 of the Complaint.

102.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 102 of the Complaint, such that they should stand denied.

103.

Defendant denies that Plaintiffs are entitled to any of the relief sought in Section IV of the Complaint, titled "Prayer for Relief."

104.

Defendant denies each and every allegation contained in Plaintiffs' Complaint that is not specifically admitted herein, and further denies that Plaintiffs should be granted any relief.

WHEREFORE, having fully answered Plaintiffs' Complaint, Defendant demands that she have judgment in her favor with all costs taxed against Plaintiffs, a trial by jury of 12, and any other relief allowed by law.

Respectfully submitted this 24th day of March, 2022.

Schreeder, Wheeler & Flint, LLP

By: */s/ Michael D. Flint*
    MICHAEL D. FLINT
    Georgia Bar No. 264725
    MARY ELLEN A. LIGHTHISER
    Georgia Bar Number 105407
    *Counsel for Defendant Loukisha*
    *Roberts*

1100 Peachtree Street, NE
Suite 800
Atlanta, Georgia  30309
Telephone:   404-681-3450
Facsimile:   404-681-1046
E-mail:    mflint@swfllp.com
         mlighthiser@swfllp.com

## CERTIFICATE OF SERVICE

I hereby certify that on this day I served the foregoing **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT LOUKISHA ROBERTS** upon the following counsel of record by statutory electronic service:

William R. Claiborne
David J. Utter
Scott C. Robichaux
THE CLAIBORNE FIRM, P.C.
410 East Bay Street
Savannah, Georgia 31401
will@claibornefirm.com
david@claibornefirm.com
scott@claibornefirm.com

Carlton E. Joyce
BOUHAN FALLIGANT, LLP
One West Park Avenue
Savannah, Georgia 31401
cejoyce@bouhan.com

This 24th day of March, 2022.

*/s/ Mary Ellen Lighthiser*
Mary Ellen A. Lighthiser
Georgia Bar No. 105407
*Counsel for Defendant Loukisha Roberts*

e-Filed in Office
Tammie Mosley
Clerk of Superior Court
Chatham County
Date: 3/24/2022 11:26 AM
Reviewer: AB

**IN THE SUPERIOR COURT OF CHATHAM COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| JESSICA HODGES, as natural guardian of minor children, LANDON MICHAEL CREELY AND DAWSON LEE CREELY; and ESTATE OF LEE MICHAEL CREELY by and through Warren Ratchford, its Administrator, | ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) CASE NO. SPCV22-000098-KA ) |
| CHATHAM COUNTY, GEORGIA; CORRECTHEALTH, LLC; CORRECTHEALTH CHATHAM, LLC; CARLO MUSSO, MD; KAREN FORCHETTE; ALFRED NEVELS; SELENA CARDONA; TEANNA FRANCES-HENDERSON; TERENCE JACKSON; DON WHITE; KARLOS MANNING; YVETTE BETHEL-QUINNEY; LOWRETTA FLORENCE; AMBER ANDERSON; JACKIE HARNED; SUSAN RIVERA; and LOUKISHA ROBERTS, | ) DEMAND FOR TRIAL BY JURY ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

---

**ANSWER OF DEFENDANTS CORRECTHEALTH, LLC, CORRECTHEALTH CHATHAM, LLC, CARLO MUSSO, MD, KAREN FORCHETTE, LOWRETTA FLORENCE, AMBER ANDERSON, JACQUELINE (JACKIE) HARNED, AND SUSAN RIVERA**

---

COME NOW Defendants CorrectHealth, LLC, CorrectHealth Chatham, LLC, Carlo Musso, MD, Karen Forchette, Lowretta Florence, Amber Anderson, Jacqueline (Jackie) Harned, and Susan Rivera (collectively, "Defendants"), by

and through undersigned counsel, and file their Answer to Plaintiffs' Complaint as follows:

## FIRST DEFENSE

Plaintiffs' Complaint, in whole or in part, fails to state a claim or cause of action against one or more of these Defendants upon which relief can be granted.

## SECOND DEFENSE

Pending further investigation and discovery and to preserve these defenses, Defendants assert lack of personal jurisdiction and improper venue.

## THIRD DEFENSE

Pending further investigation and discovery and to preserve these defenses, Defendants state that the applicable statutes of limitations, statute of repose, and the doctrine of laches bar Plaintiffs' claims in whole or in part.

## FOURTH DEFENSE

Plaintiffs' action against these Defendants is barred in whole, or in part, by the doctrines of contributory or comparative negligence.

