IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| JESSICA HODGES, as natural guardian of minor children, LMC and DLC; ESTATE OF LEE MICHAEL CREELY by and through Warren Ratchford, its Administrator,<br><br>Plaintiffs,<br><br>vs.<br><br>CHATHAM COUNTY, GEORGIA; CORRECTHEALTH LLC; CORRECTHEALTH CHATHAM, LLC; CARLO MUSSO, MD; KAREN FORCHETTE; ALFRED NEVELS; SELENA CARDONA; TEANNA FRANCES-HENDERSON; TERENCE JACKSON; DON WHITE; KARLOS MANNING; YVETTE BETHEL-QUINNEY; LOWRETTA FLORENCE; AMBER ANDERSON; JACKIE HARNED; SUSAN RIVERA; and LOUIKISHA ROBERTS,<br><br>Defendants. | CASE NO. 4:22-cv-00067-WTM-CLR |

**DEFENDANTS' MOTION FOR LEAVE TO FILE AMENDED ANSWER AND ACCOMPANYING BRIEF IN SUPPORT**

COME NOW CorrectHealth LLC, CorrectHealth Chatham LLC, Carlo Musso, MD, Karen Forchette, Lowretta Florence, Amber Anderson, Jacqueline (Jackie) Harned, and Susan Rivera (collectively referred to as "Defendants"),

Defendants in the within action, and hereby file this Motion for Leave to File Amended Answer pursuant to Fed. R. Civ. P. 15, showing the Court the following:

**Facts and Procedural Background**

On August 18, 2021, Plaintiffs filed the above-styled civil action in the State Court of Chatham County, Georgia. Doc. 1-1. Plaintiffs seek money damages for alleged violations of rights under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983. *Id.* Plaintiffs also brought a wrongful death claim pursuant to O.C.G.A. § 51-4-1, *et seq. Id.* Plaintiffs' claims arise out of the death of Lee Michael Creely ("Creely") while he was incarcerated in the Chatham County jail. *Id.*

On March 24, 2022, the case was removed to this Court. Doc. 1. On May 3, 2022, the Court entered a Scheduling Order indicating that May 23, 2022 was the last day on which the parties may file a motion to amend. Doc. 28. The Scheduling Order also set a December 22, 2022 deadline for the completion of discovery. *Id.*

As discovery has progressed in this case, Defendants have uncovered evidence in support of a new affirmative defense that Defendants had not included in their original Answer. That affirmative defense is an assumption of risk defense, and it is based on documents produced in discovery casting doubt on the cause of death and raising the possibility that Creely knowingly and voluntarily acted in such a way that he caused his own demise. *See* Exhibits 1 (the autopsy report) and 2 (the body scans from Creely's intake at the prison),

which have been manually filed with the Clerk of Court pending this Court's review of Defendants' Motion to File Under Seal.

## Argument and Citation to Authority

Rule 15(a) provides that a party "may amend its pleading once as a matter of course" either within twenty-one days after serving it or within twenty-one days after service of a required responsive pleading or motion. Fed. R. Civ. P. 15(a)(1). Once this time has passed, a party "may amend its pleading only with the opposing party's written consent or the court's leave," which the court "should freely give … when justice so requires." Fed. R. Civ. P. 15(a)(2). "The thrust of Rule 15(a) is to allow parties to have their claims heard on the merits, and accordingly, district courts should liberally grant leave to amend when 'the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief.'" *In re Engle Cases*, 767 F.3d 1082, 1108 (11th Cir. 2014) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Additionally, "if a court has entered a scheduling order prescribing a deadline for motions to amend pleadings, a [party] seeking leave to amend his [pleading] after that deadline must demonstrate good cause." *Allstate Vehicle & Prop. Ins. Co. v. R-Value Insulation, Inc.*, 2015 WL 12835700, at *1–2 (S.D. Ga. Oct. 14, 2015) (citations and punctuation omitted); *see also* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). Further, a court need not allow leave to amend "(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment

would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Allstate,* 2015 WL 12835700, at *1–2 (citations omitted).

Here there has been no undue delay and Plaintiffs would not be prejudiced by the Court allowing the amendment, as discovery is still months away from expiring, no depositions have been taken, and no dispositive motions have been filed. *Compare Fletcher v. Great Am. Ins. Co.,* 2010 WL 11507440, at *4 (M.D. Fla. June 8, 2010) (finding that the defendant's undue delay in seeking to add an affirmative defense was prejudicial to the plaintiff since the parties' cross-motions for summary judgment had already been filed and the dispositive motion deadline had passed). Additionally, Defendants are not seeking to amend in "bad faith" or because of any "dilatory motive," and Defendants have not "repeated[ly] fail[ed] to cure deficiencies by amendments previously allowed." *Allstate Vehicle & Prop. Ins. Co. v. R-Value Insulation, Inc.,* 2015 WL 12835700, at *1–2 (S.D. Ga. Oct. 14, 2015). Defendants are instead seeking to amend to add the assumption of risk defense based on evidence uncovered during discovery. And, finally, the amendment would not be futile because it is not facially meritless and implausible. "In the context of a motion to amend a [pleading], the futility threshold is akin to that for a motion to dismiss." *Fletcher v. Great Am. Ins. Co.,* 2010 WL 11507440, at *4 (M.D. Fla. June 8, 2010) (citing to authority); *see also Frank M. McDermott, Ltd. v. Moretz,* 898 F.2d 418, 421 (4th Cir. 1990) (stating the that a court "would not hold an amendment to be in order if it asserted a facially meritless defense").

Defendants contend that Creely assumed the risks associated with him taking actions while in jail which led to his death. "Under Georgia law, a plaintiff assumes the risk when he deliberately chooses an obviously perilous course of *conduct and fully appreciates the danger involved." *Hull v. Merck & Co.*, 758 F.2d 1474, 1476 (11th Cir. 1985). Defendants seek to amend their Answer to add that affirmative defense.

This case is in its early stages, the assumption of risk defense is not futile, Plaintiffs would not be prejudiced by its addition, and the rules indicate that the Court should grant leave to amend "freely." *Fletcher v. Great Am. Ins. Co.*, 2010 WL 11507440, at *4 (M.D. Fla. June 8, 2010) ("The mandate that leave be freely given when justice so requires is to be heeded.") (citations omitted).

Thus, based on the foregoing and for good cause shown, Defendants respectfully request this Court GRANT this Motion for Leave to Amend their Answer.

RESPECTFULLY SUBMITTED THIS 21st DAY OF JULY, 2022.

BOUHAN FALLIGANT, LLP
/s/ *Carlton E. Joyce*
CARLTON E. JOYCE
State Bar of Georgia No. 405515
LUCAS D. BRADLEY
State Bar of Georgia No. 672136
*Attorneys for Defendants CorrectHealth, LLC, CorrectHealth Chatham LLC, Carlo Musso, MD; Karen Forchette; Lowretta Florence; Amber Anderson; Jacqueline (Jackie) Harned; and Susan Rivera*

Post Office Box 2139
Savannah, Georgia 31402
Telephone: 912-236-2491
Telefax: 912-233-0811
Email: cejoyce@bouhan.com
ldbradley@bouhan.com