IN THE UNITED STATES DISTRCT COURT
SOUTHERN DISTRICT OF GEORIGA
SAVANNAH DIVISION

| | | |
|---|---|---|
| JESSICA HODGES, As natural guardian of minor children, L.C. and D.C.; and ESTATE OF LEE MICHAEL CREELY, By and through Warren Ratchford, its Administrator; | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case Number: 4:22-CV-00067-WTM-CLR |
| CHATHAM COUNTY, GEORGIA; CORRECTHEALTH CHATHAM LLC; CORRECTHEALTH, LLC; CARLO MUSSO, M.D.; KAREN FORCHETTE; ALFRED NEVELS; SELENA CARDONA; TEANNA FRANCES-HENDERSON; TERENCE JACKSON; DON WHITE; KARLOS MANNING; YVETTE BETHEL-QUINNEY; LOWRETTA FLORENCE; AMBER ANDERSON; JACKIE HARNED; SUSAN RIVERA; and LOUKISHA ROBERTS; | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS MOTION TO FILE AMENDED ANSWER AND ACCOMPANYING BRIEF IN SUPPORT**

Plaintiffs moves this Honorable Court, pursuant to Rule 15 of the Federal Rules of Civil Procedure, to deny Defendants CorrectHealth, LLC, CorrectHealth Chatham, LLC, Carlo Musso, MD, Karen Forchette, Lowretta Florence, Amber Anderson, Jacqueline (Jackie) Harned, and Susan Rivera's (collectively referred to as "Defendants") Motion for Leave to File Amended Answer.

In support, undersigned Counsel states as follows:

1

## INTRODUCTION

This action is a conditions of confinement case against Defendants and others for their systemic failure to comply with the requirements of the United States Constitution at the Chatham County Detention Center ("jail").  *Doc. 8*-1.  In early September of 2020, Lee Creely ("Mr. Creely") was a thirty-four (34) year old man with two children when he was arrested for violating his probation.  The alleged violation was technical—failing to report his change of address—and the underlying conviction was for drugs and other non-violent crimes.  On September 3, 2020, at approximately 12:54 a.m., Mr. Creely entered the Jail and was booked.  Even though he admitted to an extensive history of drug addiction, including current use of Xanax and heroin, people who worked at the Jail essentially ignored him as he died in his cell.  *Id.*, pp. 18-20.

Generally, Plaintiffs allege that "Mr. Creely died as a result of both explicit and *de facto* policies and practices by the Defendants with responsibility for the health care and security provided to people detained in the Jail."  *Id.*, pp. 9-10.  In addition, Plaintiffs allege that "the Jail and its health care system are managed and operated in an unconstitutionally dangerous manner, with the health care system prioritizing profit over the health and safety of detainees."  *Id*.  Plaintiffs' claims focus on deliberately indifferent actions taken by individual staff at the Jail and claims under *Monell*.  *Id.*, pp. 33-38.

## LEGAL ARGUMENT

**1. Defendants' Motion is Dilatory and Untimely**

Defendants correctly state the procedural background about this lawsuit's origins in Georgia's Superior Court and removal to this Court.  *Doc. 35*, p. 2.  They are incorrect, however, that they only learned of the alleged "possibility that Creely knowingly and voluntarily acted in such a way that he caused his own demise" leading Defendants to seek to amend their Original Answer during formal discovery.  *See, id.* ("As discovery has progressed in this case, Defendants have

2

uncovered evidence in support of a new affirmative defense that Defendants had not included in their Original Answer. That affirmative defense is an assumption of risk defense, and it is based on documents produced in discovery . . .").

Although Defendants do not provide the date of the discovery to which they refer, there was only one set of discovery that occurred after the May 23, 2022 deadline to amend pleadings. On July 15, 2022, Plaintiffs provided responsive documents to Defendants' Request for Production of Documents. *Exhibit 1*. The documents Defendants rely on were indeed provided on July 15, but were *also* provided 74 days earlier, when Plaintiffs made their Initial Disclosures. *See, Exhibit 2*, p. 11 (cover email dated April 28, 2022 and disclosures, including bates stamped documents Plaintiff Creely- 000484-572).

Within that specific production are the documents Defendants provide to the Court under seal. *See, Doc. 37* (Exhibits 1 (the autopsy report) and 2 (body scans from Creely's intake at the prison to Defendants' Motion for Leave to Amend, bates stamped documents Plaintiff Creely- 000484-572). The fact that Defendants had the very documents upon which they now seek to rely were in their possession almost a month prior to the deadline to amend, yet failed to amend, is dilatory and an undue delay.

