IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| JESSICA HODGES, as natural guardian of minor children, LMC and DLC; ESTATE OF LEE MICHAEL CREELY by and through Warren Ratchford, its Administrator,<br><br>    Plaintiffs,<br><br>vs.<br><br>CHATHAM COUNTY, GEORGIA; CORRECTHEALTH LLC; CORRECTHEALTH CHATHAM, LLC; CARLO MUSSO, MD; KAREN FORCHETTE; ALFRED NEVELS; SELENA CARDONA; TEANNA FRANCES-HENDERSON; TERENCE JACKSON; DON WHITE; KARLOS MANNING; YVETTE BETHEL-QUINNEY; LOWRETTA FLORENCE; AMBER ANDERSON; JACKIE HARNED; SUSAN RIVERA; and LOUIKISHA ROBERTS,<br><br>    Defendants. | CASE NO. 4:22-cv-00067-WTM-CLR |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR LEAVE TO FILE AMENDED ANSWER**

Selena Cardona, Terence Jackson, Teanna Frances-Henderson, and Yvette Bethel-Quinney, Defendants in the above-referenced matter (these "Defendants"), by and through undersigned counsel, file this, their Reply in Support of Their Motion for Leave to File Amended Answer (doc. 39), showing the Court the following:

**ARGUMENT AND CITATION TO AUTHORITY**

In their Opposition (doc. 43), Plaintiffs argue that (1) Defendants' Motion is dilatory and untimely; and (2) the proposed amendment is futile and would cause undue prejudice to Plaintiffs. These arguments are unavailing.

1. **The Timing of Defendants' Motion**

These Defendants do not dispute that Plaintiffs first produced the autopsy report and body scan images with their Initial Disclosures on May 3, 2022. However, Defendants' assertion that the basis for their assumption of risk defense was only recently realized through documents produced in discovery remains accurate.

"The function of Rule 15(a)… is to enable a party to assert matters that were overlooked or were unknown *at the time he interposed the original complaint or answer.*" Wilkes v. Bed Bath & Beyond, Inc., No. CV 107-131, 2008 WL 11350087, at *1 (S.D. Ga. Apr. 23, 2008) (emphasis added). In the period since filing their original Answer, Defendants uncovered evidence that they contend supports an assumption of risk defense. That evidence was initially produced to these Defendants with Plaintiffs' Initial Disclosures, after the case was removed to this Court. In discovery, the evidence was again produced. Accordingly, Defendants moved the Court for leave to amend their Answer to assert a defense about an issue which was unclear to Defendants at the time they filed their original Answer.

Plaintiffs provided the evidence first on May 3 and again in discovery on July 15, and these Defendants sought to amend on July 27. That date is less than three months after Plaintiffs' Initial Disclosures were made, approximately two months after the deadline to amend had passed (on May 23), and just 12 days after Plaintiffs

2

served their responses to the CorrectHealth Defendants' discovery requests.[1] In the time between obtaining Plaintiffs' Initial Disclosures and seeking to amend, the named Defendants in this case served written discovery on Plaintiffs, the GBI[2], and others in order to obtain any additional information and documentation about Mr. Creely's cause of death and the autopsy results.

Finally, at the time these Defendants filed their Motion to Amend, nearly a month of fact discovery remained, the close of discovery (December 22) was almost five months away, and the last day to file civil motions was close to eight months away. (Doc. 28). None of this amounts to undue delay, and a motion to extend those deadlines is pending (doc. 48). Compare Dunn v. Hart, No. 5:13-CV-131, 2016 WL 1706173, at *3 (S.D. Ga. Apr. 28, 2016) (finding undue delay when party sought to amend over two years after complaint was filed and seven months after deadline to add parties or to amend pleadings passed); Stephens v. Georgia Dep't of Transp., 134 F. App'x 320, 322 (11th Cir. 2005) (there was undue delay when motion to amend was filed over six months after amendment deadline); Jennings v. BIC Corp., 181 F.3d 1250, 1258 (11th Cir. 1999) (there was undue delay when "plaintiffs waited to move for leave to amend until thirty-four months after their original complaint was filed.

---

[1] The "CorrectHealth Defendants" include CorrectHealth Chatham LLC, CorrectHealth, LLC, Amber Anderson, Lowretta Florence, Karen Forchette, Jackie Harned, Carlo Musso, and Susan Rivera.

[2] In response to the Chatham County Defendants' Open Records Request to the GBI seeking the GBI's investigative file, the GBI informed counsel for the County Defendants on June 14, 2022 that the records could not be released since they were still part of an active investigation by the District Attorney's office. (See Doc. 47-1).

