## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | | |
|---|---|---|
| JESSICA HODGES, as natural guardian of minor children, L.C. and D.C, and ESTATE OF LEE MICHAEL CREELY, | ) ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CV422-067 |
| | ) | |
| CHATHAM COUNTY, GEORGIA, *et al.*, | ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

Plaintiffs allege constitutional violations under 42 U.S.C. § 1983 and wrongful death under Georgia law related to the death of Lee Michael Creely while he was incarcerated at the Chatham County Detention Center. *See generally* doc. 8-1 at 9-39. Defendants all filed Answers while the case was pending in State Court. *See* doc. 8-1 at 82-153. Defendants CorrectHealth, LLC, CorrectHealth Chatham, LLC, Carlo Musso, MD, Karen Forchette, Lowretta Florence, Amber Anderson, Jacqueline (Jackie) Harned, and Susan Rivera (the "Medical Defendants") then removed it to this Court asserting federal question

1

jurisdiction under 28 U.S.C. § 1331. Doc. 8.[1]  The Medical Defendants[2] now seek leave to amend their Answer, doc. 35, and to file exhibits to their motion under seal, doc. 36. Defendants Selena Cardona, Terence Jackson, Teanna Frances-Henderson, and Yvette Bethel-Quinney filed a similar Motion to Amend their Answer. *See* doc. 39.[3]  Plaintiffs oppose both motions to amend. *See* docs. 42 & 43. Defendants replied in support of their amendment requests. *See* docs. 47 & 49. No party opposes the Medical Defendants' Motion to Seal. *See generally* docket; *see also* S.D. Ga. L. Civ. R. 7.5 ("Failure to respond within [14 days] shall indicate that there is no opposition to a motion."). The motions are all ripe for review.

## I.   BACKGROUND

Plaintiffs filed their Complaint in Chatham County State Court on February 2, 2022. *See* doc. 8-1 at 9-39. Defendants acknowledged and

---

[1] Docket entry 8 is the redacted version of the Notice of Removal initially filed at docket entry 1. Docket entry 1 is currently restricted. The Court discusses this issue in Section II.1. below.

[2] After the Medical Defendants filed their motions, Defendants Amber Anderson, Lowretta Florence, and Susan Rivera were dismissed as parties to this case. *See* doc. 60. The portion of the Medical Defendants' motions seeking relief on behalf of those now-dismissed parties are, therefore, **DISMISSED**, as moot. Docs. 35, in part, & 36, in part.

[3] Defendant Louikisha Roberts also filed a Motion to Amend her Answer. Doc. 40. She has since been dismissed as a party to this case. *See* doc. 58. Her motion is, therefore, **DISMISSED**, as moot. Doc. 40.

waived service. *Id.* at 74-81. Defendants Chatham County, Georgia, Alfred Nevels, Selena Cardona, Teana Frances-Henderson, Terence Jackson, Don White, Karlos Manning and Yvette Bethel-Quinney filed their Answer on March 24, 2022. *Id.* at 82-101. The Medical Defendants filed their Answer and removed the case that same day. *Id.* at 127-153; *see also* doc. 8. The Court entered a Scheduling Order on May 3, 2022, setting a deadline of May 23, 2022, for Motions to Amend or Add Parties. Doc. 28 at 1. Almost two months after this deadline expired, the Medical Defendants filed their Motion to Amend their Answer on July 21, 2022. Doc. 35. Cardona, Jackson, Frances-Henderson, and Bethel-Quinney followed suit on July 27, 2022. Doc. 39.[4]

The two motions to amend seek similar relief: the defendants wish to add the affirmative defense of assumption of the risk. *See* doc. 35 at 2; doc. 39 at 2. The Medical Defendants contend they have uncovered evidence in support of this new affirmative defense "based on documents produced in discovery casting doubt on the cause of death and raising the

