UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| JESSICA HODGES, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case Number: 4:22-cv-00067-WTM-CLR |
| vs. ) | |
| ) | |
| CHATHAM COUNTY, GEORGIA, et al. ) | |
| ) | |
| Defendants. ) | |

# EXHIBIT 9



One West Park Avenue
Savannah, GA 31401

**Carlton E. Joyce**
912.644.5754
cejoyce@bouhan.com

October 26, 2022

**Via Email**

Mr. David J. Utter
The Claiborne Firm, P.C.
410 East Bay Street
Savannah, Georgia 31401
david@claibornefirm.com

      Re:    **_Jessica Hodges et al. v. Chatham County, Georgia et al._**
              No. 4:22-cv-00067-WTM-CLR
              United States District Court, Southern District

Dear David:

      We are responding to your letter dated October 18, 2022, requesting that the parties confer regarding Plaintiffs' challenge to CorrectHealth's privilege claims, and outlining Plaintiffs' legal arguments. We agree that the parties should confer to better understand each other's positions, particularly because privilege analysis is inherently fact-driven. We are hopeful that an in-person or telephonic conference will narrow the scope of the parties' dispute, and perhaps obviate the need for motion practice. *See Lone Star Fund V (US), L.P. v. UFCW Consol. Pension Fund*, No. 1:09-CV-2886-RLV-JFK, 2012 WL 13071967, at *5, n. 11 (N.D. Ga. Apr. 27, 2012) (noting that the privilege challenger had not raised any "factual questions" as to any of the documents on the privilege log, but only made general, legal arguments to compel disclosure, and explaining that "[I]t is the movant's burden not the court's to point out specific factual, as well as legal, objections to each assertion of privilege).

      We understand that any bare legal arguments we make here are unlikely to persuade Plaintiffs to abandon their privilege challenge. But we wish to make a few points regarding the case on which you principally relied in your letter, *Colardo-Keen v. Rockdale County, Georgia*, No. 1:14-CV-489, 2017 WL 4418669 (N.D. Ga. Mar. 3, 2017). You cite *Colardo-Keen* for the proposition that documents generated in connection with a mortality review can never be protected by the attorney-client

P.O. Box 2139 | Savannah, GA 31402-2139 | P 912.232.7000 F 912.233.0811 | bouhan.com

October 26, 2022
Page 2

privilege. Oct. 18 ltr. at 2. But that is not what the case held. In *Colardo-Keen*, the court found that the mortality review in question was not protected by the privilege based on testimony from an expert witness that "in his experience, mortality reviews are generally led by a physician or a correctional employee, not a lawyer." 2017 WL 4418669, at *2. This, along with the Court's *in camera* review of the challenged documents, led the Court to conclude that the particular mortality review at issue was undertaken "in the ordinary course of [the defendant's] business, and its purpose is medical, not legal." *Id.*

Here, of course, CorrectHealth has not yet had an opportunity to submit extrinsic evidence in support of its attorney-client privilege claims, which it has a right do. *Wyndham Vacation Ownership, Inc. v. Reed Hein & Associates, LLC*, 2019 WL 9091666, at *7 (M.D. Fla. 2019) ("The log should be supported by affidavit or other evidence identifying each document or communication claimed to be protected by the privilege and setting forth sufficient facts to allow a judicial determination as to whether the particular communication or document is, in fact, privileged.").

In addition, *Colardo-Keen's* cramped interpretation of the "primary purpose" test is not in line with the approach taken by other courts in the Eleventh Circuit and elsewhere. *See United States ex rel. Bibby v. Wells Fargo Bank, N.A.*, 165 F. Supp. 3d 1319, 1329 (N.D. Ga. 2015) ("If *one of* the primary purposes of the communication is to seek legal advice, then the privilege attaches.") (emphasis added) (citing *Upjohn v. U.S.*, 449 U.S. 383, 394 101 S. Ct. 677 (1981) and *In re Kellogg, Brown, & Root, Inc.,* 756 F.3d 754, 760 (D.C. Cir. 2014)). In *Kellogg, Brown, & Root, Inc.*, Judge Kavanagh explained that "the primary purpose test, sensibly and properly applied, cannot and does not draw a rigid distinction between a legal purpose on the one hand and a business purpose on the other. After all trying to find *the* one primary purpose for a communication motivated by two sometimes overlapping purposes (one legal and one business, for example) can be an inherently impossible task." *In re Kellogg Brown & Root, Inc.*, 756 F.3d at 759. *See also Ramb v. Paramatma*, No. 2:19-CV-21-RWS, 2021 WL 5038756, at *3 (N.D. Ga. Sept. 22, 2021) ("In determining whether privilege applies, the Court employs the "primary purpose test" and asks whether **"**obtaining or providing legal advice [was] *a* primary purpose of the communication, meaning one of the significant purposes of the communication?") *(emphasis in original); *Meade v. Gen. Motors, LLC*, 250 F. Supp. 3d 1387, 1391 (N.D. Ga. 2017) ("If one of the primary purposes of the communication is to seek legal advice, then the attorney-client privilege attaches.). As noted, CorrectHealth must be afforded he opportunity to present evidence regarding the documents' purposes.

Finally, we raise a similar point in response to the letter's argument that the documents CorrectHealth has withheld cannot, as a matter of law, be protected by the attorney work product doctrine. However, courts in the Eleventh Circuit routinely hold that dual-purpose documents can be protected work product.  *See,*

2

*e.g., Bibby*, 165 F. Supp. 3d at 1324 ("Courts now readily acknowledge that dual-purpose documents that have both a litigation and non-litigation purpose (or purposes) may still be entitled to [work product] protection."); *Spirit Master Funding, LLC v. Pike Nurseries Acquisition, LLC*, 287 F.R.D. 680, 686 (N.D. Ga. 2012) ("[D]ual purpose documents may be protected even though a nonlitigation purpose can also be ascertained.") (quoting 8 Wright, Miller, and Marcus, Federal Practice & Procedure § 2024 (2012)).

We look forward to the opportunity to confer with you regarding CorrectHealth's privilege claims. We are available for an in-person or telephonic conference any day next week except for Thursday morning and Friday.

Sincerely,

Carlton E. Joyce

CEJ/jfk
cc: Stacy Scott, Esq.
    Gary McGinty, Esq.