IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| JESSICA HODGES, as natural Guardian of minor children, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case Number: cv422-067 |
| CHATHAM COUNTY, GEORGIA; CORRECTHEALTH LLC; CORRECTHEALTH CHATHAM, LLC; CARLO MUSSO, MD; KAREN FORCHETTE; TERENCE JACKSON; DON WHITE; KARLOS MANNING; YVETTE BETHEL-QUINNEY; And JACKIE HARNED; | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**MOTION TO PLACE UNDER SEAL EXHIBIT 2 AND PAGES 10-22 OF EXHIBIT 3 TO PLAINTIFFS' MOTION TO COMPEL**

COME NOW Chatham County, Georgia, Don White, and Karlos Manning (collectively "County Defendants") Defendants in the above action, and respectfully request permission to have Exhibit 2 (Doc 77-5) and pages 10-22 of Exhibit 3 (Doc 77-6) to Plaintiff's motion to Compel [Doc 77-2] placed under seal.

As stated in County Defendants' letter to the Court on December 12, 2022 and Motion to Quash filed on December 12, 2022 (doc 68) the report of Dr. Kenneth A. Ray and COCHS (Community Oriented Correctional Health Services)

1

report were inadvertently provided in response to an open records act request. However, the report of Dr. Ray was work-product privileged documents compiled and/or prepared by in furtherance of his roles as litigation consultant on behalf of the County Attorney. Dr. Ray was acting as the County Attorney representative and reviewed facts in medical records, the representative's opinion concerning mental impressions conclusive legal theories are privileged. Additionally, as shown by the watermark on the report of COCHS, those documents were clearly intended to be work product. These documents were also listed in the privilege log and is the subject of the motion to compel, as they are the documents being presented for ex parte review by this Judge.

    As mandated by Rule 26(b)(3), County Defendants are not required to produce the work-product privilege documentation in their possession without a sufficient showing by Plaintiff that it "has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means".

    Additionally, in Dr. Ray's role as litigation consultant, the investigative and claims records maintained by Dr. Ray constitutes a part of The County Attorney's consistent need to have a litigation consultant inspect the jail and ensure compliance and improve the health measures and prepare fully for any possible litigation.

Accordingly, County Defendants are requesting that the documents be placed under seal.

## Argument and Citation of Authority

Local Rule 79.7 governs the procedures required for a party to request that documents be filed under seal. While there is a right to access, inspect and copy public records, the right of access can be overcome and documents sealed by a showing of good cause.

Statements and other tangible items of evidence developed by one party in preparation for litigation are discoverable by the other party only in carefully limited circumstances." Ga. Intl. Life Ins. Co. v. Boney, 139 Ga.App. 575, 580–581(3), 228 S.E.2d 731 (1976). The party seeking the trial preparation material must affirmatively show "a substantial need for the evidence and that undue hardship will result should the seeking party be required to develop the evidence by other means." McKinnon v. Smock, 264 Ga. 375, 376(2), 445 S.E.2d 526 (1994). The trial court then may order the production of the material "following an in camera examination to ensure against disclosure of mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." (Citations and punctuation omitted.) Id. This complex and fact-intensive process differs substantially from the analysis required for a claim of attorney-client privilege, which is narrowly construed, Tenet

3

Healthcare Corp. v. Louisiana Forum Corp., 273 Ga. 206, 208, 538 S.E.2d 441 (2000), and places the burden on the party asserting it to establish its applicability. Zielinski v. Clorox Co., 270 Ga. 38, 40(2), 504 S.E.2d 683 (1998).

The Eleventh Circuit is clear that the right of access is not absolute and can be set aside when good cause exists to prevent access. Callahan v United Network for Organ Sharing, 17 F.4th 1356, 1363 (11th Cir. 2021).

Here Exhibit 2 and portions of Exhibit 3 are documents that were inadvertently produced to Plaintiff and clearly work product and protected by attorney client privilege. These documents were also listed in the privilege log and is the subject of the motion to compel, as they are the documents being presented for ex parte review by this Judge.

This 20th day of January, 2023.

/s/ R. Jonathan Hart
**R. JONATHAN HART**
State Bar No. 333692
Andre Pretorius
Andre Pretorius
State Bar No. 298154

P. O. Box 8161
Savannah, GA  31412
T: (912) 652-7881
F: (912) 652-7887
Email: rjhart@chathamcounty.org
anpretorius@chathamcounty.org

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on all counsel of record and filed electronically with the Clerk of Court's CM/ECF system.

This 20th day of January, 2023.

<u>Andre Pretorius</u>
Andre Pretorius
Assistant County Attorney
State Bar No. 298154

P. O. Box 8161
Savannah, GA  31412
(912) 652-7881