UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| JESSICA HODGES, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case Number: 4:22-cv-00067-WTM-CLR |
| vs. ) | |
| ) | |
| CHATHAM COUNTY, GEORGIA, et al. ) | |
| ) | |
| Defendants. ) | |

# EXHIBIT 7

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| JESSICA HODGES, as natural guardian of minor children, ███████████ ███████████ ; and ESTATE OF LEE MICHAEL CREELY by and through Warren Ratchford, Esq. its Administrator,<br><br>Plaintiffs,<br><br>vs.<br><br>CHATHAM COUNTY, GEORGIA; CORRECTHEALTH LLC; CORRECTHEALTH CHATHAM, LLC; CARLO MUSSO, MD; KAREN FORCHETTE; ALFRED NEVELS; SELENA CARDONA; TEANNA FRANCES-HENDERSON; TERENCE JACKSON; DON WHITE; KARLOS MANNING; YVETTE BETHEL-QUINNEY; LOWRETTA FLORENCE; AMBER ANDERSON; JACKIE HARNED; SUSAN RIVERA; and LOUKISHA ROBERTS,<br><br>Defendants. | Case Number: cv422-067 |

**DEFENDANTS CHATHAM COUNTY, GEORGIA, ALFRED NEVELS, DON WHITE AND KARLOS MANNING'S RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

NOW COME Defendants, Chatham County, Georgia, Alfred Nevels, Don White and Karlos Manning ("County") and submits its responses and objections to Plaintiff's First Request for Production of Documents as follows:

**GENERAL OBJECTIONS**

County objects to any request that calls for information protected from disclosure by the attorney-client privilege and work product doctrine.

1. All records of incident reports, disciplinary reports, use of force reports, memos or emails relating to Mr. Creely, including but not limited to information reports.

**RESPONSE: Attached.**

2. All documents, log entries, unit logs or individual officer records relating to cell checks or rounds from April 9, 2018 to September 7, 2020 for all living units on which Mr. Creely was housed.

**RESPONSE: Attached.**

3. All medical and mental health records for Mr. Creely from April 9, 2018 to September 7, 2020.

**RESPONSE: Attached are copies of medical reports in possession of County Defendants. Remaining medical and mental health records for Mr. Creely will need to be obtained from CorrectHealth.**

4. All information reports relating to Mr. Creely from April 9, 2018 to September 7, 2020.

**RESPONSE: See attached IA report and IA report with additional findings.**

5. All information reports relating to Mr. Creely's death.

**RESPONSE: In addition to documents provided in response to request number 1 above, see attached autopsy report.**

6. All information reports relating to Mr. Creely.

**RESPONSE::** See documents provided in response to numbers 4 and 5 above.

7. All records relating to security staffing at the Jail, by shift, from April 9, 2018 to September 7, 2020.

**RESPONSE:** County Defendants object to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, in part, because it seeks documents which may arguably be irrelevant.

8. All documentation on the amount of money spent on overtime for security staffing at the jail, per month, at the jail from April 9, 2018 to September 7, 2020.

**RESPONSE:** County Defendants object to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, in part, because it seeks documents which may arguably be irrelevant.

9. All documents relating to the death of any person detained in the Jail (whether death occurred at the Jail or afterwards, at a hospital), from January 1, 2015 through December 31, 2020.

**RESPONSE:** Attached is a report up through November 2020. An updated report through December 31, 2020 have been requested and will be provided by supplemental response.

10. Any administrative review, mortality or morbidity investigation or review, psychological autopsy, or similar, relating to Mr. Creely's death.

**RESPONSE:** Documents in possession of County Defendants already provided above.

11. All copies and drafts of the documents described in No. 10.

**RESPONSE:** None other than already provided.

12. Any administrative review, mortality or morbidity investigation or review, psychological autopsy, or similar, relating to any detainee death from January 1, 2010 through December 31, 2020.

