UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| JESSICA HODGES, as natural guardian of minor children, L.C. and D.C, and ESTATE OF LEE MICHAEL CREELY, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CV422-067 |
| CHATHAM COUNTY, GEORGIA, *et al.*, | ) ) ) | |
| Defendants. | ) | |

## ORDER

Currently before the Court are Plaintiffs' Motion to Seal, doc. 89, and Defendant CorrectHealth's Motion to File Under Seal, doc. 93. Both Motions to Seal are unopposed. *See generally* docket; *see also* S.D. Ga. L. Civ. R. 7.5 ("Failure to respond within [fourteen days] shall indicate that there is no opposition to a motion.").

The Eleventh Circuit has explained that "[t]he operations of the courts and the judicial conduct of judges are matters of utmost public concern and the common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." *Romero v. Drummond Co.,* 480 F.3d 1234,

1

1245 (11th Cir. 2007) (internal quotation marks omitted) (quoting *Landmark Commc'ns, Inc. v. Virginia*, 435 U.S. 829, 839 (1978), and *Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001)). "[T]he common-law right of access includes the right to inspect and copy public records and documents." *Chi. Tribune Co.*, 263 F.3d at 1311 (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (referencing specifically the right to inspect and copy "judicial records and documents.")). "A motion that is presented to the court to invoke its powers or affect its decisions, whether or not characterized as dispositive, is subject to the public right of access." *Romero*, 480 F.3d at 1246 (internal quotation marks and citation omitted).

The Eleventh Circuit recently reaffirmed that the public right of access is presumed for "judicial records," which include "documents filed with pretrial motions that require judicial resolution of the merits of an action." *Callahan v. United Network for Organ Sharing*, 17 F.4th 1356, 1363 (11th Cir. 2021) (internal citation and quotations omitted); *see also id.* ("What matters is how the document was used by the parties—to support an argument before the court—and not whether the court itself used the document to resolve that argument.").

A party seeking to seal judicial records can overcome the common-law right of access by a showing of good cause. *Callahan*, 17 F.4th at 1363. A good cause determination "requires balancing the asserted right of access against the other party's interest in keeping the information confidential." *Romero*, 480 F.3d at 1246 (internal quotation marks and alterations omitted) (quoting *Chi. Tribune Co.*, 263 F.3d at 1309). In weighing these competing interests, the Court considers "a number of important questions," which the Eleventh Circuit discussed in *Callahan*:

> [W]hether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents. Concerns about trade secrets or other proprietary information, for example, can overcome the public interest in access to judicial documents. Indeed, a court should consider whether the records are sought for such illegitimate purposes as to promote public scandal or gain unfair commercial advantage.

*Callahan*, 17 F.4th at 1363 (internal quotation marks and citations omitted). The decision of whether good cause exists rests with the sound discretion of the district court, is based on the "nature and character of the information in question," and "should be informed by a sensitive appreciation of the circumstances that led to the production of the

3

particular document in question." *Chi. Tribune Co.*, 263 F.3d at 1311 (quoting *Nixon*, 435 U.S. at 603) (internal quotation marks and alterations omitted), 1315.

Plaintiffs' Motion to Seal seeks leave to file under seal "Exhibit 2 to Plaintiffs' Motion to Compel and Memorandum in Support to Defendants Chatham County, Georgia, Don White and Karlos Manning." Doc. 89 at 1. Plaintiffs' Motion to Compel explains that Exhibit 2 contains "12 reports by independent monitors" which are being provided to the Court for an *in camera* inspection. Doc. 88 at 2, n. 4. Review of the Motion to Compel shows that at least a portion of the parties' discovery dispute centers on whether the reports are privileged. *See, e.g.*, doc. 88 at 9. Pending a determination on that issue, good cause exists to maintain Exhibit 2 under seal. Plaintiff's Motion to Seal is, therefore, **GRANTED**. Doc. 89. The Clerk is **DIRECTED** to file Exhibit 2 to Plaintiffs' Motion to Compel, doc. 88, **UNDER SEAL** and maintain that exhibit under seal until further Order of this Court.

Defendant CorrectHealth seeks leave to file a redacted version of the Declaration of Stacy Scott, Esq., as Exhibit A to its Opposition to Plaintiffs' Motion to Compel, "in order to protect the confidentiality of the

information until such time as the Court has ruled on the discoverability of the information." Doc. 93 at 1. It asserts that "[t]he only portions of the Declaration that are redacted are those that include information that CorrectHealth is contending is privileged." *Id.* Pending a determination on the relevant Motion to Compel, CorrectHealth has demonstrated the requisite good cause to maintain the unredacted version of the Declaration under seal. Therefore, its Motion to Seal is **GRANTED**. Doc. 93. The Clerk is **DIRECTED** to maintain the unredacted version of Exhibit A to Defendant CorrectHealth's Opposition to Plaintiffs' Motion to Compel **UNDER SEAL** until further Order of this Court. The Clerk is further **DIRECTED** to re-docket doc. 93-1, the redacted version of the Declaration, as Exhibit A to CorrectHealth's Opposition to Plaintiffs' Motion to Compel, doc. 92.

    **SO ORDERED** this 16th day of March, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA