**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | | |
|---|---|---|
| JESSICA HODGES, *et al.* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CAFN: 4:22-cv-00067 |
| | ) | |
| CHATHAM COUNTY, GEORGIA, | ) | |
| *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**JOINT MOTION FOR SETTLEMENT CONFERENCE AND TEMPORARY STAY**

COME NOW Plaintiffs Jessica Hodges as natural guardian of minor children, L.C. and D.C., and Estate of Lee Michael Creely, by and through Warren Ratchford, its Administrator ("Plaintiffs") and Defendants Chatham County, Georgia, Don White, Karlos Manning, Yvette Bethel-Quinney, CorrectHealth, LLC, CorrectHealth Chatham, LLC, Carlo Musso, MD, Karen Forchette, and Jackie Harned ("Defendants") (collectively, the "parties") and hereby submit this Joint Motion for Settlement Conference and Temporary Stay, showing this Honorable Court the following:

**Factual and Procedural Background**

This is a complex, fact intensive case arising from the death of Lee Michael Creely at the Chatham County Detention Center (CCDC). *See generally* doc. 8-1. Mr. Creely was booked into the CCDC on September 3, 2020. *Id.* Three days later, on September 6, 2020, Mr. Creely died of fentanyl overdose. *Id.* As a result, Plaintiffs brought this action seeking damages for alleged constitutional violations under 42 U.S.C. § 1983. *Id.*

There have been two stays of all litigation activity while the Court addressed various discovery disputes. *See* doc. 98 p. 40 and doc. 120 p. 18. The most recent stay was lifted in July.

Doc. 120 p. 18. Since that time, the parties have been operating under an Amended Scheduling

Order which required, in part, that fact discovery be completed by October 31, 2024, that expert

discovery be completed by February 28, 2025, and that motions be submitted by April 14, 2025.

Doc. 122. However, the parties have agreed to attempt mediation before embarking on the next

phase of litigation and, as discussed below, now seek a temporary stay of the current deadlines.

## Argument and Citation to Authority

Parties and counsel "cannot unilaterally alter discovery deadlines set by order of the

Court." *Green v. COSCO Shipping Lines Co. Ltd.*, CV420-091, 2021 WL 864766, at *3 (S.D. Ga.

Mar. 8, 2021), *report and recommendation adopted*, CV420-091, 2021 WL 1962567 (S.D. Ga.

May 17, 2021). "They must ask for and receive permission." *Id.* And the Court has broad discretion

to "determine whether to modify case deadlines and exercise its managerial power to maintain

control over its docket." *Winn v. Screven Gin Co., Inc.*, CV 621-091, 2023 WL 10858772, at *1

(S.D. Ga. Apr. 21, 2023) (citations and punctuation omitted); *see also Sosa v. Airprint Sys. Inc.*,

133 F.3d 1417, 1418 (11th Cir. 1998) (*per curiam*) (recognizing scheduling orders control case

progression but court has discretion to modify upon showing of good cause).

Here, the parties have not treated deadlines as aspirational, and they have diligently worked

to comply with the Court's Scheduling Orders. Having completed the vast majority of factual

discovery, the parties seek a brief stay in order to give them an opportunity to attempt settlement.

To this end, the parties respectfully request an in-person Settlement Conference with The

Honorable Christopher L. Ray. Per the Court's Standard Procedures, the parties have identified

the following four (4) mutually agreeable dates for that Settlement Conference to take place:

December 9, 2024
December 10, 2024
December 16, 2024
December 18, 2024

These dates fall no later than two (2) months from the date this Motion is filed, as required by the

Court's Standard Procedures. If the Court is unavailable on the above-mentioned dates, the parties

will work with the Court's Deputy Clerk to promptly find an agreeable date.

As set forth above, and in the interest of judicial economy and efficiency, the parties

respectfully request a brief stay of all remaining and pending deadlines until the completion of the

mediation (if the case is not resolved).  In requesting this stay, the parties recognize the Court's

previously-expressed "expectation that the parties will not need an extension of [the current]

deadlines" and that, to obtain an extension, the parties must make "a specific showing of what the

parties have accomplished to date in discovery, what remains to be accomplished, and why the

parties have not been able to meet the Court's deadlines." Doc. 122. That specific showing follows.

To date, the parties have completed all written discovery – which involved thousands of

pages of party and nonparty document production – and have participated in numerous depositions.