## FIFTH DEFENSE

Plaintiffs' injuries were not proximately caused by any negligence or other tortious acts or omissions on the part of these Defendants.

## SIXTH DEFENSE

This action is barred in whole or in part on the basis that an individual defendant sued in his official capacity is not a "person" subject to suit under 42 USC § 1983.

## SEVENTH DEFENSE

This action is barred in whole or in part by the doctrine of qualified immunity.

## EIGHTH DEFENSE

This action is barred in whole or in part because Defendants have not denied Plaintiffs any rights, privileges, or immunities secured by the Constitution or the laws of the United States.

## NINTH DEFENSE

To the extent that the Plaintiffs' Complaint seeks punitive damages, these Defendants specifically incorporate by reference any and all standards of limitations regarding the determination and/or enforceability of punitive damages awards that arose in the decision of *BMW of N. America v. Gore*, 517 U.S. 559 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); *State Farm Mut. Auto Ins. Co. v. Campbell*, 123 S. Ct. 1513 (2003); and *Exxon Shipping Co. v. Baker*, 554 U.S. 471 (2008) and their progeny as well as other similar cases under both federal and state law.

Additionally, these Defendants affirmatively plead the following in regard to punitive damages; Plaintiffs' claims for punitive or exemplary damages violate, and are therefore barred by, the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and similar provisions of the Georgia Constitution.

**TENTH DEFENSE**

To the extent that sovereign immunity bars any claim against any of these defendants, in whole or in part, that defense is invoked.

**ELEVENTH DEFENSE**

To the extent Plaintiffs make a claim for the intangible value of the decedent's life under Georgia's wrongful death statute, such damages are unconstitutionally vague and violate the Due Process Clause of the Georgia and federal constitutions.

**TWELFTH DEFENSE**

To the extent Plaintiffs attempt to allege any theory of vicarious liability under Section 1983, such claims are impermissible and must be dismissed.

**THIRTEENTH DEFENSE**

These Defendants reserve the right to raise any other defenses allowed by law at such time as Plaintiffs' claims are contentions are more particularly identified in this case.  Subject to and without waiving any of the foregoing defenses, these Defendants respond to the individually numbered Paragraphs of the Complaint as follows:

## I.   PARTIES

1.    These Defendants are without knowledge or information upon which to form a belief as to the truth of the allegations in Paragraph 1 of Plaintiffs' Complaint.

2.      These Defendants are without knowledge or information upon which to form a belief as to the truth of the allegations in Paragraph 2 of Plaintiffs' Complaint.

3.      In response to Paragraph 3 of the Complaint, these Defendants admit that Chatham County is a political entity of the State of Georgia and has a role in the operation of the Chatham County Detention Center.  Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations contained in Paragraph 3 of Plaintiffs' Complaint.

4.      In response to Paragraph 4 of the Complaint, these Defendants admit that CorrectHealth, LLC is a private entity that was founded by Carlo Musso, MD.

5.      In response to Paragraph 5 of the Plaintiffs' Complaint, these Defendants admit that CorrectHealth Chatham, LLC is a private entity that was contracted by Chatham County, Georgia to provide medical and mental health services to individuals detained in the Chatham County Detention Center. Responding further, these Defendants admit that some of the physicians and nursing staff were employees of CorrectHealth, LLC.

6.      In response to Paragraph 6 of the Complaint, these Defendants deny the allegations in Paragraph 6 of Plaintiffs' Complaint.

7.      In response to Paragraph 7, these Defendants admit that at the time of the events giving rise to this lawsuit, Ms. Forchette was an employee of CorrectHealth, LLC and was the Health Services Administrator at the Chatham

County Detention Center. These Defendants deny that Ms. Forchette committed any wrongful acts or omissions and deny her liability under any applicable law for any alleged injuries claimed by Plaintiffs. These Defendants further admit that Ms. Forchette was acting within the scope of her professional responsibilities.

8.     The allegations contained in Paragraph 8 of Plaintiffs' Complaint are not directed at these Defendants and, therefore, require no response.  To the extent a response is required, these Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in said paragraph.

9.     The allegations contained in Paragraph 9 of Plaintiffs' Complaint are not directed at these Defendants and, therefore, require no response.  To the extent a response is required, these Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in said paragraph.

10.     The allegations contained in Paragraph 10 of Plaintiffs' Complaint are not directed at these Defendants and, therefore, require no response.  To the extent a response is required, these Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in said paragraph.