### 1. Defendants' Motion Would Cause Undue Prejudice and Be Futile

As this Court knows well, the standard in the Eleventh Circuit whether a person in custody dies of an overdose, *James v. Bartow County, Georgia*, 798 Fed.Appx. 581 (11th Cir. 2020), or withdrawal, *Hays v. Skoog*, 2017 WL 897594, Case No.: 2:16-cv-00384-RDP (N.D. Ala. Mar. 7, 2017), is were the Defendants deliberately indifferent to the serious medical needs of the decedent. In our circuit—as well as the large majority across the country—a defendant who is responsible for an inmate's health remains liable whether that inmate dies of an overdose or withdrawal. There is no precedent in this Circuit for this untimely affirmative defense and Plaintiffs firmly believe that

3

upon evaluation of binding and persuasive jurisprudence, this Court would find this new defense utterly inapplicable to these facts. *See, e.g.*, *Legate v. Livingston*, 822 F.3d 207, 210 (5th Cir. 2016) (Affirming district court ruling that denied relief to inmate because he willingly smoked communal pipe, thereby contracting hepatitis.  In the decision, the Fifth Circuit notes it had never before considered barring an Eighth Amendment claim due to voluntary conduct and cites cases only from the 7th and 8th circuits).  Consequently, there will be no harm suffered by the Defendants if this Court denies their request for leave to amend. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (stating that it is not error to deny amendment if it would be futile).

However, assuming arguendo this new defense could be legally presented through an amended answer, Plaintiffs here would be irreparably harmed and prejudiced by allowing this untimely amendment.  *See Docs. 35, 39, & 40* (all defendants' motions for leave conceding undue prejudice to the opposing party should result in denial an untimely amendment).  As this Court is aware, discovery is presently set to conclude in eighteen (18) days.  Plaintiffs will be completely unable to conduct all the discovery and depositions needed to fairly respond to this untimely affirmative defense in this timeframe.  As example, Plaintiffs would need to:

1) Hire a new expert toxicologist to testify whether the amount of fentanyl in Mr. Creely's system was enough to be fatal, as well as how fast the body metabolizes fentanyl to determine whether it is even possible he consumed the drug while in the defendants' care and custody;

2) Hire a prison security expert to testify as to what are reasonable measures are for a jail to take to ensure that inmates processed through intake do not possess drugs, as well as standard policies and procedures prisons take to prevent this from happening; and then opine as to whether the defendant met this standard of care;

3) Hire an expert to examine the imaging of Mr. Creely's body to opine if there was any

evidence he potentially had drugs concealed in his body;

4) Depose the jailers at Effingham from which Mr. Creely was transferred to determine what measures were taken to ensure Mr. Creely did not have narcotics on or in his person when being transferred to Chatham County;

5) Depose policymakers, likely the Sheriff, in Chatham County about standard procedures at the Jail about normal policies and procedures for ensuring inmates do not have drugs on or in their persons during intake;

6) Depose the specific deputies who processed Mr. Creely through intake to determine what measures they took and whether they followed the espoused procedures.

Plainly, all of these matters cannot be accomplished in the time Plaintiff has remaining to conduct discovery.

As outlined above, Defendants have had the autopsy and images that form the basis of this request for a new, untimely affirmative defense since Rule 26(a) disclosures.  Allowing Defendants to now amend their petitions to assert a defense that would bar Plaintiffs from recovery without Plaintiffs having sufficient time to develop a response to this defense is fundamentally unfair and unduly prejudicial.  This Court should deny leave.

Respectfully submitted, this 4th day of August, 2022.

                                                THE CLAIBORNE FIRM, P.C.

                                                /s/ WILLIAM R. CLAIBORNE
                                                WILLIAM R. CLAIBORNE
                                                Bar Number: 126363
                                                DAVID J. UTTER
                                                Bar Number: 723144

410 East Bay Street
Savannah, Georgia 31401
(912) 236-9559 Telephone
(912) 236-1884 Facsimile
will@claibornefirm.com
david@claibornefirm.com

                                  /s/: CHRISTOPHER J. MURELL
                                  CHRISTOPHER J. MURELL
                                  Bar Number: 195116

MURELL LAW FIRM
2831 St. Claude Ave.
New Orleans, LA 70117
(504) 717-1297 Telephone
chris@murell.law                   ATTORNEYS FOR PLAINTIFFS

## **CERTIFICATE OF SERVICE**

     **I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on all counsel of record and filed electronically with the Clerk of Court's CM/ECF system.

     This 4th day of August, 2022.

                                            /s/ *William R. Claiborne*
                                            WILLIAM R. CLAIBORNE