Their motion came two months before the trial was scheduled to begin, and five months after the district court's deadline for amending the pleadings."); Muegge v. Heritage Oaks Golf & Country Club, Inc., 209 F. App'x 936, 940 (11th Cir. 2006) (undue delay found when party "did not file her motion to amend until four months after the district court issued its scheduling order and one month before the close of discovery."); Hester v. Int'l Union of Operating Engineers, AFL-CIO, 941 F.2d 1574, 1578 (11th Cir. 1991) (party "inexplicably waited a very long time" before seeking to amend); Campbell v. Emory Clinic, 166 F.3d 1157, 1162 (11th Cir. 1999) ("Prejudice and undue delay are inherent in an amendment asserted after the close of discovery and after dispositive motions have been filed, briefed, and decided."); Sams v. GA W. Gate, LLC, No. CV415-282, 2016 WL 3339764, at *4 (S.D. Ga. June 10, 2016) ("the mere passage of time — even if years — does not, absent something more, create prejudice.").

Based on the foregoing, Plaintiffs' arguments about undue delay – which they do not support with any case law – have no merit and should be rejected.[3]

2. **Undue Prejudice and Futility**

The cases cited in Plaintiffs' Opposition go directly against their position that the amendment would cause undue prejudice or be futile.

Available evidence strongly indicates that Mr. Creely died from a drug overdose, and the case cited by Plaintiffs on that issue specifically provides that, "[t]o

---

[3] Plaintiffs' argument that these Defendants' Motion is "dilatory" should likewise be rejected, as it lacks any support or explanation whatsoever.

4

establish deliberate indifference, a plaintiff must show: (1) a serious medical need; (2) the defendants' deliberate indifference to that need; *and* (3) causation between that indifference and the plaintiff's injury." James v. Bartow Cnty., Georgia, 798 F. App'x 581, 584 (11th Cir. 2020) (citations and punctation omitted) (emphasis added). Unless Plaintiffs can establish causation here, Plaintiffs' deliberate indifference claims will fail as a matter of law.

Thus, Plaintiffs must show that these Defendants' conduct – and not Mr. Creely's ingestion of illegal drugs – was the proximate cause of his death. To do so, Plaintiffs must address the overdose issue. From what Defendants understand, this has been known to Plaintiffs since November 15, 2021, since that is the last date on which Plaintiffs received responses to their Open Records Requests.[4] At the very latest, Plaintiffs were on notice of the overdose issue when the Chatham County Defendants filed their Answer on March 24, 2022 and pleaded the following:

> 100.  County Defendants deny the allegations contained in paragraph 100 of Plaintiffs' Complaint. Mr. Creely's cause of death was accidental fentanyl overdose from fentanyl brought in by Mr. Creely in his anal cavity. By way of further response, it was determined that there is a high probability that inmate Creely entered into Effingham County Sheriff's Office with the Fentanyl already in his anal cavity.

(Doc. 8-1, p. 99).

---

[4] The Open Records Requests are how Plaintiffs obtained the Internal Affairs Investigative Report containing the autopsy report and body scan images. (See Doc. 47-2 (showing Open Records Request correspondence from the Chatham County DA's office, which was produced in discovery by Plaintiffs, as well as an email between Plaintiffs' office and a reporter with the Savannah Morning News indicating that the Investigative Report was obtained through Open Records Requests))

Accordingly, Plaintiffs will not be prejudiced by Defendants amending their Answer to add an affirmative defense that directly addresses Mr. Creely's overdose. The list of six examples of work Plaintiffs claim they would need to do "to fairly respond to this untimely affirmative defense" would have to be done anyway. (Doc. 43, p. 4). Plaintiffs knew this well before Defendants filed their Motion to Amend.

Regarding futility, the case cited by Plaintiffs undermines their own arguments. In Legate v. Livingston, the Fifth Circuit found that a prisoner who allegedly contracted Hepatitis C after smoking a communal pipe failed to state a claim under the Eighth Amendment "[b]ecause he voluntarily participated in the pipe-smoking ceremony based on his personal religious tenets." 822 F.3d 207, 211 (5th Cir. 2016). The court noted that while the Fifth "[C]ircuit has not considered an Eighth Amendment claim involving voluntary conduct, *circuits that have addressed the issue have held that a prisoner cannot establish a violation where he willingly participates in the conduct giving rise to his injury.*" Id. (citing Seventh and Eighth Circuit authority) (emphasis added). This authority supports Defendants' position, not Plaintiffs'.