---

[4] Cardona, Jackson, Frances-Henderson, and Bethel-Quinney's original Answer was jointly filed with Chatham County, Georgia, Nevels, White, and Manning. Doc. 8-1 at 82-101. Their Motion to Amend was filed by different counsel, and does not include the County, Nevels, White, or Manning. *See* doc. 39. These four defendants do not seek leave to Amend their Answer. *See generally* docket.

possibility that Creely knowingly and voluntarily acted in such a way that he caused his own demise." Doc. 35 at 2. In support of this contention, they cite to two exhibits, an autopsy report and body scans from Creely's intake at the prison, which they also seek to file under seal. *Id.*; *see also* doc. 36. Cardona, Jackson, Frances-Henderson and Bethel-Quinney further explain that "documents produced in discovery reveal that Mr. Creely died from fentanyl intoxication, and that he likely obtained the fentanyl by smuggling it into the jail." Doc. 39 at 2. The Medical Defendants state that this evidence was "uncovered during discovery." Doc. 35 at 4. The other defendants more explicitly state that the facts on which they base their proposed affirmative defense "were not known to [them] when their answer was filed . . . ." Doc. 39 at 3.

Plaintiffs argue that these motions are untimely because the documents upon which the defendants rely were produced to them almost a month prior to the deadline to amend. Doc. 42 at 3; doc. 43 at 3. Plaintiffs contend that while the documents were provided as part of a discovery production on July 15, 2022 (*i.e.*, after the amendment deadline ran), they were also provided as part of Plaintiffs' initial disclosures (*i.e.*, before the amendment deadline ran). *Id.* Plaintiffs also argue that the

proposed amendments would be futile, and that they would be "irreparably harmed and prejudiced" if the amendments were allowed. Doc. 42 at 3-4; doc. 43 a 3-4.  Defendants concede that the autopsy report and body scan were produced by Plaintiffs with their initial disclosures and were, therefore, received prior to the expiration of the deadline for motions to amend.  *See* doc. 47 at 2; doc. 49 at 2.  The Medical Defendants even point out that the "Chatham County Defendants," which at the time included Cardona, Jackson, Frances-Henderson and Bethel-Quinney, stated in their original Answer—filed March 24, 2022—the following: "Mr. Creely's cause of death was accidental fentanyl overdose from fentanyl brought in by Mr. Creely in his anal cavity."  Doc. 47 at 5 (quoting doc. 8-1 at 99).  Nevertheless, both sets of Defendants argue that the amendments should be permitted.  *See generally* docs. 47 & 49.

## II.   ANALYSIS

### 1.     Redacted Notice of Removal

The Medical Defendants initially filed their Notice of Removal and exhibits without any redactions.  Doc. 1.  They then filed what appears to be an exact copy of those documents, but this time with the minor parties' names redacted.  *See generally* doc. 8.  It is not apparent from the

docket what, if anything, precipitated that redacted filing. *See generally* docket. The initial unredacted Notice of Removal is currently not available on the public docket. *See* doc. 1.

This Court's Local Rules explain the procedure that must be followed if a party wishes to file material under seal. *See* S.D. Ga. L. Civ. R. 79.7. No motion to seal accompanied the Notice of Removal. *See generally* docket. Therefore, any party wishing for the unredacted Notice of Removal to remain under seal and not available for public inspection is **DIRECTED** to file a motion within 14 days from the date of this Order requesting such relief. If no such motion is filed, the Clerk is **DIRECTED** to lift the restrictions on the original Notice of Removal after the expiration of the 14 days. Doc. 1.

### 2.    Motion to Seal

The Medical Defendants seek leave to file Exhibits 1 and 2 to their Motion to Amend under seal. Doc. 36. They have provided a copy of the exhibits to the Court for its review in considering the motion. No party opposes the motion to seal. *See* S.D. Ga. L. Civ. R. 7.5; *see also* docket.