**RESPONSE: County Defendants object to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, in part because the documents requested are for a ten-year span of time which may arguably be irrelevant.**

**Subject to, and without waiving the foregoing objections, if Plaintiffs will narrow their request, Chatham County Defendants will produce any non-privileged documents in their possession that are responsive to this request.**

13. Every index of all policies or procedures in effect at the Jail as of (1) April 9, 2018, (2) September 3, 2020, and (3) at present.

**RESPONSE: The Chatham County Sheriff's Office does not maintain an index of all policies or procedures at the Jail.**

14. Every policy or procedure in effect at the Jail as of (1) April 9, 2018, (2) September 3, 2020, and (3) at present.

**RESPONSE: County Defendants object to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, in part because the Chatham County Sheriff's Office has over 190 policies, which may arguably be irrelevant. Subject to, and without waiving the foregoing objections, attached are policies County Defendants believe are relative to this matter. By way of further response, if Plaintiff will narrow their request and provide a general search**

term, policy number or title, Chatham County Defendants will attempt to provide the requested documents.

15. All grievances and all requests for medical or mental health services or other services from Mr. Creely between April 9, 2018 and September 7, 2020.

**RESPONSE: None in possession of County Defendants. Documents can be obtained from CorrectHealth.**

16. Documentation of all out of cell time, whether for shower, hall time, recreation, etc., for Mr. Creely during his time in the Jail.

**RESPONSE: County Defendants object to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, in part because Mr. Creely has been incarcerated on more than one occasion. Subject to, and without waiving the foregoing objections, County has requested the documents for Plaintiff's incarceration in the year 2020 and will be provided upon receipt.**

17. All records of any training for Jail staff on dealing with detained people withdrawing from drugs from January 1, 2016 through December 31, 2020.

**RESPONSE: County Defendants object to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, in part because Plaintiffs are requesting ALL records of ANY training for Jail Staff from January 2016 through December 31, 2020. The Chatham County Sheriff's Office has employed enumerable jail staff personnel for that four year period of time. Additionally, County Defendants are not able to search for training records for jail

staff based on people withdrawing from drugs. By way of further response, attached are jail staff general training records related to staff involved with Mr. Creely. Subject to, and without waiving the foregoing objections, if Plaintiffs will narrow their request County will attempt to provide additional documents.

18. All records of any training for Jail staff on dealing with detained people overdosing on drugs from January 1, 2016 through December 31, 2020.

**RESPONSE: County Defendants object to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, in part because Plaintiffs are requesting ALL records of ANY training for Jail Staff from January 2016 through December 31, 2020. The Chatham County Sheriff's Office has employed enumerable jail staff personnel for that four year period of time. Additionally, County Defendants are not able to search for training records for jail staff based on people overdosing on drugs. Subject to, and without waiving the foregoing objections, if Plaintiffs will narrow their request County will attempt to provide the requested documents.**

19. All records of any training for jail staff on dealing with mentally ill inmates from January 1, 2016 through December 31, 2020.

**RESPONSE: County Defendants object to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, in part because Plaintiffs are requesting ALL records of ANY training for Jail Staff from January 2016 through December 31, 2020. The Chatham County Sheriff's Office has employed enumerable jail staff personnel for that four year period of**

time. Additionally, County Defendants are not able to search for training records for jail staff based on mentally ill inmates.

Subject to, and without waiving the foregoing objections, if Plaintiffs will narrow their request County will attempt to provide the requested documents.

20.  Any and all contracts, interagency agreements or other formal arrangements, including with any third parties, to provide medical services and/or mental health services to detainees in the Jail that were in force on (1) April 9, 2018, (2) September 3, 2020, and (3) at present.

**RESPONSE: Attached.**

21.  All reviews, audits, annual reports, technical assistance reports, evaluations, assessments, and/or grand jury reports relating to the Jail or on any major components of the Jail (medical services or mental health services, for example) from January 1, 2016 through December 31, 2020.