Indeed, all party and fact witness depositions (35 in total) have been completed or were scheduled

to be completed by October 31, in accordance with the Court's most recent Scheduling Order (doc.

122). But a few depositions remain to be completed due to unforeseen obstacles (and despite the

parties' diligence and close collaboration when addressing scheduling issues). Specifically, the

parties were forced to reschedule depositions because of (a) the effects of Hurricane Helene (which

resulted in the loss of power for as long as seven days for several of the undersigned attorneys);

(b) the active political campaigns for one of the County's attorneys, Andre Pretorious, and Sheriff

Wilcher, an essential fact witness in this case; and (c) a serious medical emergency and subsequent

hospitalization of Sheriff Wilcher.

Despite those issues, the parties were able to complete various fact witness depositions

(with several remaining), dismiss parties, and enter into stipulations – including a stipulation as to

the cause of Mr. Creely's death – to further streamline the issues. If the case is not resolved at mediation, significant expert discovery will remain. Specifically, the parties anticipate disclosing at least seven experts, three by Plaintiffs and four by Defendants. Following the submission of expert reports and expert depositions, extensive dispositive motions practice will follow. The parties also expect *Daubert* motions and substantive motions in limine. In sum, the parties all agree that significant judicial resources would be saved by attempting mediation at this juncture.

## Conclusion

Accordingly, in light of the above-discussed issues and given the recent agreement to mediate, the parties jointly submit that good cause exists to initiate a brief stay of the remaining deadlines. If the efforts to resolve the case at the Settlement Conference are unsuccessful, the parties would complete discovery in a cooperative, timely, and efficient manner.

The parties appreciate the Court's consideration of this request, and they can be available for a telephone conference if the Court seeks additional information regarding the status of discovery or any other issue raised in this Motion.

A proposed Order is attached for the Court's consideration.

*[Signature page follows.]*

Dated: October 30, 2024

/s/ David J. Utter
David J. Utter
Ga. Bar Number: 723144
William R. Claiborne
Ga. Bar Number: 126363
THE CLAIBORNE FIRM, P.C.
410 East Bay Street
Savannah, Georgia 31401
(912) 236-9559 Telephone
david@clairbornefirm.com
will@claibornefirm.com
*Attorneys for Plaintiffs*

/s/ Andre Pretorius
R. Jonathan Hart
Ga. Bar Number: 333692
Andre Pretorius
Ga. Bar Number: 298154
CHATHAM COUNTY ATTORNEY
OFFICE
24 Bull Street
Room 230
Savannah, Georgia 31401
(912) 652-7881 Telephone
rjhart@chathamcounty.org
anpretorius@chathamcounty.org
*Attorneys for Defendants Chatham County,*
*Georgia, Don White, and Karlos Manning*

/s/ Gary J. McGinty
Carlton E. Joyce
Ga. Bar Number: 405515
Gary J. McGinty
Ga. Bar Number: 602353
BOUHAN FALLIGANT LLP
One West Park Avenue
Savannah, Georgia 31401
(912) 644-5754 Telephone
cejoyce@bouhan.com
gmcginty@bouhan.com
Attorneys for Defendants CorrectHealth
LLC, CorrectHealth Chatham, LLC, Carlo
Musso, M.D., Karen Forchette, and Jackie
Harned

/s/ Benjamin M. Perkins
Benjamin M. Perkins
Ga. Bar Number: 140997
William C. Phillips
Ga. Bar Number: 552370
OLIVER MANER LLP
218 West State Street
Savannah, Georgia 31401
(912) 236-3311 Telephone
bperkins@olivermaner.com
wphillips@olivermaner.com
*Attorneys for Defendants Yvette Bethel-*
*Quinney and Terence Jackson*

5

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on all

counsel of record via the Court's CM/ECF system.


Dated: October 30, 2024


> */s/ Gary J. McGinty*
> Carlton E. Joyce
> Ga. Bar Number: 405515
> Gary J. McGinty
> Ga. Bar Number: 602353
> BOUHAN FALLIGANT LLP
> One West Park Avenue
> Savannah, Georgia 31401
> (912) 644-5754 Telephone
> cejoyce@bouhan.com
> gmcginty@bouhan.com
> *Attorneys for Defendants CorrectHealth LLC,*
> *CorrectHealth Chatham, LLC, Carlo Musso, M.D., Karen*
> *Forchette, and Jackie Harned*