11.     The allegations contained in Paragraph 11 of Plaintiffs' Complaint are not directed at these Defendants and, therefore, require no response.  To the extent a response is required, these Defendants are without sufficient knowledge

or information upon which to form a belief as to the truth of the allegations contained in said paragraph.

12.    The allegations contained in Paragraph 12 of Plaintiffs' Complaint are not directed at these Defendants and, therefore, require no response.  To the extent a response is required, these Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in said paragraph.

13.    The allegations contained in Paragraph 13 of Plaintiffs' Complaint are not directed at these Defendants and, therefore, require no response.  To the extent a response is required, these Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in said paragraph.

14.    The allegations contained in Paragraph 14 of Plaintiffs' Complaint are not directed at these Defendants and, therefore, require no response.  To the extent a response is required, these Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in said paragraph.

15.    In response to Paragraph 15 of Plaintiffs' Complaint, these Defendants admit that Lowretta Florence is a resident of Georgia and was employed by CorrectHealth, LLC to provide healthcare to prisoners at Chatham County Detention Center.  These Defendants deny that Ms. Florence committed any wrongful acts or omissions and that she is liable for any alleged injuries claimed by Plaintiffs.

16.    In response to Paragraph 16 of Plaintiffs' Complaint, these Defendants admit that Amber Anderson is a resident of Georgia and was employed by CorrectHealth, LLC to provide healthcare to prisoners at Chatham County Detention Center.  These Defendants deny that Ms. Anderson committed any wrongful acts or omissions and that she is liable for any alleged injuries claimed by Plaintiffs.

17.    In response to Paragraph 17 of Plaintiffs' Complaint, these Defendants admit that Jacqueline (Jackie) Harned  is a resident of Georgia and was employed by CorrectHealth, LLC to provide healthcare to prisoners at Chatham County Detention Center.  These Defendants deny that Ms. Harned committed any wrongful acts or omissions and that she is liable for any alleged injuries claimed by Plaintiffs.

18.    In response to Paragraph 18 of Plaintiffs' Complaint, these Defendants admit that Susan Rivera is a resident of Georgia and was employed by CorrectHealth, LLC to provide healthcare to prisoners at Chatham County Detention Center.   These Defendants deny that Ms. Rivera committed any wrongful acts or omissions and that she is liable for any alleged injuries claimed by Plaintiffs.

19.    These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of Plaintiffs' Complaint.

## II.     JURISDICTION AND VENUE

20.     Paragraph 20 of Plaintiffs' Complaint states a legal conclusion to which no response is required. To the extent a response is necessary, Defendants CorrectHealth, LLC, Carlo Musso, MD, Lowretta Florence, Amber Anderson, and Susan Rivera deny that they reside in Chatham County, Georgia.   These Defendants admit that venue is currently proper in the Superior Court of Chatham County, Georgia, but they hereby preserve their right to raise an appropriate motion to dismiss or transfer venue.

## III.     FACTUAL ALLEGATIONS

21.     In response to Paragraph 21 of Plaintiffs' Complaint, these Defendants are without knowledge or information to form a belief as to the truth or falsity of the allegations and, therefore, deny same.

22.     In response to Paragraph 22 of Plaintiffs' Complaint, these Defendants are without knowledge or information to form a belief as to the truth or falsity of the allegations and, therefore, deny same.

23.     In response to Paragraph 23 of Plaintiffs' Complaint, these Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in Paragraph 23 except by reference to the jail records.  To the extent this paragraph inaccurately recites the jail records or mischaracterizes the information, the allegations are denied.

24.     In response to Paragraph 24 of Plaintiffs' Complaint, these Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in Paragraph 24 except by reference to

the jail records. To the extent this paragraph inaccurately recites the jail records or mischaracterizes the information, the allegations are denied.

25. In response to Paragraph 25 of Plaintiffs' Complaint, these Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in Paragraph 25 except by reference to the jail records. To the extent this paragraph inaccurately recites the jail records or mischaracterizes the information, the allegations are denied.

26. In response to Paragraph 26 of Plaintiffs' Complaint, these Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in Paragraph 26 except by reference to the jail records. To the extent this paragraph inaccurately recites the jail records or mischaracterizes the information, the allegations are denied.

27. In response to Paragraph 27 of Plaintiffs' Complaint, these Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in Paragraph 27 except by reference to the jail records. To the extent this paragraph inaccurately recites the jail records or mischaracterizes the information, the allegations are denied.

28. In response to Paragraph 28 of Plaintiffs' Complaint, these Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in Paragraph 28 except by reference to the jail records. To the extent this paragraph inaccurately recites the jail records or mischaracterizes the information, the allegations are denied.