Furthermore, despite Plaintiffs' contention that "[t]here is no precedent in this Circuit for this untimely affirmative defense," the Northern District of Georgia has explicitly held that "[t]he fact that the plaintiff is a prisoner at a federal institution does not work to alter the application of the assumption of risk doctrine." Mullins v. Blackwell, 283 F.Supp. 462, 463 (N.D. Ga. 1967). So, while there may not be any

Eleventh Circuit cases directly on point, the available persuasive authority shows that Defendants' proposed amendment is not futile.[5]

## CONCLUSION

"[T]he Federal Rules of Civil Procedure require leave to amend a party's pleading be freely given when justice so requires." Brinson v. Providence Cmty. Corr., No. CV 215-99, 2018 WL 4059379, at *4 (S.D. Ga. Aug. 24, 2018), aff'd, 785 F. App'x 738 (11th Cir. 2019). "This policy of [R]ule 15(a) in liberally permitting amendments to facilitate determination of claims on the merits circumscribes the exercise of the [D]istrict [C]ourt's discretion; thus, unless a substantial reason exists to deny leave to amend, the discretion of the [D]istrict [C]ourt is not broad enough to permit denial." Shipner v. E. Air Lines, Inc., 868 F.2d 401, 407 (11th Cir. 1989). Plaintiffs have not demonstrated "substantial reason" for this Court to deny Defendants' request to amend their Answer, and Defendants' proposed amendment should be resolved on the merits.

These Defendants' Motion for Leave to Amend their Answer should be granted.

This 22nd day of August, 2022.

OLIVER MANER LLP

/s/Benjamin M. Perkins
BENJAMIN M. PERKINS

---

[5] In "the amended answer context, a finding of futility is, in effect, a legal conclusion that the proposed defense would necessarily fail." Bartronics, Inc. v. Power-One, Inc., 245 F.R.D. 532, 535 (S.D. Ala. 2007); see also Massie v. Board of Trustees, Haywood Community College, 357 F.Supp.2d 878, 884 (W.D.N.C.2005) (motion to amend answer to state new affirmative defense should be denied as futile only if proposed amendment is "clearly insufficient or frivolous on its face").

7

Post Office Box 10186
Savannah, GA 31412
Ph:(912) 236-3311
bperkins@olivermaner.com
bgriffin@olivermaner.com
wphillips@olivermaner.com

Georgia Bar No. 140997
BRIAN D. GRIFFIN
Georgia Bar No. 874951
WILLIAM PHILLIPS
Georgia Bar No. 552370

*Attorneys for Selena Cardona, Terence Jackson, Yvette Bethel-Quinney, and Teanna Frances-Henderson*

## CERTIFICATE OF SERVICE

I, Benjamin M. Perkins, hereby certify that on this day, I served a copy of the forgoing upon all counsel of record through the Court's CM/ECF system and by electronic mail as follows:

William R. Claiborne, Esq.
David J. Utter, Esq.
The Claiborne Firm, P.C.
410 East Bay Street
Savannah, Georgia 31401
will@claibornefirm.com
david@claibornefirm.com

Michael D. Flint, Esq.
Mary Ellen A. Lighthiser, Esq.
John A. Christy, Esq.
Schreeder, Wheeler & Flint, LLP
1100 Peachtree Street N.E., Suite 800
Atlanta, Georgia 30309-4516
mflint@swfllp.com
mlighthiser@swfllp.com
jchristy@swfllp.com

R. Jonathan Hunt, Esq.
Andre Pretorius, Esq.
County Attorney for Chatham County
124 Bull Street
Room 230
Savannah, Georgia 31401
rjhart@chathamcounty.org
anpretorius@chathamcounty.org

Carlton E. Joyce, Esq.
Bouhan Falligant, LLP
P.O. Box 2139
Savannah, Georgia 31402
cejoyce@bouhan.com

Christopher J. Murrell, Esq.
Murrell Law Firm
2831 St. Claude Ave.
New Orleans, LA 70117
chris@murell.law

This 22nd day of August, 2022

OLIVER MANER LLP

Post Office Box 10186
Savannah, GA 31412
Ph:(912) 236-3311
bperkins@olivermaner.com
bgriffin@olivermaner.com
wphillips@olivermaner.com

/s/Benjamin M. Perkins
BENJAMIN M. PERKINS
Georgia Bar No. 140997
BRIAN D. GRIFFIN
Georgia Bar No. 874951
WILLIAM PHILLIPS
Georgia Bar No. 552370

*Attorneys for Selena Cardona, Terence Jackson, Yvette Bethel-Quinney, and Teanna Frances-Henderson*