The Eleventh Circuit has explained that "[t]he operations of the courts and the judicial conduct of judges are matters of utmost public

concern and the common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (internal quotation marks omitted) (quoting *Landmark Commc'ns, Inc. v. Virginia*, 435 U.S. 829, 839 (1978), and *Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001)). "[T]he common-law right of access includes the right to inspect and copy public records and documents." *Chi. Tribune Co.*, 263 F.3d at 1311 (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (referencing specifically the right to inspect and copy "judicial records and documents.")). "A motion that is presented to the court to invoke its powers or affect its decisions, whether or not characterized as dispositive, is subject to the public right of access." *Romero*, 480 F.3d at 1246 (internal quotation marks and citation omitted).

The Eleventh Circuit recently reaffirmed that the public right of access is presumed for "judicial records," which include "documents filed with pretrial motions that require judicial resolution of the merits of an action." *Callahan v. United Network for Organ Sharing*, 17 F.4th 1356, 1363 (11th Cir. 2021) (internal citation and quotations omitted); *see also*

*id.* ("What matters is how the document was used by the parties—to support an argument before the court—and not whether the court itself used the document to resolve that argument."). The exhibits to the Medical Defendants' Motion to Amend are, therefore, judicial records presumed to be open to the public.

A party seeking to seal judicial records can overcome the common-law right of access by a showing of good cause. *Callahan*, 17 F.4th at 1363. A good cause determination "requires balancing the asserted right of access against the other party's interest in keeping the information confidential." *Romero*, 480 F.3d at 1246 (internal quotation marks and alterations omitted) (quoting *Chi. Tribune Co.*, 263 F.3d at 1309). In weighing these competing interests, the Court considers "a number of important questions," which the Eleventh Circuit discussed in *Callahan*:

> [W]hether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents. Concerns about trade secrets or other proprietary information, for example, can overcome the public interest in access to judicial documents. Indeed, a court should consider whether the records are sought for such illegitimate purposes as to promote public scandal or gain unfair commercial advantage.

*Callahan*, 17 F.4th at 1363 (internal quotation marks and citations omitted). The decision of whether good cause exists rests with the sound discretion of the district court, is based on the "nature and character of the information in question," and "should be informed by a sensitive appreciation of the circumstances that led to the production of the particular document in question." *Chi. Tribune Co.*, 263 F.3d at 1311 (quoting *Nixon*, 435 U.S. at 603) (internal quotation marks and alterations omitted), 1315.

The Medical Defendants argue that the two exhibits—an autopsy report and photographs from Creely's prison intake body scan—should be sealed for two reasons. First, they explain that the documents are "part of an open investigation by the Eastern Judicial Circuit District Attorney." Doc. 36 at 2; *see also* doc. 36-1 at 2. Second, they "note that the Autopsy Report may contain patient health information protected by the Health Insurance Portability and Accountability Act of 1996 and, therefore, filing the document under seal is appropriate." Doc. 36 at 2. These reasons provide the requisite good cause. *See, e.g.*, *United States v. Valenti*, 987 F.2d 708, 714-15 (11th Cir. 1993) (identifying ongoing law enforcement investigation as sufficient grounds to deny motion to

unseal); *United States ex rel. Bell v. Cross Garden Care Center, LLC*, 2020 WL 2573286, at *3 (M.D. Fla. May 21, 2020) (finding good cause to seal exhibit containing protected health information).  Therefore, the Motion to Seal is **GRANTED**.  Doc. 36.  The Clerk is **DIRECTED** to file Exhibit 1 and Exhibit 2 to the Motion to Amend, doc. 35, **UNDER SEAL**, and maintain those exhibits under seal until further Order from the Court.

### 3.    Motions to Amend

As Defendants appear to recognize, because their motions to amend were filed after the deadline for amending pleadings, they must first satisfy the more stringent good cause standard of Federal Rule of Civil Procedure 16(b) before the Court considers whether to allow the amendment under Federal Rule of Civil Procedure 15(a).  *See, e.g., Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) ("If we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure."); *see also* doc. 35 at 3 (citing Rule 16(b)); doc. 39 at 3 (same).