**RESPONSE: County Defendants object to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.**

22.  All unit logs for any unit on which Mr. Creely was housed, from April 9, 2018 to September 7, 2020.

**RESPONSE: County Defendants object to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, in part because Mr. Creely has been incarcerated on more than one occasion and the log books are all handwritten. Subject to, and without waiving the**

foregoing objections, log books for Mr. Creely's 2020 incarceration has previously been provided.

23. All booking and/or intake and classification documents for Mr. Creely for April 9, 2018 to September 7, 2020.

**RESPONSE: Attached are booking and intake documents for Creely's 2020 incarceration.**

24. All documents relating to which cells and dorms Mr. Creely was housed in from April 9, 2018 to September 7, 2020.

**RESPONSE: See documents in response to number 23 above.**

25. The names and booking documents for all people detained on housing areas in which Mr. Creely was placed.

**RESPONSE: County Defendants object to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, in part because Mr. Creely has been incarcerated on more than one occasion and the prior incarceration dates are arguably be irrelevant. By way of further response, documents have been requested and will be provided by supplemental response.**

26. Any and all documents relating to or reflecting the organizational structure of the Jail in effect from January 1, 2016, through December 31, 2020, including administration, medical and security positions, chain of command, and relationship and communication between various departments and facilities.

**RESPONSE Attached.**

27. Any and all bills for medical service provided to Mr. Creely by an outside hospital, medical provider, or emergency medical service or transport between April 9, 2018 and September 7, 2020.

**RESPONSE: None known to County.**

28. Any and all reports, reviews, audits, investigations of any and all facilities comprising the Jail within the last five years including but not limited to:

   a. All letters of finding issued by the Department of Justice (DOJ);

   b. All reviews, investigations, and/or letters of finding by the Department of Homeland Security;

   c. All reviews, audits, and/or technical assistance reports issued by the National Institute of Corrections (NIC);

   d. All reviews, audits, inspections, and/or correspondence regarding same by the Georgia State Department of Public Safety and Corrections (DOC);

   e. All reviews, audits, inspections, and/or accreditation reports by the National Commission on Correctional Health Care (NCCHC).

   f. All reviews, audits, inspections, and/or accreditation reports by the American Correctional Association (ACA);

   g. All inspections, reports, correspondence, and/or citations by the Georgia State Fire Marshal;

**RESPONSE: County Defendants object to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, in part, because it seeks documents from the Georgia State Fire Marshall and therefore are equally accessible to plaintiffs through means other than these requests. Chatham County Defendants further state that they are not withholding any documents based on the foregoing objections.**

 h. All reviews, audits, inspections, and/or accreditation reports by the Medical Association of Georgia;

 **RESPONSE: None in possession of County Defendants. Documents will need to be requested from CorrectHealth.**

 i. All reviews, audits, inspections, and/or accreditation reports by any agency or entity.

**RESPONSE: Accreditation reports in possession of County Defendants previously provided.**

29. Any and all video footage or photographs taken of Mr. Creely at the Jail.

**RESPONSE: Attached.**

30. Any and all documents relating to policy, procedure and practice for routing people detained in the Jail to the hospital or any other provider for outside medical care.

**RESPONSE: Previously provided in response to request number 14 above.**

31. Any and all locations of video cameras in any and all locations where Mr. Creely was housed, located, and/or was placed in restraints, including dormitories, tiers, interlocks, cells, building lobbies and hallways from April 9, 2018 to September 7, 2020.

**RESPONSE: County Defendants object to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, in part because there are over 1,000 cameras in the facility and 50 plus cameras in just one unit alone. Additionally, Mr. Creely has been incarcerated on more than one occasion and the prior incarceration dates are arguably irrelevant. By way of further response, if there is a way to release the schematics without compromising the security of the facility, the information will be provided.**

This 2ᵈ day of June, 2022.

/s/ R. Jonathan Hart
R. Jonathan Hart
County Attorney
State Bar No. 333692
Andre Pretorius
Andre Pretorius
State Bar No. 298154

Chatham County Attorney's Office
P.O. Box 8161
Savannah, GA 31412
T: (912) 652-7881
rjhart@chathamcounty.org
anpretorius@chathamcounty.org