29.    In response to Paragraph 29 of Plaintiffs' Complaint, these Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in Paragraph 29 except by reference to the jail records. To the extent this paragraph inaccurately recites the jail records or mischaracterizes the information, the allegations are denied.

30.    In response to Paragraph 30 of Plaintiffs' Complaint, these Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in Paragraph 30 except by reference to the jail records. To the extent this paragraph inaccurately recites the jail records or mischaracterizes the information, the allegations are denied.

31.    In response to Paragraph 31 of Plaintiffs' Complaint, these Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in Paragraph 31 except by reference to the jail records. To the extent this paragraph inaccurately recites the jail records or mischaracterizes the information, the allegations are denied. Responding further, these Defendants deny any express or implied charges of wrongdoing.

32.    In response to Paragraph 32 of Plaintiffs' Complaint, these Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in Paragraph 32 except by reference to the jail records. To the extent this paragraph inaccurately recites the jail records or mischaracterizes the information, the allegations are denied.

33.    In response to Paragraph 33 of Plaintiffs' Complaint, these Defendants are without sufficient knowledge or information upon which to form

a belief as to the truth of the allegations in Paragraph 33 except by reference to the jail records.  To the extent this paragraph inaccurately recites the jail records or mischaracterizes the information, the allegations are denied.

34.   In response to Paragraph 34 of Plaintiffs' Complaint, these Defendants admit that the nurses are to check on the well-being of individuals on the withdrawal protocol when the nurses dispense medications.  Defendants deny the remaining allegations in Paragraph 34 of Plaintiffs' Complaint, as stated.

35.   These Defendants deny the allegations contained in Paragraph 35 of Plaintiffs' Complaint.

36.   In response to Paragraph 36 of Plaintiffs' Complaint, these Defendants are without knowledge or information to form a belief as to the truth or falsity of the allegations and, therefore, deny same.

37.   In response to Paragraph 37 of Plaintiffs' Complaint, these Defendants are without knowledge or information to form a belief as to the truth or falsity of the allegations and, therefore, deny same.

38.   In response to Paragraph 38 of Plaintiffs' Complaint, these Defendants are without knowledge or information to form a belief as to the truth or falsity of the allegations and, therefore, deny same.

39.   In response to Paragraph 39 of Plaintiffs' Complaint, these Defendants are without knowledge or information to form a belief as to the truth or falsity of the allegations and, therefore, deny same.

40.    In  response  to  Paragraph  40  of  Plaintiffs'  Complaint,  these Defendants  admit  that  CorrectHealth  Chatham,  LLC   had  a  contractual relationship  with  Chatham  County  to  supply  medical  care  at  the  Chatham County Detention Center.

41.    In  response  to  Paragraph  41  of  Plaintiffs'  Complaint,  these Defendants admit that CorrectHealth Chatham, LLC had a contract to perform medical services at the Chatham County Detention Center in 2016-2017 and that  as  part  of  their  services,  they  provided  alcohol  and  drug  detoxification services. These Defendants deny that the amount of the compensation that CorrectHealth was paid under the contract is relevant, material, or pertinent to Plaintiffs'  Complaint  and  assert  that  this  portion  of  Paragraph  41  should  be stricken from Plaintiffs' Complaint.

42.    In  response  to  Paragraph  42  of  Plaintiffs'  Complaint,  these Defendants admit that CorrectHealth Chatham, LLC had a contract to perform medical services at the Chatham County Detention Center in 2016-2017 and that  as  part  of  their  services,  they  provided  alcohol  and  drug  detoxification services. These Defendants deny that the amount of the compensation that CorrectHealth was paid under the contract is relevant, material, or pertinent to Plaintiffs'  Complaint  and  assert  that  this  portion  of  Paragraph  42  should  be stricken from Plaintiffs' Complaint. .

43.    In  response  to  Paragraph  43  of  Plaintiffs'  Complaint,  these Defendants admit that CorrectHealth Chatham, LLC had a contract to perform medical services at the Chatham County Detention Center in 2018 and that as

part of their services, they provided alcohol and drug detoxification services. These Defendants deny that the amount of the compensation that CorrectHealth was paid under the contract is relevant, material, or pertinent to Plaintiffs' Complaint and assert that this portion of Paragraph 43 should be stricken from Plaintiffs' Complaint. These Defendants deny the remaining allegations contained in Paragraph 43 of Plaintiffs' Complaint.

44.    In response to Paragraph 44 of Plaintiffs' Complaint, these Defendants admit that CorrectHealth Chatham, LLC had a contract to perform medical services at the Chatham County Detention Center in 2019-2020 and that as part of their services, they provided alcohol and drug detoxification services. These Defendants deny that the amount of the compensation that CorrectHealth was paid under the contract is relevant, material, or pertinent to Plaintiffs' Complaint and assert that this portion of Paragraph 44 should be stricken from Plaintiffs' Complaint. These Defendants deny the remaining allegations contained in Paragraph 44 of Plaintiffs' Complaint.

45.    In response to Paragraph 45 of Plaintiffs' Complaint, these Defendants admit that CorrectHealth Chatham, LLC had a contract to perform medical services at the Chatham County Detention Center in 2020-2021 and that as part of their services, they provided alcohol and drug detoxification services. These Defendants deny that the amount of the compensation that CorrectHealth Chatham, LLC was paid under the contract is relevant, material, or pertinent to Plaintiffs' Complaint and assert that this portion of Paragraph 45

should be stricken from Plaintiffs' Complaint. These Defendants deny the remaining allegations contained in Paragraph 45 of Plaintiffs' Complaint.

46.   In response to Paragraph 46 of Plaintiffs' Complaint, these Defendants admit the allegations contained therein to the extent that they accurately recite the excerpts of the initial contract, which speaks for itself. To the extent Paragraph 46 inaccurately recites the contract or mischaracterizes the information without consideration for the totality of the record, the allegations are denied.

47.   In response to Paragraph 47 of Plaintiffs' Complaint, these Defendants admit the allegations contained therein to the extent that they accurately recite the excerpts of the initial contract, which speaks for itself. To the extent Paragraph 47 inaccurately recites the contract or mischaracterizes the information without consideration for the totality of the record, the allegations are denied.

48.   These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 of Plaintiffs' Complaint. Responding further, Defendants deny that these allegations are relevant, material, or pertinent to the present cause of action and show that they should be stricken from Plaintiffs' Complaint.

49.   These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 of Plaintiffs' Complaint. Responding further, Defendants deny that these allegations are relevant, material, or pertinent to the present cause of action and show that

they should be stricken from Plaintiffs' Complaint.  These Defendants expressly deny any inferences of liability cast upon them, either directly or indirectly, in Paragraph 49 of  Plaintiffs' Complaint.

50.    These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 of Plaintiffs' Complaint. Responding further, Defendants deny that these allegations are relevant, material,  or pertinent to the present cause of action and show that they should be stricken from Plaintiffs' Complaint.  These Defendants expressly deny any inferences of liability cast upon them, either directly or indirectly, in Paragraph 50 of  Plaintiffs' Complaint.

51.    These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 of Plaintiffs' Complaint.  Responding further, Defendants deny that these allegations are relevant, material,  or pertinent to the present cause of action and show that they should be stricken from Plaintiffs' Complaint.  These Defendants expressly deny any inferences of liability cast upon them, either directly or indirectly, in Paragraph 51 of  Plaintiffs' Complaint.

52.    These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 of Plaintiffs' Complaint.  Responding further, Defendants deny that these allegations are relevant, material,  or pertinent to the present cause of action and show that they should be stricken from Plaintiffs' Complaint.  These Defendants expressly

deny any inferences of liability cast upon them, either directly or indirectly, in Paragraph 52 of Plaintiffs' Complaint.

53.    These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 of Plaintiffs' Complaint.  Responding further, Defendants deny that these allegations are relevant, material,  or pertinent to the present cause of action and show that they should be stricken from Plaintiffs' Complaint.  These Defendants expressly deny any inferences of liability cast upon them, either directly or indirectly, in Paragraph 53 of Plaintiffs' Complaint.

54.    These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 of Plaintiffs' Complaint.  Responding further, Defendants deny that these allegations are relevant, material,  or pertinent to the present cause of action and show that they should be stricken from Plaintiffs' Complaint.  These Defendants expressly deny any inferences of liability cast upon them, either directly or indirectly, in Paragraph 54 of Plaintiffs' Complaint.

55.    These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 of Plaintiffs' Complaint.  Responding further, Defendants deny that these allegations are relevant, material,  or pertinent to the present cause of action and show that they should be stricken from Plaintiffs' Complaint.  These Defendants expressly deny any inferences of liability cast upon them, either directly or indirectly, in Paragraph 55 of  Plaintiffs' Complaint.

56.     These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 of Plaintiffs' Complaint.  Responding further, Defendants deny that these allegations are relevant, material,  or pertinent to the present cause of action and show that they should be stricken from Plaintiffs' Complaint.  These Defendants expressly deny any inferences of liability cast upon them, either directly or indirectly, in Paragraph 56 of  Plaintiffs' Complaint.

57.     These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 of Plaintiffs' Complaint.  Responding further, Defendants deny that these allegations are relevant, material,  or pertinent to the present cause of action and show that they should be stricken from Plaintiffs' Complaint.  These Defendants expressly deny any inferences of liability cast upon them, either directly or indirectly, in Paragraph 57 of  Plaintiffs' Complaint.

58.     These Defendants deny the allegations contained in Paragraph 58 of Plaintiffs' Complaint and show that these occurrences are irrelevant, immaterial and impertinent to the present cause of action and should be stricken. These Defendants expressly deny any inferences of liability cast upon them, either directly, or indirectly, in Paragraph 58 of Plaintiffs' Complaint.

59.     These Defendants deny the allegations contained in Paragraph 59 of Plaintiffs' Complaint and show that Mr. Glover's death is irrelevant, immaterial, and impertinent to the present cause of action. These Defendants expressly deny

any inferences of liability cast upon them, either directly or indirectly, in Paragraph 59 of Plaintiffs' Complaint.

60.     These Defendants deny the allegations contained in Paragraph 60 of Plaintiffs' Complaint and show that Mr. Hill's death is irrelevant, immaterial, and impertinent to the present cause of action. These Defendants expressly deny any inferences of liability cast upon them, either directly or indirectly, in Paragraph 60 of Plaintiffs' Complaint.

61.     These Defendants deny the allegations contained in Paragraph 61 of Plaintiffs' Complaint and show that Mr. Underwood's death is irrelevant, immaterial, and impertinent to the present cause of action. These Defendants expressly deny any inferences of liability cast upon them, either directly or indirectly, in Paragraph 61 of Plaintiffs' Complaint.

62.     These Defendants deny the allegations contained in Paragraph 62 of Plaintiffs' Complaint and show that Mr. McLemore's death is irrelevant, immaterial, and impertinent to the present cause of action. These Defendants expressly deny any inferences of liability cast upon them, either directly or indirectly, in Paragraph 62 of Plaintiffs' Complaint.

63.     These Defendants admit that CorrectHealth, LLC and CorrectHealth Chatham, LLC are limited liability corporations, but deny that the companies' profitability or status as for-profit corporations, is relevant, material or pertinent to the present cause of action and move to strike Paragraph 63 of Plaintiffs' Complaint.

64.     In response to Paragraph 64 of Plaintiffs' Complaint, these Defendants admit that Dr. Carlo Musso (hereinafter "Dr. Musso") formed CorrectHealth, LLC in 2000 and that the company has expanded. These Defendants deny that the size of the company and its operating revenue are relevant, material, or pertinent to the allegations contained in Plaintiffs' Complaint and move to strike said paragraph.

65.     In response to Paragraph 65 of Plaintiffs' Complaint, Dr. Musso admits that he and his wife have made political contributions to various individuals who are running for office and shows that there is nothing improper about such conduct.   The remaining Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.   Responding further, these Defendants show that such allegations are irrelevant, immaterial, and impertinent to the present cause of action and should be stricken.

66.     In response to Paragraph 66 of Plaintiffs' Complaint, Dr. Musso denies that he received 6 - 8% profit from every contract that CorrectHealth, LLC controls and that every dollar spent on medicine, supplies, and staff is profit to Dr. Musso.   The remaining Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66. These Defendants show that the allegations are irrelevant, immaterial, and impertinent and should be stricken from Plaintiffs' Complaint.

67.     In response to Paragraph 67 of Plaintiffs' Complaint, Dr. Musso denies that he received 6 - 8% profit from every contract that CorrectHealth, LLC

controls and that every dollar spent on medicine, supplies, and staff is profit to Dr. Musso.  The remaining Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67.  These Defendants show that the allegations are irrelevant, immaterial, and impertinent and should be stricken from Plaintiffs' Complaint.

68.   These Defendants deny the allegations contained in Paragraph 68 of Plaintiffs' Complaint.

69.   These Defendants deny the allegations contained in Paragraph 69 of Plaintiffs' Complaint.

70.   These Defendants deny the allegations contained in Paragraph 70 of Plaintiffs' Complaint.

71.   These Defendants deny the allegations contained in Paragraph 71 of Plaintiffs' Complaint.

72.   These Defendants deny the allegations contained in Paragraph 72 of Plaintiffs' Complaint.

73.   These Defendants deny the allegations contained in Paragraph 73 of Plaintiffs' Complaint.

74.   These Defendants deny the allegations contained in Paragraph 74 of Plaintiffs' Complaint.

75.   These Defendants deny the allegations contained in Paragraph 75 of Plaintiffs' Complaint.

76.   These Defendants deny the allegations contained in Paragraph 76 of Plaintiffs' Complaint.

77.     These Defendants deny the allegations contained in Paragraph 77 of Plaintiffs' Complaint.

78.     These Defendants deny the allegations contained in Paragraph 78 of Plaintiffs' Complaint.

79.     These Defendants deny the allegations contained in Paragraph 79 of Plaintiffs' Complaint.

80.     Paragraph 80 of Plaintiffs' Complaint states a legal conclusion to which no response is required. To the extent a response is necessary, these Defendants admit that they were acting within the scope of their responsibilities with CorrectHealth in connection with their treatment of Mr. Creely and deny that they acted with deliberate indifference or caused injury to the Plaintiffs.

81.     These Defendants deny the allegations contained in Paragraph 81 of Plaintiffs' Complaint.

82.     These Defendants deny the allegations contained in Paragraph 82 of Plaintiffs' Complaint.

83.     These Defendants deny the allegations contained in Paragraph 83 of Plaintiffs' Complaint.

**COUNT 1 – § 1983 Violation Based on Establishment of a System in which Individuals Detoxicating From Dangerous and Addictive Substances are Denied Access to Appropriate Medical Care — Defendants COUNTY, CORRECTHEALTH, LLC, CORRECTHEALTH CHATHAM, MUSSO and FORCHETTE (Official Capacities)**

84.     In response to Paragraph 84 of Plaintiffs' Complaint, these Defendants re-allege and re-assert their answers to Paragraphs 1 through 83 of Plaintiffs' Complaint as if fully set forth herein.

85.    These Defendants deny the allegations contained in Paragraph 85 of Plaintiffs' Complaint.

86.    These Defendants deny the allegations contained in Paragraph 86 of Plaintiffs' Complaint.

87.    These Defendants deny the allegations contained in Paragraphs 87 of Plaintiffs' Complaint.

**COUNT 2 –** *Monell* **Violation of § 1983 Based on Establishment of Policies, Patterns or Practices pursuant to which People in the Jail with Serious Medical Conditions are Denied Access to Appropriate Medical Care — Defendants CHATHAM COUNTY, CORRECTHEALTH, LLC, CORRECTHEALTH CHATHAM, LLC, MUSSO and FORCHETTE (Official Capacities)**

88.    In response to Paragraph 88 of Plaintiffs' Complaint, these Defendants re-allege and re-assert their answers to Paragraphs 1 through 87 of Plaintiffs' Complaint as if fully set forth herein.

89.    These Defendants deny the allegations contained in Paragraph 89 of Plaintiffs' Complaint.

90.    These Defendants deny the allegations contained in Paragraph 90 of Plaintiffs' Complaint.

91.    These Defendants deny the allegations contained in Paragraph 91 of Plaintiffs' Complaint.

92.    These Defendants deny the allegations contained in Paragraph 92 of Plaintiffs' Complaint.

93.    These Defendants deny the allegations contained in Paragraph 93 of Plaintiffs' Complaint.

**COUNT 3 – § 1983 Based on Establishment of Deliberate Indifference to Mr. Creely's Constitutional Right to Appropriate Medical Care — Defendants CARLO MUSSO, KAREN FORCHETTE, ALFRED NEVELS, SELENA CARDONA, TEANNA FRANCES-HENDERSON, TERENCE JACKSON, DON WHITE, KARLOS MANNING, YVETTE BETHEL-QUINNEY, LOWRETTA FLORENCE, AMBER ANDERSON, JACKIE HARNED, SUSAN RIVERA, and LOUKISHA ROBERTS (Individual Capacities)**

94.     In response to Paragraph 94 of Plaintiffs' Complaint, these Defendants re-allege and re-assert their answers to Paragraphs 1 through 93 of Plaintiffs' Complaint as if fully set forth herein.

95.     These Defendants deny the allegations contained in Paragraph 95 of Plaintiffs' Complaint.

96.     These Defendants deny the allegations contained in Paragraph 96 of Plaintiffs' Complaint.

97.     These Defendants deny the allegations contained in Paragraph 97 of Plaintiffs' Complaint.

**COUNT 4 – Wrongful Death — All Defendants**

98.     In response to Paragraph 98 of Plaintiffs' Complaint, these Defendants re-allege and re-assert their answers to Paragraphs 1 through 97 of Plaintiffs' Complaint as if fully set forth herein.

99.     These Defendants deny the allegations contained in Paragraph 99 of Plaintiffs' Complaint and further deny that they were deliberately indifferent or caused any injury to Plaintiffs.

100.    These Defendants deny the allegations contained in Paragraphs 100 of Plaintiffs' Complaint and further deny that they were deliberately indifferent or caused any injury to Plaintiffs.

101.  The allegations contained in Paragraph 101 constitute Plaintiffs' characterization of their action and conclusions of law to which no response is required.

102.  In response to Paragraph 102 of Plaintiffs' Complaint, these Defendants state that the allegations contained in Paragraph 102 constitute Plaintiffs' characterization of the relief they seek and conclusions of law for which no response is required, but deny that Plaintiffs are entitled to the relief described.

## IV.    PRAYER FOR RELIEF

These Defendants deny the allegations in the final paragraph of Plaintiffs' Complaint, beginning with the word "WHEREFORE," and including all subparts. These Defendants specifically deny Plaintiffs are entitled to any judgment, damages, recovery, costs, remedy, or relief from these Defendants in connection with this action.

These Defendants deny each and every claim or allegation contained in Plaintiffs' Complaint not specifically admitted herein.

WHEREFORE, these Defendants pray that Plaintiffs' Complaint against them be dismissed with prejudice, with all costs assessed against Plaintiffs, and for such other and further relief as the Court deems proper.

These Defendants hereby demand a trial by jury as to all issues.

RESPECTFULLY SUBMITTED THIS 24th DAY OF MARCH 2022.

BOUHAN FALLIGANT, LLP

/s/ Carlton E. Joyce
CARLTON E. JOYCE
State Bar of Georgia No. 405515
LUCAS D. BRADLEY
State Bar of Georgia No. 672136

Post Office Box 2139
Savannah, Georgia 31402
Telephone: 912-236-2491
Telefax: 912-233-0811
Email: cejoyce@bouhan.com
        ldbradley@bouhan.com

*Attorneys for Defendants CorrectHealth, LLC, CorrectHealth Chatham, LLC, Carlo Musso, MD; Karen Forchette; Lowretta Florence; Amber Anderson; Jacqueline (Jackie) Harned; and Susan Rivera*

-26-

e-Filed in Office
Tammie Mosley
Clerk of Superior Court
Chatham County
Date: 3/24/2022 11:26 AM
Reviewer: AB

<u>CERTIFICATE OF SERVICE</u>

This certifies that I have this day served the **ANSWER OF DEFENDANTS CORRECTHEALTH, LLC, CORRECTHEALTH CHATHAM, LLC, CARLO MUSSO, MD, KAREN FORCHETTE, LOWRETTA FLORENCE, AMBER ANDERSON, JACQUELINE (JACKIE) HARNED, AND SUSAN RIVERA** upon the following counsel of record by the Court's Statutory Electronic Service system as follows:

William R. Clairborne, Esq.
David J. Utter, Esq.
Scott C. Robichaux, Esq.
THE CLAIBORNE FIRM, P.C.
410 East Bay Street
Savannah, Georgia 31401
will@clairbornefirm.com
david@clairbornefirm.com
scott@clairbornefirm.com

Michael D. Flint, Esq.
Mary Ellen A. Lighthiser, Esq.
SCHREEDER, WHEELER & FLINT, LLP
1100 Peachtree Street N.E., Suite 800
Atlanta, Georgia 30309-4516
mflint@swfllp.com
mlighthiser@swfllp.com

R. Jonathan Hart, Esq.
Andre Pretorius, Esq.
County Attorney for Chatham County
124 Bull Street
Room 230
Savannah, Georgia 31401
rjhart@chathamcounty.org
anpretorius@chathamcounty.org

RESPECTFULLY SUBMITTED THIS 24th DAY OF MARCH 2022.

BOUHAN FALLIGANT, LLP

*/s/ Carlton E.Joyce*
CARLTON E. JOYCE
State Bar of Georgia No. 405515
LUCAS D. BRADLEY
State Bar of Georgia No. 672136
*Attorneys for Defendants CorrectHealth, LLC, CorrectHealth Chatham, LLC, Carlo Musso, MD; Karen Forchette; Lowretta Florence; Amber Anderson; Jacqueline (Jackie) Harned; and Susan Rivera*

Post Office Box 2139
Savannah, Georgia 31402
Telephone: 912-236-2491
Telefax: 912-233-0811
Email: cejoyce@bouhan.com
ldbradley@bouhan.com