"[W]hen a motion to amend is filed after a scheduling order deadline, Rule 16 is the proper guide for determining whether a party's

delay may be excused." *Sosa*, 133 F.3d at 1418 n.2.  Under Rule 16(b)(4), the Court's scheduling order may be modified only "upon a showing of good cause and with the judge's consent."  Fed. R. Civ. P. 16 (b)(4); *see also Sosa*, 133 F.3d at 1417.   "This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.' "  *Sosa*, 133 F.3d at 1417 (quoting Fed. R. Civ. P. 16 advisory committee's notes).  In other words, for Defendants to establish good cause, they must have, at least, been diligent.  *Romero v. Drummond Co., Inc.*, 552 F.3d 1303, 1319 (11th Cir. 2008) (citation omitted).  Absent of showing of diligence, the moving party cannot meet the Rule 16 good cause standard, and the inquiry is at an end.  *See Lord v. Fairway Elec. Corp.*, 223 F. Supp. 2d 1270, 1277 (M.D. Fla. 2002) (citing *Sosa*, 133 F.3d at 1418-19); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.1992) ("If [a] party was not diligent, the [good cause] inquiry should end.").  " 'This rule is strictly enforced, particularly where, as here, the nonmovant has objected to the proposed amendment as untimely under the applicable scheduling order.'"  *Green v. Cosco Shipping Lines Co., Ltd.*, 2021 WL 1962567, at *2

(S.D. Ga. May 17, 2021) (quoting *Roberson v. BancorpSouth Bank, Inc.*,
2013 WL 4870839, \*1 (S.D. Ala. Sept. 12, 2013)).

Defendants' submissions do not articulate the good cause necessary
to retroactively extend the deadline for amending pleadings.  Although
they contend the documents forming the basis of their proposed
affirmative defense were unknown to them at the time they interposed
their original Answers, they do not explain the delay between receiving
the documents as part of Plaintiffs' initial disclosures and filing their
motions to amend.  *See generally* docs. 47 at 2-3; 49 at 2.  They suggest
that this delay of "less than three months" should not result in a denial
of leave to amend.  *Id.*  Without more information about precisely *why*
the defendants were unable to submit their motions until the deadline
had run by over two months, the Court should not agree.  There is no
explanation provided to establish the diligence required to approve a
retroactive extension of a scheduling order deadline.  *Sosa*, 133 F.3d at
1418-19.  The motions, in their current form, should, therefore, be
**DENIED**.  Docs. 35 & 39.

## III. CONCLUSION

Any party wishing for the unredacted Notice of Removal, doc. 1, to remain under seal and not available for public inspection is **DIRECTED** to file a motion within 14 days from the date of this Order requesting such relief.  If no such motion is filed, the Clerk is **DIRECTED** to lift the restrictions on the original Notice of Removal after the expiration of the 14 days.   Doc. 1.   Defendants CorrectHealth, LLC, CorrectHealth Chatham, LLC, Carlo Musso, MD, Karen Forchette, and Jacqueline (Jackie) Harned's Motion to Seal is **GRANTED**.  Doc. 36.  The Clerk is **DIRECTED** to file Exhibit 1 and Exhibit 2 to the Motion to Amend, doc. 35, **UNDER SEAL**, and maintain those exhibits under seal until further Order from the Court.  The portion of the Medical Defendants' motions seeking relief on behalf of Amber Anderson, Lowretta Florence, and Susan Rivera, who have now been dismissed, are **DISMISSED**, as moot. Docs. 35, in part, & 36, in part.  Defendant Louikisha Roberts' Motion to Amend is **DISMISSED**, as moot.  Doc. 40.

It is **RECOMMENDED** that Defendants CorrectHealth, LLC, CorrectHealth Chatham, LLC, Carlo Musso, MD, Karen Forchette, and Jacqueline (Jackie) Harned's Motion to Amend their Answer be

13

**DENIED**.  Doc. 35, in part.  It is **RECOMMENDED** that Defendants Selena Cardona, Terence Jackson, Teanna Frances-Henderson, and Yvette Bethel-Quinney's Motion to Amend their Answer be **DENIED**. Doc. 39.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 22nd day of November, 2022.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA